

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

April 30, 2021

Eric A. Prager

**T 212.503.9813**
**F 212.307.5598**
EAPrager@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter Jr.
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: May 3, 2021

    Re:  *Hedgeye Risk Management, LLC v. Dale*, No. 1:21-cv-3687 (ALC)
          **Request to Seal Documents**

Dear Judge Carter:

**MEMO ENDORSED**

    We represent Hedgeye Risk Management, LLC ("Hedgeye") in the above captioned matter. Pursuant to Section 6.D of Your Honor's Individual Practices and Section 6 of the SDNY ECF Rules and Instructions, we write to request that the following documents be filed under seal:

- May 30, 2021 Declaration of Daryl Jones ("Jones II Decl.") in support of Hedgeye's Motion for Finding of Contempt

    The Jones Decl. contains a detailed analysis of Hedgeye's trade secret and confidential information, showing that Defendant Darius Dale has been using Hedgeye's trade secret and confidential information in violation of this Court's TRO. The analysis itself reveals how Hedgeye's trade secret and confidential models work, which is extremely confidential and proprietary to Hedgeye. *See* Jones II Decl., ¶ 19.

    "Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). This Court and others in this Circuit routinely seal documents containing confidential and alleged trade secret information. *See*, *e.g.*, *Ramirez v. Temin & Co.*, No. 20 Civ. 6258, 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020); *ValveTech, Inc. v. Aerojet Rocketdyne, Inc.*, No. 17-CV-6788-FPG, 2019 WL 4688737, at *6 (W.D.N.Y. Sept. 26, 2019); *L.I. City Ventures v. Urban Compass, Inc.*, No. 18 Civ. 5853 (PGG), 2019 WL 234030, at *2 n.2 (S.D.N.Y. Jan. 16, 2019).

    Hedgeye has established that its proprietary files contain confidential information and constitute trade secrets. *See* ECF No. 8, at ¶¶ 2-9. The April 30 Jones Declaration contains



information about the data and formulas which make up Hedgeye's trade secrets and such information is, itself, a trade secret. Jones II Decl. ¶ 19. The explanation as to how Hedgeye's models work is extremely confidential and proprietary to Hedgeye, and has been disclosed on the express assumption and condition that the information will not be publicly disclosed. *Id.* Moreover, Hedgeye's proprietary systems provide Hedgeye's competitive edge in the marketplace and Hedgeye's systems retain their value through their secrecy. *Id.* Public disclosure of the information contained in the Jones II Decl. will reveal Hedgeye's confidential and trade secret information, resulting in irreparable harm to Hedgeye. *Id.*

Accordingly, Hedgeye requests that the above listed information be filed under seal. In accordance with the Court's Individual Practices, a redacted version of the document to be filed under seal are attached hereto as follows:

| Document Sought to Be Sealed | Redacted Version Attached to This Letter |
|---|---|
| Jones II Decl. ¶ 12(a)-(m); ¶ 13(a)-(g) | Exhibit A |

Thank you for your kind consideration.

Respectfully submitted,

Eric A. Prager

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

May 3, 2021