USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: May 27, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HEDGEYE RISK MANAGEMENT, LLC, | : | |
| | : | No. 1:21-cv-03687-ALC |
| Plaintiff, | : | Judge Andrew L. Carter, Jr. |
| v. | : | |
| DARIUS DALE, | : | |
| | : | |
| Defendant. | : | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto (collectively, the "Parties" and individually a "Party"), through their undersigned counsel, that the following provisions of this Protective Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other materials and information disclosed or provided in the above-referenced action.

## CONFIDENTIALITY DESIGNATIONS

1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as Confidential or Highly Confidential — Attorneys' Eyes Only pursuant to this Protective Order, no person

subject to this Protective Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Protective Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as <u>Confidential</u> only the portion of such material that it reasonably and in good faith believes consists of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3. The Producing Party may designate as <u>Highly Confidential — Attorneys' Eyes Only</u> the portion of such material that it reasonably and in good faith believes consists of commercially sensitive information or items, disclosure of which to another Party or non-Party would create a substantial risk of competitive harm that could not be avoided by less restrictive means.

4. Hard Copy Documents. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility.

5. Electronically Produced Documents. When documents are produced in electronic form, the Receiving Party shall print and use electronic versions of documents in such a manner that the confidentiality designations are readily apparent to one viewing the file. The Receiving Party shall ensure that all copies of electronic documents that are used in depositions, hearings, filings, and otherwise are clearly designated with the appropriate confidentiality designations.

6. Native and/or Other Electronic Materials. All Discovery Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraphs 4 or 5 shall be designated by informing the Receiving Party of the designation in writing, by embedding the designation in the file name, and/or by providing the designation in the load file or other similar database, table or chart accompanying said production. To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

7. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" either by: (a) indicating on the record during the deposition that a question calls for information that is Confidential or Highly Confidential — Attorneys' Eyes Only, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "[Confidential or Highly Confidential — Attorneys' Eyes Only] Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential — Attorneys' Eyes Only.

8. The provisions of this Protective Order with respect to Confidential or Highly Confidential Discovery Material shall not apply to information that (a) was, is, or becomes

public knowledge without fault of the Receiving Party and not in violation of this Protective Order; (b) is lawfully acquired in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of it and under no obligation of confidentiality to the Producing Party; (c) was lawfully possessed by the Receiving Party prior to first receipt of the material from the Producing Party, provided such information was not received directly, or indirectly, from the Producing Party and/or covered by an applicable privilege or other protection from disclosure; (d) is discovered independently by the Receiving Party by means that do not constitute a violation of this Protective Order; or (e) was submitted to any governmental entity by the Producing Party without request for confidential treatment.

9. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with section 2(A) of this Court's Individual Practices.

## **LIMITATIONS ON DISCLOSURE**

10. Where a Producing Party has designated Discovery Material as <u>Confidential,</u> other persons subject to this Protective Order may disclose such information only to the following persons:

    a. the Parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers or document-management consultants) that counsel hire and assign to this matter;

d. any translators and interpreters, and professional jury or trial consultants, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and is not a current officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party, nor anticipated at the time of retention to become an officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party;

h. stenographers engaged to transcribe depositions the Parties conduct in this action; and

   i. this Court, including any appellate court, its support personnel, and court reporters.

 11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(e), 10(g), or 10(h) above, counsel must provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Protective Order and agrees to be bound by its terms.

 12. Where a Producing Party has designated Discovery Material as <u>Highly Confidential — Attorneys' Eyes Only</u>, other persons subject to this Protective Order may disclose such information only to the following persons:

  a. the outside counsel of record in this action for the party receiving the Discovery Material ("Receiving Party"), as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

  b. in-house counsel of a Party;

  c. this Court, including any appellate court, its support personnel, and court reporters;

  d. any persons identified in subparagraphs 10(c)-(e) and 10(h) to whom disclosure is reasonably necessary for this litigation and who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit;

  e. Experts or consultants of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation (2) who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit; and (3) if the Disclosing Party does not object within ten court days following a written request by the Receiving Party including:

      i.      the expert's full name and the city and state of his or her primary residence;

      ii.      a copy of the expert's current resume or curriculum vitae;

      iii.      an identification of each person or entity from whom the expert has received compensation or funding for work in his or her area of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years;

      iv.      an identification of each litigation in connection with which the expert has offered any testimony through a declaration or report or at a deposition or trial during the preceding ten years; and

      v.      an identification of the categories of Highly Confidential Information that the Receiving Party seeks permission to disclose to the expert.

13. Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with section 2(A) of this Court's Individual Practices.

14. Recipients of Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Protective

Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

## INADVERTENT OR IMPROPER DISCLOSURE

15. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential — Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Protective Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential — Attorneys' Eyes Only.

16. Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential — Attorneys' Eyes Only pursuant to this Protective Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. If any Discovery Material is improperly disclosed to any person other than in a manner authorized by this Protective Order, the Party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request

such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as an exhibit.

## PRIVILEGE AND WORK PRODUCT

19. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), if information subject to a claim of attorney-client privilege, work-product protection, or any other applicable claim of privilege or protection is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information. Upon request by the Producing Party, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. Nothing in this paragraph shall prejudice the right of any Party to seek discovery of communications, documents, and things to which a claim of privilege has been made.

20. Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable. Such materials shall be treated as attorney work product for the purposes of this case and Protective Order.

## COURT FILINGS

All Confidential Discovery Material filed with the Court pursuant to section 6(C) of this Court's Individual Practices, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.

## MISCELLANEOUS

21. Nothing in this Protective Order will prevent any Party from producing any Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. In the event a discovery request would require the production of any document or information that is subject to an obligation of confidentiality to a non-party, the Party that received the request shall disclose the existence of the requested documents or information to the requesting Party, but shall not be required to immediately produce the documents or information. Instead, the would-be Producing Party must provide the non-party with written notice as soon as reasonably possible. The notice must state that the requested documents or information will be produced subject to this Protective Order unless the non-party seeks a protective order from the Court within fifteen (15) calendar days of receiving notice. This Protective Order must be appended to the notice. The non-party may require the designation of the requested documents as Confidential or Highly Confidential — Attorneys' Eyes Only. If no protective order is sought by the non-party, the documents may be produced in response to a proper discovery request. Nothing in this Protective Order will relieve any party of any obligations of confidentiality or non-use that may have arisen by operation of law or by prior agreement.

# **FINAL DISPOSITION OF THIS ACTION**

22. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential — Attorneys' Eyes Only. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential — Attorneys' Eyes Only. Any such archival copies that contain or constitute Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material remain subject to this Protective Order.

23. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

Dated:                                                              Dated:

*/s/ Eric A. Prager*                                           */s/ Michelle N. Holmes*
                                                                         Michelle N. Holmes
VENABLE LLP                                            49 Leavenworth Street, Suite 200
Eric A. Prager                                                Waterbury, CT 06702
1270 Avenue of the Americas                        Tel: 203-596-1091
New York, NY 10020
Tel.: 212-307-5500                                         *Attorney for* Darius Dale
Fax: 212-307-5598
EAPrager@Venable.com

Thomas E. Wallerstein
(admitted pro hac vice)
101 California Street, Suite 3800
San Francisco, CA 94111
Tel: 415-653-3750
Fax: 415-653-3755
TWallerstein@Venable.com

*Attorneys for*
Hedgeye Risk Management, LLC


                                                                    **SO ORDERED**.

Dated: May 27, 2021                                    *[signature]*
                                                                    Honorable Andrew L. Carter, Jr.
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| HEDGEYE RISK MANAGEMENT, LLC, | : | |
| Plaintiff, | : | No. 1:21-cv-03687-ALC |
| v. | : | Judge Andrew L. Carter, Jr. |
| DARIUS DALE, | : | |
| Defendant. | : | |
| | : | |

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential — Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from which I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: