IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEDGEYE RISK MANAGEMENT, LLC, | Civil Action No. 1:21-cv-03687-ALC-RWL |
| Plaintiff, | |
| v. | |
| DARIUS DALE, | |
| Defendant. | |

### [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

This matter is before the Court upon the renewed motion for Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") for a preliminary injunction against Defendant Darius Dale ("Defendant"). The Court has considered the Complaint; the Declaration of Michael A. Blum (Dkt. 7), First Declaration of Daryl Jones (Dkt. 8) ("Jones I"), Second Declaration of Daryl Jones (Dkt. 24) ("Jones II"), Third Declaration of Daryl Jones (July 16, 2021) ("Jones III"), Declaration of Alisha Zhang (Dkt. 9), and Declaration of Thomas E. Wallerstein (July 16, 2021) (and exhibits thereto); the Memorandum of Law in Support of Plaintiff's Renewed Motion for Preliminary Injunction; any opposition papers timely submitted by Defendant; and the parties' oral argument.

The Court finds that Hedgeye is likely to succeed in establishing that it made confidential, proprietary, and trade secret information available to Defendant Darius Dale when

he was an employee of Hedgeye. The Blum, Jones I, Jones II, Jones III, and Zhang Declarations establish this. The Court finds that Hedgeye is likely to succeed in establishing that Defendant misappropriated that information by making copies of computer files that comprise and/or include that information and by using that information in his new business. The Jones I, Jones II, Jones III, and Zhang declarations establish this, as well as Defendant's June 15 deposition testimony. The Court finds that unless Defendant is enjoined from using and disclosing that information, Hedgeye is likely to suffer irreparable harm. The Court further finds that the balance of equities between the parties favors granting a preliminary injunction. Hedgeye is at risk of suffering significant and irreparable harm, whereas Defendant is free to do business without using Hedgeye's confidential and proprietary information. The Court finds that the issuance of a preliminary injunction is in the public interest because it is in the public interest to protect confidential and proprietary information and trade secrets.

IT IS HEREBY ORDERED that Hedgeye be granted a preliminary injunction as follows:

Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert and participation with any of them who receive notice directly or otherwise of this order are hereby enjoined through the judgment in this action as follows:

1. Defendant shall not use or disclose any trade secret or other confidential information obtained during his employment by Hedgeye, including specifically, but not limited to Hedgeye source files and client and subscriber contact information Defendant admitted to copying during his deposition on June 15, 2021;

2. Defendant shall preserve and forebear from accessing or in any way using any and all copies of any source files in his possession, custody, or control that were created prior to the date of this order;

3. Defendant shall preserve and forebear from accessing or in any way using any and all copies of any source files in his possession, custody, or control that were derived in any way from files that were created prior to the date of this order;

4. Defendant shall forebear from issuing or publishing any research or output files, whether publicly or privately to his clients or subscribers, derived from any files, in his possession custody, or control that were created prior to the date of this order;

5. Defendant shall remove from all circulation any files or reports derived from any source files;

6. Defendant shall provide access to his electronic devices, storage media, and cloud-based accounts that are capable of storing Hedgeye's confidential information to verify compliance with this order;

7. Defendant and his counsel shall preserve all source files and any other files associated with the business of 42 Macro as evidence in this case until further order of the Court.

**SO ORDERED.**

_____              _____
**Date**                                    **ANDREW L. CARTER, JR.**
**New York, New York**                      **United States District Judge**