UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HEDGEYE RISK MANAGEMENT, LLC, | : | No. 1:21-cv-03687-ALC-RWL |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DARIUS DALE, STEVEN LAMAR, and 42 MACRO, LLC | : | |
| Defendants. | : | |
| | : | |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT, SANCTIONS, AND PRELIMINARY INJUNCTION

This matter is before the Court upon the motion by Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") for contempt, sanctions and a preliminary injunction against Defendant Darius Dale. The Court has considered the Complaint; the Declaration of Michael A. Blum (Dkt. 7), First Declaration of Daryl Jones (Dkt. 8) ("Jones I"), Second Declaration of Daryl Jones (Dkt. 24) ("Jones II"), Third Declaration of Daryl Jones (Dkt. 63) ("Jones III"), Declaration of Alisha Zhang (Dkt. 9), and Declaration of Thomas E. Wallerstein (September 21, 2021) (and exhibits thereto); the Memorandum of Law in Support of Plaintiff's Motion for Sanctions, Contempt and Injunction; any opposition papers timely submitted by Mr. Dale; any reply papers timely submitted by Hedgeye; and the parties' oral argument.

The Court finds that Mr. Dale has made repeated misrepresentations to this Court, including in his oppositions to Hedgeye's initial motion for preliminary injunction, Hedgeye's

motion for contempt, and Hedgeye's renewed motion for preliminary injunction. Relying on those misrepresentations, the Court previously declined to enjoin Mr. Dale from continuing to operate 42 Macro using Derived Files, i.e. computer files that were derived from or represent a modified version of the Subject Files that Mr. Dale misappropriated from Hedgeye. Mr. Dale has now admitted to copying Bloomberg ticker symbols (i.e. inputs to the macroeconomic analysis software) and formulas (i.e. operators upon the inputs) from Hedgeye's source files into the files he has used to operate 42 Macro. He further admits to accessing those files up to and including in "early May 2021," when he deleted the files and at a time when he was prohibited from doing so by this Court's temporary restraining order.

The Court previously found that Hedgeye is likely to prevail on its misappropriation claims and that Hedgeye has established a likelihood of irreparable harm. In light of Mr. Dale's new admissions, the Court finds good cause to order a preliminary injunction enjoining Dale from use of all source models currently or previously used to operate his 42 Macro business.

IT IS HEREBY ORDERED as follows:

Defendant Darius Dale, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by him, and all those in active concert and participation with any of them who receive notice directly or otherwise of this Order are hereby enjoined through the final judgment in this action as follows:

1. Defendant shall preserve and forebear from accessing or in any way using any and all copies of any source files in his possession, custody, or control that were created prior to the date of this Order;

2. Defendant shall preserve and forebear from accessing or in any way using any and all copies of any source files in his possession, custody, or control that were derived in any way from files that were created prior to the date of this Order;

3. Defendant shall forebear from issuing or publishing any research or output files, whether publicly or privately to his clients or subscribers, derived from any files, in his possession custody, or control that were created prior to the date of this order;

4. Defendant shall remove from all circulation any files or reports derived from any source files referred to in paragraphs 1 and 2; and

5. Defendant and his counsel shall preserve all source files and any other files associated with the business of 42 Macro as evidence in this case until further order of the Court.

IT IS FURTHER ORDERED that:

1. Hedgeye has established liability on its misappropriation claims based on Mr. Dale's admissions that he has copied formulas directly from Hedgeye's Subject Files and that he has accessed those files after the TRO was in effect.

2. Hedgeye shall be entitled to take Mr. Dale's deposition for the full time allotted by Fed. R. Civ. P. 30 (without deduction for his prior deposition), and Hedgeye shall be entitled to serve up to 10 additional interrogatories (in addition to the 25 permitted by Fed. R. Civ. P. 33) upon Mr. Dale.

3. Mr. Dale is censured by this Court for his repeated misrepresentations to the Court.

4. Hedgeye shall be entitled to all reasonable attorneys' fees and costs incurred after its initial Motion for Preliminary Injunction, subject to a motion for such attorneys' fees and costs to be filed within 30 days of the date of this Order.

**SO ORDERED.**

_____                    _____
**Date**                                  **ANDREW L. CARTER, JR.**
**New York, New York**                    **United States District Judge**