```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/10/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,

                      Plaintiff,

        - against -

DARIUS DALE,

                      Defendant.
------------------------------------------------------------X

21-CV-3687 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves discovery issues raised by the parties at Dkt. 148-49, 154-55, 159.  Notwithstanding anything below, (1) the parties may still assert attorney-client or other privilege; (2) indication that an interrogatory answer is satisfactory does not mean that a party cannot inquire further at deposition.

**Hedgeye's Discovery Requests To Lamar**

1. The following directives are subject to the exception that Lamar need not produce any identical documents that already have been produced by Dale.

2. RFP 2:  The objections are overruled except that there needs to be a firm end-date.  The date of the requests, November 21, 2021, shall be the end date.

3. RFP 3:  The objections are overruled except to the extent the request is over-broad.  Personal communications having nothing to do with the claims or defenses of any party need not be produced.  Again, the end date shall be November 21, 2021.

4. RFP 5. 9, 12, 14:  The objections are overruled.

5. RFP 16: The objections are overruled.

**Hedgeye's Discovery Requests To Dale**

1. Interrogatory 1 (identification of storage devices):  Dale must provide an amended response that is not limited by the qualification "that might reasonably be expected to contain Hedgeye confidential information."  To be clear, the interrogatory requires only identification of said devices.

2. Interrogatory 14 and 15 (formulas): Dale's answer is satisfactory and need not be amended.

3. RFAs and Second Set of Interrogatories:  The objection regarding "source files" is sustained; Hedgeye must define "source files."  The objection that whether Hedgeye's information is or contains trade secrets calls for a legal conclusion is sustained.  The objection that whether 42 Macro's information is or contains trade secrets is irrelevant is sustained; the objection that such requests call for a legal conclusion is also sustained.  Dale thus need not amend his objections.

4. RFP 20 (third party source models): Dale has agreed to produce three exemplars. (Dkt. 154 at 3.)  This issue thus is moot.

5. Verifications:  The parties may provide verifications after objections have been resolved.

6. Document production:  Hedgeye states that it is evaluating Dale's production (Dkt. 149 at 3); accordingly, there is no ripe issue to resolve.

**Defendants' Requests To Hedgeye**

1. Dale Interrogatory 23:  Hedgeye's answer is satisfactory and need not be amended.

2. Lamar Interrogatories 1-3 & 6:  These contention interrogatories are premature and may be informed by expert discovery.  The answers as provided currently are

insufficient to the extent they seek to identify any trade secret information contained in 42 Macro source files as distinct from Hedgeye's claim that Defendants are liable for theft of trade secrets because they used Hedgeye's trade secrets in the process of formulating 42 Macro's models. *See* this Court's October 14, 2021 order at Paragraph 5.

3. Lamar Interrogatories 9 & 10: Hedgeye's answers are satisfactory at present but must be amended in the future to the extent Hedgeye later learns of any additional way or specific instance in which Defendant Dale breached the nonsolicitation provision or assignment of rights provision in his employment agreement.

4. Lamar RFP 1 (later versions of Hedgeye files): The objections are sustained.

5. Lamar RFP 3 (where Dale stored files): The objections are overruled as to the request as narrowed and described at Dkt. 155 at 2.

6. Lamar RFP 6 (what Hedgeye kept secret): The objections are overruled as to the request as narrowed and described at Dkt. 155 at 2 and further narrowed to communications or policy documents identifying types of information that were to be kept secret or private.

7. Dale RFP 35-37 (race): The objections to RFP 35 and 36 are overruled in part. Hedgeye must produce all communications among Hedgeye's top executives referencing the race of Dale or other employees. The objections to RFP 37 are overruled in part. Hedgeye must produce all documents referencing the events described in paragraph 10 of Dale's declaration dated May 18, 2021.

8. Dale RFP 38-39 (statements about Dale): Hedgeye represents that it has agreed to produce all statements made about Dale to third parties, disparaging or not, and

regardless of who made the statement.  (Dkt. 159 at 3.)  The issue therefore is moot.

9. Identification of Trade Secrets in Hard Copy Notebooks:  Hedgeye identifies four categories claimed as trade secrets.  (Dkt. 159 at 3.)  As to each: (1) "notebooks themselves" – Hedgeye must clarify whether this category refers to the totality of the notebooks as a whole or instead whether Hedgeye claims as a trade secret specific portions of the notebooks; if Hedgeye claims as a trade secret specific portions of the notebooks, it must identify those portions and provide a date certain to do so.  (2) "curated macroeconomic data contained therein" – Hedgeye must clarify specifically what it means by "curated macroeconomic data" and whether it claims as a trade secret the totality of that data taken as a whole or instead specific portions of that data; if Hedgeye claims specific potions, it must identify those portions and provide a date certain to do so.  (3) "annotations to the macroeconomic data including trend signals" – Hedgeye must clarify specifically what it means by "annotations" and whether it claims as a trade secret the totality of those annotations as a whole or instead only some of the annotations; if Hedgeye claims as a trade secret less than the totality of those annotations, then it must identify those portions and provide a date certain to do so.  (4) "notes including the identity of Hedgeye customers" – Hedgeye must clarify whether it claims as a trade secret every note identifying a Hedgeye customer or only some of those notes; if Hedgeye claims only some of those notes, it must identify which those are and provide a date certain to do so.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 10, 2021
       New York, New York

Copies transmitted this date to all counsel of record.