

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

February 18, 2022

VIA ECF

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Lehrburger:

  Having made numerous attempts to resolve this issue, we respectfully submit this letter on behalf of Defendants to compel Plaintiff Hedgeye to promptly produce responsive and obviously relevant communications and documents from Hedgeye's executives.

  Months after the substantial production deadline of December 6, 2021, Hedgeye has conspicuously refused to produce *any* personal communications from its executives, which are likely to be some of the most important documents in the case. In the meantime, Hedgeye and its executives have abused their access to the extensive communications that Defendants produced, using these materials not to further the adjudication of their claims, but to manufacture a public campaign of harassment that continues even after this Court's intervention.

  Litigation is not a one-sided game—the Federal Rules do not permit Hedgeye to paw through and publicize Defendants' personal communications while withholding documents that undermine its claims and the credibility of its executives. Hedgeye's antics make clear that it will not produce such documents absent an order from this Court.

* * *

  In Dale's first set of requests, served on June 10, 2021, Defendants expressly instructed that requests for "documents" and "communications" included "electronic mail," "texts" and "instant messages." Hedgeye raised no objection. (*See* Ex. A: Hedgeye's Response to Dale's 1st Set of Requests).

  But after the substantial production deadline of December 6, Defendants were surprised to discover that Hedgeye's production included *no* personal email communications or text messages and *no* communications from Slack, which Hedgeye uses as an internal messaging system. Defendants promptly raised these deficiencies with Hedgeye on December 14. In response, Hedgeye did not assert that it was withholding responsive communications or that the

Hon. Robert W. Lehrburger  
February 18, 2022

Page 2

personal communications of its executives were not subject to discovery in this case; rather, in a December 16 email, it claimed—implausibly—that it was not aware of any such responsive communications, but that it would investigate. Over the next two months, in response to Defendants' inquiries by letter, email, and on meet and confers, Hedgeye repeatedly informed us that it was continuing to collect and review potentially responsive documents.

On February 8, having still produced no personal emails, Slack messages or texts, Hedgeye promised to produce what it characterized as the "few remaining documents that you have requested, such as text messages of Hedgeye employees, Slack messages, etc."

On February 11, Hedgeye claimed, for the first time, that it had already produced "any responsive documents from Hedgeye's employees' personal emails"—that is to say, none. Defendants promptly sought to clarify whether Hedgeye was, in fact, taking the position that there were no responsive documents in its executives' personal email accounts, but Hedgeye did not respond. And despite its claim that there were only a "few remaining documents" to produce, Hedgeye committed to providing only "some" text messages by the following week with the remainder of the texts and all of the Slack messages to arrive at some later, unspecified date.

On February 17, we again raised this issue on a call with Hedgeye's counsel. Later that evening, Hedgeye produced what appeared to be three partial screenshots of text messages to and from unidentified individuals on unidentified dates, as well as images of two messages from Mr. Dale himself.

Hedgeye's position that there are *no* responsive personal emails and only five responsive messages strains credulity. To the contrary, there is every reason to believe these communications exist, and that they are damaging to Hedgeye's case. Hedgeye's executives have attacked Defendants in every medium available to them—including in violation of a Court order. (Dkt. 179). They have publicly described their extensive communications with third parties who work with Defendants—and those communications have not been produced. (*See, e.g.*, Dkt. 172-3). Thus, the Court need not accept Hedgeye's preposterous claim that these same individuals have somehow managed total restraint in their personal communications and Slack messages. Indeed, even the few partial images of text messages that Hedgeye has produced confirm that Hedgeye is withholding additional, responsive materials.[1]

Moreover, Hedgeye's evasive responses in response to Defendants' repeated inquiries calls into question whether—months after the substantial production deadline in this case—Hedgeye has even attempted an appropriate collection of these materials. Their belated production of a handful of screenshot images of text messages strongly suggests that they have not even tried.

---

[1] Hedgeye's position is even more implausible in light of what Hedgeye has agreed to produce, which includes non-privileged documents and communications concerning or referencing Dale, Lamar, or 42 Macro (Dale RFP 12, 13, 29, 30); "prospective or actual litigation with Darius Dale or 42 Macro" (Dale RFP 3); and Dale's departure and separation from Hedgeye (Lamar RFP 2 & Dale RFP 8).

Hon. Robert W. Lehrburger
February 18, 2022

Page 3

     Hedgeye's continued refusal to produce its executives' personal emails, texts, and Slack messages is impeding Defendants' ability to conduct discovery and defend this case. Accordingly, Defendants respectfully ask the Court to compel Hedgeye to conduct a meaningful search for any such responsive documents and produce them by a date certain.

                           Respectfully submitted,

                           /s/ Jonathan P. Bach

                           Jonathan P. Bach

Request denied without prejudice to renewal following review and assessment of Plaintiff's March 4, 2022 production.

SO ORDERED:

3/2/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE