

500 Fifth Avenue, 40th Floor  New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

June 3, 2022



<u>Via ECF</u>
The Honorable Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

Re: <i>Hedgeye Risk Management, LLC v. Dale</i>, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Lehrburger:

      As a result of Hedgeye's persistent, obstructionist conduct, Defendants Dale, Lamar, and 42 Macro are once again forced to seek the Court's assistance on a matter that should have been easily resolved by the parties—scheduling the remaining depositions of Hedgeye's employees in connection with this matter. Despite Defendants' repeated efforts to set a schedule that would accommodate Hedgeye's witnesses and counsel, Hedgeye refuses to provide any availability for its witnesses. Indeed, Hedgeye's uncooperative behavior with respect to these depositions has already necessitated the Court's intervention, as well as an extension of the case schedule. (Dkt. 246). Accordingly, Defendants respectfully ask this Court to compel Hedgeye to provide dates when its witnesses can be available in June so that fact discovery can be completed by the current cutoff date of July 20, 2022 and this case can be brought to a close.

      Defendants first noticed depositions of Hedgeye's witnesses on April 14. Defendants' deposition notices included May dates, consistent with the then-cutoff for fact discovery on May 31, 2022. After extensive email correspondence and a meet and confer in which Hedgeye's counsel peremptorily announced that no depositions would occur in May, Hedgeye finally provided assurances that all of its witnesses could be available for deposition before June 22, a date that would not otherwise affect the then-existing case schedule. That, too, proved to be an illusory promise. Defendants were able to take CEO Keith McCullough and President Michael Blum's depositions in late May, but only after the Court ordered such depositions to proceed over Hedgeye's objection seeking a stay of all discovery. Hedgeye has never cooperated by providing dates for its additional witnesses, despite numerous requests from Defendants.

      Based on Hedgeye's previous representations that its witnesses could be available for depositions in June, Defendants recently sent a new round of notices, with June dates. Hedgeye has again refused to confirm availability or propose alternative dates, creating yet another deposition impasse—just as it did when Defendants sought to schedule depositions in May.

      It is imperative that Defendants be permitted to take depositions in June. The new fact discovery cutoff is July 20. Hedgeye's track record in this case all but ensures that the remaining

The Honorable Robert W. Lehrburger  
June 3, 2022

Page 2

depositions will lead to additional disputes and follow up discovery requests, which are best dealt with sooner than later to avoid the need to extend the discovery deadline once again. Separately, Defendants are pushing to discover clearly relevant and pertinent information about Hedgeye's purported trade secrets as soon as possible. After enduring more than a year of aggressive litigation as well as Hedgeye's abusive, public harassment campaign, Defendants are entitled to depose witnesses at Hedgeye who may be knowledgeable about its purported trade secrets and discover what basis, if any, Hedgeye has for its trade secret claims. But in their recent depositions, McCullough and Blum largely declined to answer questions about the excel macro-forecasting models at the center of this case. They suggested those questions were better posed to witnesses Daryl Jones and Drago Malesevic. Even if certain depositions must wait until July—Defendants hope they won't—the depositions of Jones, Malesevic, and at least two or three other Hedgeye witnesses can certainly take place in June.

Seeking to evade the basic requirement of agreeing upon available dates, Hedgeye has attempted to create a number of red herrings. First, it has asked Defendants to first provide a date for Steven Lamar's deposition. Defendants are more than willing to provide a date for Steven Lamar's deposition, including in June, consistent with the June schedule Defendants have proposed. To avoid any further delays, however, Defendants are not prepared to volunteer a specific date until Hedgeye first cooperates by identifying dates for its witnesses. Significantly, Defendants have been seeking such dates since April, to no avail. Additionally, Hedgeye insists Defendants must also provide a deposition date for Dale. But as Hedgeye well knows, Dale has already been deposed for a full seven hours. Hedgeye cannot seek his further deposition without leave of court. *See* Fed. R. Civ. P. 30(a)(2). Hedgeye sought leave to take a further deposition of Dale in September, and Judge Carter granted it a limited two-hour deposition on particular topics and otherwise denied the motion. (Nov. 10, 2021 Tr. at 3). Defendants are prepared to make Dale available in June consistent with Judge Carter's order. Finally, Hedgeye has demanded that Terman's counsel participate in any depositions, a request that is plainly unrealistic at this stage—it is as if Hedgeye is insisting upon *de facto* consolidation, even though the issue of consolidation has yet to be fully briefed or decided by the Court.

In short, it appears that Hedgeye is merely seeking to delay. Why? Perhaps because its request for a stay of all discovery was rejected by the Court, and it wants to avoid deposition discovery altogether, or at least to the extent possible, until the issue of consolidation is adjudicated. That position is not acceptable. Defendants are entitled to move forward to adjudication, and not have the cloud of this litigation, or the related social media attacks, hanging over their heads.

For the foregoing reasons, Defendants respectfully request that the Court issue an Order compelling Hedgeye to immediately provide June dates for its remaining witnesses and/or schedule a conference to make sure that acceptable dates are provided without further dispute.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach

---

Defendants' letter motion is denied without prejudice as moot in light of Plaintiff's June 8, 2022 letter at Dkt. 257, and there having been no response from Defendants suggesting that the issue of scheduling depositions of Plaintiff's witnesses remains a disputed issue. If a problem in that regard re-emerges, Defendants may renew their application. SO ORDERED:

6/16/2022

HON. ROBERT W. LEHRBURGER  
UNITED STATES MAGISTRATE JUDGE