

101 CALIFORNIA STREET   SUITE 3800   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

July 7, 2022

Thomas E. Wallerstein

T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

**VIA ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Hedgeye Risk Mgmt., LLC v. Dale, et. al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Lehrburger:

On behalf of Plaintiff Hedgeye Risk Management, LLC ("Hedgeye"), we submit this response to Defendants' Letter Motion for a Protective Order "limiting the scope" of Hedgeye's prospective deposition of Defendant 42 Macro pursuant to FRCP 30(b)(6). Defendants do not dispute Hedgeye's right to depose 42 Macro generally.

First, to the extent Defendants seek an order excusing them from being required to specially prepare a witness to testify on certain topics, no order is necessary. Defendants have indicated that Dale will be 42 Macro's designated representative. Provided that is true, no preparation is necessary. If Dale answers that he does not know the answer to a question, Hedgeye will not move to compel on the basis that he was not adequately prepared pursuant to FRCP 30(b)(6).

Second, to the extent Defendants seek an order determining whether the deponent's answer does or does not bind 42 Macro, that determination is premature. Whether and to what extent testimony will be admissible is a determination that Judge Carter will make pretrial with regard to every deposition. As per Defendants' authority, the deposition of 42 Macro need not be handled any differently. *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 2022 WL 2162992 at *5 (S.D.N.Y. May 31, 2022) ("The question whether deposition testimony will be 'binding on the corporation' may be deferred to the time of trial.").

Third, Hedgeye's deposition notice poses no special burden on 42 Macro. Defendants admit, as they must, that "42 Macro is a tiny startup company [with] two principals (Defendants Steven Lamar and Darius Dale) . . . ." 42 Macro need not spend any effort in identifying appropriate deponent(s) or isolating particular documents. Indeed, <u>Defendants admit that no</u>

**VENABLE** LLP

The Hon. Robert W. Lehrburger
July 7, 2022
Page 2

<u>further preparation is required</u>.  Defendants characterize the prospective deposition as requiring only that the deponent "regurgitate its principals' individual knowledge and personal communications."  Defendants therefore deem the deposition to be "pointless" but there is no reason to deem it unduly burdensome as Defendants admit no preparation is required.  Further, the burden invoked by Defendants is insufficient to warrant a protective order of any kind.  *See Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (a "burdensome" review of "voluminous documents" does not excuse the organization's obligations under Rule 30(b)(6)); *see also Bd. of Tr. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (same).

Fourth, Hedgeye's noticed topics are completely appropriate.  Defendants object to 42 Macro providing testimony about the core issues in the case.  For example, Defendants argue that 42 Macro need not testify about Topic No. 6, which calls for testimony regarding "the extent to which [Hedgeye's] source files were referenced or used during the creation of 42 Macro's source files."  It is difficult to imagine a more relevant topic for the deposition of Defendant 42 Macro.

Fifth, <u>none</u> of Defendants' cited authority is to the contrary.  Courts repeatedly address the situation where a 30(b)(6) deponent is not prepared to testify and the deposing party moves to compel a further deposition.  Those cases address the extent to which topics are (or are not) overbroad, relevant, etc., but none of them have any application here where there is no motion to compel that has been or will be brought.[1]

Other courts address a motion for a protective order in which a 30(b)(6) deponent needs to be excused from identifying and preparing a witness on a certain topic.[2]  Those cases also have no application here because 42 Macro has no burden in identifying or preparing a witness on particular topics.  Similarly, there is no dispute here that 42 Macro must present a witness on at least some topics.[3]

Other courts address whether or to what extent an answer at a 30(b)(6) deposition is or is not binding on the entity deponent.[4]  Again, those cases are irrelevant because that determination is properly made by Judge Carter with actual questions and answers to consider.  It makes no sense for Your Honor to give an advisory ruling before any questions have been posed.

---

[1] *See DoubleLine Cap.*, 2022 WL 2162992 (S.D.N.Y. May 31, 2022); *Bosse v. Dep't of Econ. & Cmty. Dev.*, 2021 WL 6337745 (D. Conn. May 12, 2021); *Krasney v. Nationwide Mut. Ins. Co.*, 2007 WL 4365677 (D. Conn. Dec. 11, 2007).
[2] *See Sahu v. Union Carbide Corp.*, 528 Fed. App'x. 96, 103 (2d Cir. 2013); *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank*, 2017 WL 9400671 (S.D.N.Y. Apr. 27, 2017); *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, 2007 WL 2460685 (D. Conn. Aug. 27, 2007).
[3] *Cf. Kleeberg v. Eber*, 2019 WL 2051811, at *2 (S.D.N.Y. May 9, 2019) (denying deposition altogether).
[4] *See Blackrock Allocation*, 2017 WL 9400671, at *1; *Kleeberg*, 2019 WL 2051811 at n.2.



The Hon. Robert W. Lehrburger
July 7, 2022
Page 3

Sixth, Defendants seek an order "limiting the scope" of the deposition, but do not specify the details of their request. This Court may not, for example, issue an order flatly prohibiting counsel from even posing certain questions; at most, this Court could order that 42 Macro need not prepare or present a witness on certain topics, and/or that no answers to questions on those topics will be binding on 42 Macro. No cases – that Defendants cited or otherwise – suggest that it would ever be proper to issue a prior restraint against even asking certain questions.

Finally, even if Hedgeye already has or will receive testimony from Defendants Dale and Lamar, it still is entitled to the binding testimony of Defendant 42 Macro. *See Sabre v. First Dominion Capital*, 2002 U.S. Dist. LEXIS 22193, *7 (S.D.N.Y. Nov. 7, 2002) ("To the extent [Defendant] argues that plaintiffs have already taken the deposition testimony of several individuals concerning these subjects, its objection is immaterial. The testimony of a witness noticed as an individual does not bind an entity as a 30(b)(6) witness does.").

There is no dispute that Hedgeye is entitled to at least one, seven-hour deposition of Defendant 42 Macro. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. Beyond standard objections, there is no dispute anticipated to arise at the deposition. There is no risk of a motion to compel and potentially further deposition due to Defendants' lack of preparation. In short, there are no grounds, much less good cause, for any pre-deposition protective order to be issued.[5]

                                                   Respectfully submitted,

                                                   */s/ Thomas E. Wallerstein*

                                                 Thomas E. Wallerstein

cc:     All counsel via ECF

---

[5] Defendants make the gratuitous claim that Hedgeye was unprepared for its deposition. That is utterly preposterous and Hedgeye looks forward to more fully responding to any such suggestion.