

101 CALIFORNIA STREET   SUITE 3800   SAN FRANCISCO, CA 94111
T 415.653.3750   F 415.653.3755   www.Venable.com

July 20, 2022

Thomas E. Wallerstein

T 415.653.3707
F 415.653.3755
TWallerstein@Venable.com

**VIA ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Hedgeye Risk Mgmt., LLC v. Dale, et. al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Lehrburger:

    Plaintiff Hedgeye Risk Management, LLC submits this opposition to Defendants' letter motion to compel discovery and to quash Hedgeye's subpoena of Google. Dkt. 297. Defendants have not met and conferred with Hedgeye in relation to any issue raised in their letter, and they do not even allege that they have. Defendants' motion should be denied in full on this basis alone.

    Request for Production No. 53. Hedgeye is obligated to produce responsive, nonprivileged documents that are in its possession, custody, or control. "It is well-established . . . that courts may not compel the creation of documents to comply with a discovery demand." *Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01 Civ. 7677, 2002 U.S. Dist. LEXIS 19555, at *11 (S.D.N.Y. Oct. 15, 2002).

    Mr. Blum did not testify that the information Defendants seek exists in deliverable documents. He testified that the company tracks certain information. Hedgeye may generate reports that do not currently exist in order to facilitate the work of its damages expert, and Hedgeye will, as required, provide to Defendants copies of the materials it provides to its damages expert. Moreover, the document request is incomprehensible. It sought: "Documents sufficient to show an itemized report of Hedgeye's research and development spending on a quarterly basis since the company's inception." Hedgeye does not know what "documents sufficient to show an itemized report" means, and Hedgeye objected accordingly.

    Lamar Interrogatory No. 15. Hedgeye will supplement its response to this interrogatory. Hedgeye would have informed Defendants of this if Defendants had met and conferred with Hedgeye on the issue. This, of course, is why the Court requires parties to meet and confer before burdening the Court with motion practice.



The Hon. Robert W. Lehrburger
July 20, 2022
Page 2

      Subpoena of Google.  The motion to quash is untimely.  Hedgeye provided notice to Defendants on May 20, 2022 that it intended to serve its document subpoena on Google and thereafter served the subpoena on May 27, 2022, with a compliance date of June 20, 2022.  Google served objections.  Hedgeye has exchanged correspondence with Google and had a meet and confer call with Google on July 1, 2022.  Hedgeye provided copies of the correspondence to Defendants and invited Defendants to attend the call.  The subpoena called for production of documents to Defendants' counsel to enable them to review for private and/or privileged information.  There is nothing improper about Hedgeye seeking information from electronic storage providers where Defendant Dale has already admitted to destroying evidence in this case.  Dkt. 62 at 7-8.  As noted above, Defendants have not met and conferred with Hedgeye regarding the scope of subpoena; Hedgeye would have entertained a request, for example, to tailor the time period for collection of documents.  Finally, we received notice today from Google that it is ceasing further efforts to comply with the subpoena because it received notice of Defendants' motion to quash.  Google did not receive that notice from Hedgeye.  Stopping Google's compliance appears to be the real motivation for Defendants' untimely motion.  Hedgeye respectfully requests that the Court deny Defendants' motion and permit Hedgeye and Google to continue their work toward resolving the matter of Google's compliance.

      Thank you for your kind consideration.

Respectfully submitted,

*/s/ Thomas E. Wallerstein*

Thomas E. Wallerstein

cc:     All counsel via ECF