USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__10/20/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,          :
                                        :          21-CV-3687 (ALC) (RWL)
                         Plaintiff,     :
                                        :
          - against -                   :          **ORDER**
                                        :
DARIUS DALE, et al.                     :
                                        :
                         Defendants.    :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiff's motion to compel Defendants to appear for depositions.  (Dkt. 360.)  The dispute arises from Plaintiff's strategic decision to cancel Defendants' depositions at the eleventh hour, after opposing counsel had flown from New York to California for the depositions, and after the Court had already ordered that the depositions go forward as scheduled and Plaintiff had been cautioned that Plaintiff could be precluded from taking depositions of those witnesses in the future or be subject to sanctions.  (*See* Dkts. 291, 293, 309; Dkt. 321 at 22-27, 33, 38-39, 42-45.)

Plaintiff skates on thin ice.  First, Plaintiff offers the excuse that its decision to cancel at the last minute, and despite the Court's orders, is "confusion" caused by the procedural posture of the case vis-à-vis a related, later-filed case Plaintiff filed.  (*See* 22-CV-1113.)  Filing a separate action, rather than moving to amend in the instant action, was another strategic decision made by Plaintiff.  Yet just months later Plaintiff reversed course and moved to consolidate the two cases or alternatively amend the instant case and dismiss the second case.  (*See* Dkt. 254.)  If there is any "confusion" it is a matter of Plaintiff's own making.

1

Second, Plaintiff refused to abide by the Court's orders that the depositions proceed in July as scheduled. Plaintiff misses the point entirely in repeatedly arguing that a Court cannot order a party to take (as opposed to appear for) a deposition. A party making a purposeful decision to defy a Court's scheduling order bears the consequences of doing so, which may include being precluded from taking the discovery it chose to forgo. That is all the more so where Plaintiff had alternatives, such as taking the depositions as scheduled and then filing a later application if it believed further deposition time was warranted.

Third, in making the instant motion, Plaintiff filed a non-substantive letter attaching a 22-page brief (Dkt.356), rather than following the Local Rules of this District (Rule 37.2) and the Individual Rules of this Judge (Rule II(D)), both which require a pre-motion letter requesting a conference. The Court cannot fathom why, on a motion that presents an issue concerning Plaintiff's eschewing a Court order, Plaintiff flouted the Court's rules.

With all that said, the Court is constrained to grant Plaintiff's motion. The witnesses to be deposed are the party Defendants. The prejudice to Plaintiff by precluding them from taking their deposition testimony would be considerable. And, notwithstanding Plaintiff's being the ultimate source of its own "confusion," the Court agrees that the order issued by Judge Carter granting Plaintiff's requested alternative relief to amend its complaint in this case, just days before the depositions were due to go forward, had implications for scheduling and orderly procession of discovery. (*See* Dkt. 302.) Additionally, Plaintiff has voluntarily paid Defendants for the travel expenses unnecessarily incurred, a not uncommon consequence for unilaterally cancelled depositions. Defendants note that Plaintiff did not compensate Defendants for the

attorney time expended in preparing for the deposition.  Much of that preparation, however, will still be of value to Defendants when their depositions eventually are taken.

Accordingly, Plaintiff's motion is granted and the Defendants shall make themselves available to be deposed.  Defendants shall make the choice of the location of the city or cities in which their depositions will take place.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2022
        New York, New York

Copies transmitted this date to all counsel of record.