# Press Koral LLP

**Partners**
Jason M. Koral
Matthew J. Press

December 14, 2022



**VIA ECF**

The Honorable Robert W. Lehrburger
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

      Re:  *Hedgeye Risk Management, LLC v. Dale et al.*, No. 21-cv-03687-ALC-RWL

Dear Judge Lehrburger:

      I write on behalf of defendants Nadine Terman and Solstein Capital, LLC (the "Terman Defendants"), respectfully requesting that Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") be directed to comply with this Court's order dated November 23, 2022 (the "Order") (ECF 395) and imposing sanctions for Hedgeye's continuing and willful violation of the Court's orders.

      After Hedgeye served deficient, barebones written responses to the Terman Defendants Second Set of Document Requests, refusing to respond to the majority of the requests, the Court issued the Order on November 23. Among other thing, the Order directed that: (a) "[f]or requests to which Hedgeye lodges an objection but states that it will produce documents, Hedgeye must set forth what documents it is withholding, if any, pursuant to the objection" and (b) "Hedgeye may not refuse to produce documents that concern the Terman Defendants' counterclaims merely because Hedgeye believes they are fabricated or meritless or because Hedgeye may file a motion to dismiss". The Order also directed the parties "to meet and confer about each of the requests and may bring remaining disputes - if any - to the Court's attention."

      Three weeks after the Order was entered, Hedgeye remains in non-compliance. Hedgeye has not indicated which requests it is withholding documents pursuant to objections and Hedgeye continues to refuse to produce documents in response to requests for which it has objected based on relevance. (e.g. Requests 13-22).

      By email on December 2, 2022, and again by telephone on December 5, 2022, Hedgeye represented that it would address its obligations pursuant to the Order by

641 Lexington Avenue, Thirteenth Floor
New York, NY 10022

Office: (212) 520-8270
Mobile: (917) 881-1347
Email: jkoral@presskoral.com

serving amended written responses. On the December 5, 2002, Hedgeye's counsel represented that the amended responses would be served by the end of the week and that they would withdraw objections from many (but not all) requests. However, the promised amended responses were never served.

Instead of complying with the Order, Hedgeye made a document production on December 7, 2022, ostensibly in response to the Terman Defendants' requests. The transmittal letter to the production provided no information about the production, leaving the Terman Defendants to guess at Hedgeye's intentions. However, review of the production indicates that it includes the materials responsive to single request – Request 1 – seeking documents relating to the Terman Defendants themselves. Other than incidentally, it does not appear that Hedgeye searched for, or attempted to produce, documents responsive to any other request, including each of the requests raised in the Terman Defendants' prior motion to compel.

Hedgeye's latest communication at ECF 410 – directed to the Court instead of counsel – represents that it intends to make additional productions. But while additional productions are needed, it does not change the fact that Hedgeye remains in willful violation of the Order. The Terman Defendants remain completely in the dark about what limitations Hedgeye is applying to their requests and cannot possibly assess the sufficiency of Hedgeye's production unless or until it complies with the Order.

Hedgeye's last letter at ECF 410 previews what we expect to be its defense to its contemptuous conduct – to blame the Terman Defendants for not prophylactically narrowing their requests. This same issue was raised in the December 5 meet and confer call. During that call, I pointed out to Hedgeye's counsel that the Terman Defendants could not respond to Hedgeye's desires to narrow certain request unless and until Hedgeye identified which requests it still contended were overbroad and the nature of the overbreadth concern. Hedgeye's counsel responded that they would provide that information is the amended written responses to be served later that week. But those responses were never served.

During the December 5 meet-and-confer call, I also proposed going over the requests one-by-one over the phone rather than wait for amended written responses. Hedgeye refused.

Hedgeye's violation of the Order is unequivocal and willful. Under the circumstances, we respectfully request the Court:

(1) Find Hedgeye to be in willful violation of the Order
(2) Direct Hedgeye to serve its amended written responses, complying with the terms of the Order, within one business day.
(3) Direct Hedgeye to meet and confer in good faith within one business days of service of the amended responses.
(4) Direct Hedgeye to pay fees and costs of this letter motion and the prior letter motion giving rise to the Order.

Respectfully submitted,

*Jason M. Koral.*
Press Koral LLP
*Counsel for Terman Defendants*

In light of Hedgeye's representations in Dkt. 426, this application is denied without prejudice. The parties shall file a joint status update by January 4, 2023.

SO ORDERED:

12/23/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

3