**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | : |  |
| HEDGEYE RISK MANAGEMENT, LLC, | : |  |
|  | : | No. 1:21-cv-03687 (ALC) (RWL) |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| DARIUS DALE, STEVEN LAMAR, 42 MACRO, LLC, NADINE TERMAN, AND SOLSTEIN CAPITAL, LLC, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**PLAINTIFF'S OBJECTIONS TO ORDERS OF MAGISTRATE JUDGE PURSUANT TO**

**FEDERAL RULE OF CIVIL PROCEDURE 72**

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ............................................................................................... 2

LEGAL STANDARD............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

I. THE MAGISTRATE JUDGE ABUSED HIS DISCRETION IN PURPORTING TO MAKE FACTUAL FINDINGS ................................................... 3

    A. The Magistrate Judge Abused His Discretion By Making Findings Regarding Dale Joining Longbow ....................................................... 3

    B. The Magistrate Judge Abused His Discretion In Making Findings Regarding The Procedural History Of The Litigation ..................................... 4

    C. The Magistrate Judge's Factual Findings Are Clearly Erroneous ................... 6

II. THE MAGISTRATE JUDGE ABUSED HIS DISCRETION IN LIMITING HEDGEYE'S RIGHT TO DISCOVERY ................................................ 6

    A. The Magistrate Judge Abused His Discretion In Limiting Hedgeye's Discovery As To "Longbow" ........................................................... 6

    B. The Magistrate Judge Abused His Discretion In Creating A Discovery "Settlement Privilege" For Defendants .......................................... 8

    C. The Magistrate Judge Abused His Discretion In Ending Hedgeye's Discovery As To Defendants' Not-Yet-Filed Counterclaims ..................................................................................................... 10

CONCLUSION....................................................................................................................... 13

**PRELIMINARY STATEMENT**

Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") hereby objects pursuant to Federal Rule of Civil Procedure 72 to the orders of the Magistrate Judge at Dkts. 414, 415, and 425.  The Magistrate Judge has issued several discovery rulings that are so important, and so erroneous, that they constitute an abuse of discretion and potential reversible error.  Further, due to Defendants' discovery tactics, the Magistrate Judge also has purported to make findings of fact as to the history of the parties' discovery based on unsworn, disputed statements of counsel, without considering evidence and without permitting Hedgeye to be heard.

Even worse, Defendants have led the Magistrate Judge to purport to make factual findings that go to core issues in this case, such as the extent to which certain information legally qualifies as a trade secret and the timeline of Dale's involvement in conspiring with the other Defendants.  The Magistrate Judge exceeds his authority in even making such findings; here, he compounds the error because the findings also are clearly erroneous by overwhelming evidence.

**LEGAL STANDARD**

When a magistrate judge issues a pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id*.  The orders of the Magistrate Judge here are contrary to law because they violate the letter and spirit of the Federal Rules of Civil Procedure to such an extent that Hedgeye's rights to civil discovery are infringed.

Although the Magistrate Judge has substantial discretion in resolving discovery disputes, objections to such orders must be sustained if he abuses that discretion.  *Id*.; *see also Angiodynamics, Inc. v. Biolitec, Inc.*, 2010 U.S. Dist. LEXIS 149147, *16 (N.D.N.Y. Sep. 17,

2010) (vacating order and requiring defendant to make witness available for deposition); *Pisacane v. Enichem Am.*, 1996 U.S. Dist. LEXIS 9755, *19 (S.D.N.Y. 1996); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 2007 U.S. Dist. LEXIS 72716, *9 (S.D.N.Y. 2007).

## ARGUMENT

### I. THE MAGISTRATE JUDGE ABUSED HIS DISCRETION IN PURPORTING TO MAKE FACTUAL FINDINGS

Hedgeye objects to the Magistrate Judge purporting to make findings of both procedural and substantive facts. First, Hedgeye objects to and requests that the Court strike the Magistrate Judge's purported substantive finding that, "Dale never joined Longbow . . . ." Dkt. 425. Second, Hedgeye objects to and requests that the Court strike the Magistrate Judge's order that:

> The Court finds unreasonable [Hedgeye's] refusal – due to unspecified 'travel and a number of personal commitments' (Dkt. 397) – to make its witnesses available for deposition in mid-December (or alternative December dates) despite the Terman Defendants' having timely noticed the depositions on November 17, 2022. Moreover, by virtue of the timing of filing of its request for a protective order on December 5, 2022, Plaintiff has effectively secured its objective of putting off the depositions . . . . The Court does not, however, find that sanctions are warranted at this time.

Dkt. 414.

#### A. The Magistrate Judge Abused His Discretion By Making Findings Regarding Dale Joining Longbow

Defendants prompted the Magistrate Judge to issue his stunning "finding" about Dale not joining Longbow without considering a shred of evidence. Numerous witnesses have contradicted the Magistrate Judge's finding, but he had no way of knowing that because he did not consider their testimony. Over a dozen emails contradict the Magistrate Judge's finding but no emails were invited or considered. The evidence has been overwhelming that Defendants used the word "Longbow" to refer to far more than the one particular LLC that the Magistrate Judge presumably had in mind. Purporting to make such a critical factual finding based solely

3

on unsworn statements of one party's counsel is grossly inappropriate. *See, e.g., Jenkins v. McKeithen*, 395 U.S. 411, 429 ("The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause"); *Morgan v. United States*, 304 U.S. 1, 18 (1938) (finding that the right to a fair proceeding "embraces . . . the right to present evidence").

There is good reason courts may not engage in speculative fact finding. In finding that Dale did not join Longbow, the Magistrate Judge failed to consider that Defendant Lamar had confirmed in writing that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Declaration of Thomas E. Wallerstein ("Wallerstein Decl.") ¶ 2 (emphasis added).

Further, to the extent that Dale joining or not joining "Longbow" is indisputable, that determination will be made by the District Judge at summary judgment, not by the Magistrate Judge on a discovery letter brief. To say that Defendants caused the Magistrate Judge to make a factual determination that is premature is an understatement. Recognizing the obvious import, Defendants wasted no time pouncing on the Magistrate Judge's error, already using the presumed finding in support of their other positions. Wallerstein Decl. ¶ 3.

**B. The Magistrate Judge Abused His Discretion In Making Findings Regarding The Procedural History Of The Litigation**

Defendants convinced the Magistrate Judge to find that Hedgeye was "unreasonable" because of its "refusal" to make its CEO and President available for deposition in mid-December 2022 due to "unspecified 'travel and a number of personal commitments'. . . ." Dkt. 414.

Hedgeye's executives' long-standing international travel plans over the holidays were "unspecified" only because the Magistrate Judge declined to consider evidence beyond the

4

unsworn statements of Defendants' counsel.  Even if Hedgeye could have immediately contacted its witnesses, including in Qatar, the Magistrate Judge offered no way for Hedgeye to submit declarations for consideration.  In fact, when Hedgeye earlier tried to offer record evidence regarding scheduling issues, the Magistrate Judge refused to consider it.  *See* Dkt. 356.

Defendants also led the Magistrate Judge to implicitly find, without any basis, that Hedgeye somehow acted improperly and intentionally delayed bringing the issue to the Court's attention.  But in a two-week period over Thanksgiving, Hedgeye attempted to schedule December depositions with its busy executives and opposing counsel, as well as undertake a massive document collection and production project, before ultimately being forced to file a motion on December 5, 2022 due to Defendants' attempt to obtain an order from the Magistrate Judge that Hedgeye do what was literally impossible to do.  The Magistrate Judge's order declined to sanction Hedgeye "at this time" but chastised Hedgeye for "the timing of filing of its request for a protective order on December 5, 2022," just over two weeks after Defendants informed Hedgeye that they planned to take depositions during the December holidays.  *Id.*

Admittedly, the Magistrate Judge acts within his authority when he rules on discovery disputes based on his factual understanding of parties' procedural history.  And a court need not conduct a full-blown evidentiary hearing on every issue, or on any issue.  And in resolving disputes, the Magistrate Judge does not require that any statements be offered under oath; for example, he can consider unverified statements of counsel.

However, if the parties dispute what happened, a court cannot simply accept one party's counsel's unsworn argument without considering the other party's position and evidence.  In other words, parties are due very little process in having their discovery disputes resolved but

they are entitled to some certain minimum right to be heard.  *See, e.g., Jenkins*, 395 U.S. at 429; *Morgan*, 304 U.S. at 18; *Logan*, 455 U.S. at 433.  That did not happen here.

### C. The Magistrate Judge's Factual Findings Are Clearly Erroneous

An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Weiss v. La Suisse, Societe d'Assurances Sur La Vie*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. Sep. 14, 2001).  Here, the Magistrate Judge's findings were clearly erroneous precisely because he declined to consider "the entire evidence," or even ***any*** evidence.

Further, the substantive and procedural findings of the Magistrate Judge were not only inappropriate as a legal matter, they also were incontrovertibly wrong as a factual matter.  The procedural history of this litigation, set forth above, belies the Magistrate Judge's finding that Hedgeye behaved improperly.  Similarly, as set forth further below, even if it were appropriate for the Magistrate Judge to opine on Dale and Longbow, the Magistrate Judge's premature conclusion is clearly erroneous in light of overwhelming evidence that "Longbow" was an enterprise involving all Defendants including Dale and that Longbow was (and remains) intimately linked with Defendants' misappropriation of Hedgeye's trade secrets.

## II. **THE MAGISTRATE JUDGE ABUSED HIS DISCRETION IN LIMITING HEDGEYE'S RIGHT TO DISCOVERY**

### A. The Magistrate Judge Abused His Discretion In Limiting Hedgeye's Discovery As To "Longbow"

The Magistrate Judge also abused his discretion by limiting Hedgeye's discovery regarding Longbow, including Hedgeye's attempt to subpoena Defendants' company bearing that name.  Dkt. 425.  "Longbow" is of core relevance to Hedgeye's claims.  *See* Dkt. 325-1, ¶¶ 162-72 (Longbow is a partnership between Dale, Lamar, and Terman, and is a competing

business founded on Hedgeye's trade secrets); Dkt. 325-1, ¶¶ 166, 169 ("Longbow would play an important role [in 42 Macro]"; "Longbow would hurt Hedgeye competitively.").

Hedgeye's allegations are enough to warrant full discovery, but there is much more. In fact, virtually **all** the documentary and testimonial evidence to date overwhelmingly confirms the relevance of "Longbow." ███████████████

███████████████

███████████████ *See* Wallerstein Decl. ¶ 4 at 1-2. Dale texted Lamar

███████████████

███████████████ *See id.* at 5 (emphasis added).

Defendants frequently communicated about their conspiracy to keep their involvement in Longbow secret until this litigation was behind them: ███████████████

███████████████

███████████████ *Id.* at 4; *see also id.* at 3 ███████████████

███████████████

Despite the Magistrate Judge's assumption to the contrary -- and as noted above -- Defendant Lamar confirmed in writing that, ███████████████

███████████████

███████████████ *See* Wallerstein Decl. ¶ 2.

This Court need not resolve the factual dispute about Longbow yet. The Magistrate Judge certainly did not need to resolve any factual dispute about Longbow. The only issue before the Magistrate Judge was the propriety of Hedgeye pursuing discovery as to Longbow,

7

including issuing a subpoena. Dkt. 404. A court has wide discretion to control discovery, but denying Hedgeye the right to subpoena Longbow and limiting Hedgeye's discovery regarding such a central issue constitutes an abuse of even that broad discretion.

Hedgeye has the right to discovery pursuant to Federal Rule of Civil Procedure 26. The "fundamental maxim" of discovery is that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). A court may not limit discovery such that it "prevents a party from having a sufficient opportunity to develop a factual base for defending against" a motion, much less a trial. *Masters v. Daniel Int'l Corp.*, 1990 U.S. Dist. LEXIS 1103 (D. Kan. 1990) at *4-5; s*ee also In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (court abuses discretion "when the discovery is so limited as to affect a party's substantial rights.").

### B. The Magistrate Judge Abused His Discretion In Creating A Discovery "Settlement Privilege" For Defendants

Hedgeye sought an order from the Magistrate Judge compelling Defendants to provide discovery regarding communications between Defendant Lamar, on the one hand, and Hedgeye's CEO and President Keith McCullough and Michael Blum, respectively, on the other. Dkt. 399. Specifically, at Lamar's deposition, Defendants' counsel refused to permit Lamar to answer questions about correspondence in which he wrote in Fall 2021, for example:

- ███████████████████████████████████████
  ██████████████████████
- ████████████████████████████████
- ██████████████████████████████████████
  ███████████████████

8

██████████████████████████████████████████

███████Despite the obvious relevance of his communications, Defendants refused to permit the questioning by invoking a "settlement privilege."

Hedgeye followed the Magistrate Judge's procedure and filed a letter motion to compel, pointing out that, first, the instructions not to answer were clearly improper "absent a claim of privilege." *Gould Investors, L.P. v. General Ins. Co.*, 133 F.R.D. 103, 104 (S.D.N.Y. 1990). Hedgeye noted that, "[t]his Court recognized that Defendants' instructions in the last deposition were improper, too, meaning that Defendants' latest instructions were given in flagrant and knowing defiance of the law." Dkt. 399; *see* Dkt. 394 ("[D]efense counsel improperly instructed the witness not to answer certain questions for which assertion of the attorney-client or other privilege did not apply")."

Hedgeye also explained the clear law that there is no "settlement privilege" or other rule that forecloses discovery regarding settlement communications. "Rule 408 is the only federal rule to address settlement material, [and] it is a rule governing the admissibility of evidence, not the discovery of relevant information prior to trial." *In re Initial Pub. Offering Sec. Litig.*, 2003 U.S. Dist. LEXIS 23102, at *18-19 (S.D.N.Y. Dec. 24, 2003); *see also Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 U.S. Dist. LEXIS 1790, at *3 (S.D.N.Y. Feb. 20, 1996) (Rule 408 does not make settlement information unavailable). This is not an obscure or gray area of the law. "Because settlement agreements are not privileged, 'no heightened showing of relevance need be made' to justify their disclosure." *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, 2020 U.S. Dist. LEXIS 142591, at *12 (S.D.N.Y. Aug. 10, 2020).

Hedgeye also pointed out that, notwithstanding the clarity of the law, Defendants boldly "warned" that they would ***seek sanctions against Hedgeye and/or its counsel if it persisted in***

9

*pursuing discovery into the communications*.  In other words, according to Defendants', Hedgeye was at risk of sanctions even for just asserting its unambiguous right to discovery.

In response to the unambiguous law, and Defendants' clear bad faith, Hedgeye sought "either a 1-hour continued deposition, by video, or leave of court to serve topical depositions upon written questions pursuant to Federal Rule of Civil Procedure 31."  Sanctions against Defendants were certainly appropriate under precedent and practice; nonetheless, Hedgeye did not dare request them after the treatment it had received to date.

The Magistrate Judge denied Hedgeye's motion for no stated reason.  The denial was "arbitrary and capricious" in that the only stated basis for denying Hedgeye's motion was "for substantially the reasons set forth in Defendants' letter at Dkt. 407."  Dkt. 415.  But Defendants offered no reason in their letter or otherwise.  The Magistrate Judge's denial of Hedgeye's motion was an abuse of discretion and clearly erroneous as a matter of law.  The District Judge will rule whether and to what extent Lamar's admissions are admissible, but there simply is no basis on which Defendants were entitled to prevent Hedgeye from obtaining Lamar's deposition testimony regarding what may be highly material admissions.

### C. The Magistrate Judge Abused His Discretion In Ending Hedgeye's Discovery As To Defendants' Not-Yet-Filed Counterclaims

Hedgeye objects the Magistrate Judge's orders that have the purpose and effect of denying Hedgeye the right to conduct discovery regarding the Terman Counterclaims while simultaneously permitting Defendants (the Counterclaim-Plaintiffs) to vigorously pursue even admittedly duplicative discovery in support of those claims.

On December 5, 2022, Hedgeye followed the Magistrate Judge's procedure for requesting "a protective order extending until February 28, 2023 the deadline for Hedgeye to meet its obligation to produce counterclaim documents and make its witnesses available for

further deposition . . . ." Dkt. 397 at 1. Rather than ask to extend the discovery cutoff, Hedgeye expressly asked for its limited relief, "***notwithstanding*** the January 9, 2023 discovery cutoff."[1] *Id*. (emphasis added). In granting Hedgeye's request for a protective order (Dkt. 397), the Magistrate Judge first ruled that "Plaintiff's motion at Dkt. 397 with respect to the discovery deadline is granted," but then also ruled *sua sponte* that "Fact discovery is extended until February 28, 2023. Deadlines following discovery are extended commensurately." Dkt. 414.

However, upon Defendants' request (Dkt. 422), the Magistrate Judge then "clarified" that he actually had not extended the deadline by which Hedgeye could conduct discovery at all. Dkt. 428. Instead, he ordered that the discovery extension "does not apply to discovery between Hedgeye and the Dale Defendants." Dkt. 428. But the Magistrate Judge also ruled that the Terman Defendants may conduct full discovery (including taking depositions) against Hedgeye, even with regard to Hedgeye's original claims, and even if duplicative with the discovery (and depositions) already taken by the Dale Defendants. Dkt. 369.

In sum, the Magistrate Judge has ruled that all Defendants can obtain discovery from Hedgeye as to all claims and counterclaims until February 28, 2023 but that Hedgeye has only until January 9, 2023 to obtain discovery from any Defendant on any claim or counterclaim and may not repeat discovery already pursued, notwithstanding its ongoing receipt of new documents and information from Defendants. Even if the Magistrate Judge had discretion to deny Hedgeye the discovery it sought, and even if he had discretion to grant further discovery to Defendants, the Magistrate Judge abuses his discretion when he acts to give one party an unfair advantage over the other. This is clearly what has happened here.

---

[1] Hedgeye emphasized the distinction twice in its two-page letter. *See* Dkt. 397 at 2 ("Hedgeye respectfully requests the Court's recognition that Hedgeye and its witnesses are not available for deposition before the current discovery cutoff of January 9, 2023 . . . .").

11

Further, Defendants caused the Magistrate Judge to issue a "clarification" that makes no sense. Extending the discovery cutoff with regard to certain claims necessarily means the cutoff would apply to all discovery regarding those claims from anyone, and certainly any party. Here, the Magistrate Judge implicitly recognized that Hedgeye has the right to obtain discovery regarding the Terman Counterclaims, but he then arbitrarily provided that Hedgeye cannot pursue such discovery from the Dale Defendants. There is simply no reason that the Dale Defendants should be exempted from providing discoverable documents and testimony about the Terman Counterclaim.

Further, this Court's order consolidating Hedgeye's claims against all Defendants into one action (the earlier-filed action) was critically important for a number of reasons that Hedgeye has repeated many times and that this Court accepted. Dkts. 254, 265, 302. Now, the effect of the Magistrate Judge's orders adopting Defendants' position is ***once again*** to have two separate discovery cutoffs in the same matter, re-creating the very problem that this Court undertook to solve through consolidation.

Finally, the Magistrate Judge's adoption of Defendants' proffered "clarification" means that all other case deadlines are once again ambiguous because there are two fact discovery cutoffs of uncertain scope and uncertain consequence. For example, the parties no longer know when expert reports are due. The Court should set a schedule intended to reach the conclusion of this case; *i.e.*, fact discovery on all claims and counterclaims should end 45 days after issue is joined on all claims and counterclaims.[2] The efficient administration of this case has suffered

---

[2] Separately, Hedgeye has moved to sever the Terman Counterclaim from the other claims and counterclaims.

mightily under the arbitrary, piecemeal extensions of time that have encouraged Defendants' attempt to thwart development of a complete factual record. It is time for that to stop.

## **CONCLUSION**

For all of the foregoing reasons, Hedgeye respectfully requests that the Court (i) reverse the scheduling order at Dkt. 414, as clarified by Dkt. 428; (ii) reverse the order at Dkt. 415 denying Hedgeye's motion to compel over a "settlement privilege;" (3) reverse the order at Dkt. 425 granting Defendants' motion to quash Longbow discovery; (4) vacate and strike any purported findings of fact by the Magistrate Judge and (v) set a fact discovery close 45 days after issue is joined on all claims and counterclaims, with all other dates to follow from that.

Respectfully submitted,

Dated: December 28, 2022

*/s/Thomas E. Wallerstein*
VENABLE LLP
Eric A. Prager
1270 Avenue of the Americas
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
EAPrager@Venable.com

Thomas E. Wallerstein
*(admitted pro hac vice)*
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Tel: 415-653-3750
Fax: 415-653-3755
TWallerstein@Venable.com

*Attorneys for*
Hedgeye Risk Management, LLC