```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/10/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,            :
                                         :        21-CV-3687 (ALC) (RWL)
                          Plaintiff,     :
                                         :
            - against -                  :        **ORDER**
                                         :
DARIUS DALE, et al.                      :
                                         :
                          Defendants.    :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the discovery dispute raised by the Dale Defendants at Dkt. 463 and opposed by Hedgeye at Dkt. 465.

1. **RFAs 30 and 31:**  The objections are sustained.  However, the parties should meet and confer and implement Hedgeye's proposal for limiting the RFA to specific employees.

2. **RFAs 126-222:**  The objections are overruled.  The "ultimate legal question" argument set forth in Dkt. 465 was not asserted as an objection to the RFAs.  Rather, the objections were based on vagueness.  The RFAs are neither vague nor call for responding to an ultimate legal question.  Accordingly, Hedgeye must answer the RFAs.

3. **Interrogatory 1:**  Hedgeye's "among other things" qualification is improper.  To the extent Hedgeye is aware of ways in which Dale prepared to compete against Hedgeye while employed there, other than by misappropriation of trade secrets, Hedgeye shall identify what those are.

4. **Interrogatory 2:**  Hedgeye's "at a minimum" qualification is improper.  If Hedgeye is aware of additional use beyond what Dale described during his depositions, then Hedgeye must provide responsive information.

1

5. **Interrogatory 3:**  Again, Hedgeye makes an argument that is different than the objection it asserted, which is that the answer to this interrogatory is dependent on expert testimony.   That objection is overruled to the extent that Hedgeye must answer with respect to what it knows at this time.   To the extent an expert identifies additional responsive material at a later time, then Hedgeye can supplement or amend its interrogatory response accordingly.  To the extent Hedgeye's concern about the improper use of contention interrogatories was asserted as a general objection, it is overruled with respect to this interrogatory.

6. **Interrogatory 5:**  Hedgeye's "at a minimum" qualification is improper.   If Hedgeye is aware of other person to whom Dale disclosed Hedgeye's trade secrets, then Hedgeye must identify them.

7. **Interrogatory 6:**  Again, Hedgeye makes an argument that is different than its objection, which was that the information called for about damages will be the subject of expert testimony.   Hedgeye otherwise generally answered the interrogatory.   The objection is sustained.   Detailed information about damages in a case of this nature typically is set forth through an expert report.  To the extent Hedgeye's concern about the improper use of contention interrogatories was asserted as a general objection, it is overruled with respect to this interrogatory.

8. **Interrogatory 10:**  Hedgeye's concern about the improper use of contention interrogatories with respect to this interrogatory is valid.  Hedgeye's answer therefore need not be amended.

9. **Interrogatory 14:**  Hedgeye's concern about the improper use of contention interrogatories with respect to this interrogatory is valid.  Hedgeye's answer therefore need not be amended.

10. **Interrogatory 15:** Hedgeye's concern about the improper use of contention interrogatories with respect to this interrogatory is valid.  Hedgeye's answer therefore need not be amended.

11. **Interrogatory 16:**  Hedgeye's concern about the improper use of contention interrogatories with respect to this interrogatory is valid.  Hedgeye's answer therefore need not be amended.

12. **Interrogatory 17:**  Again, Hedgeye makes an argument that is different than its objection, which was that the information called for about independent economic value will be the subject of expert testimony.  That objection is overruled to the extent that Hedgeye must answer with respect to what it knows at this time.  To the extent an expert identifies additional responsive material at a later time, then Hedgeye can supplement or amend its interrogatory response accordingly.  To the extent Hedgeye's concern about the improper use of contention interrogatories was asserted as a general objection, it is overruled with respect to this interrogatory.

13. **Interrogatory 18:**  Again, Hedgeye makes an argument that is different than its objection, which was that the information called for about independent economic value will be the subject of expert testimony.  That objection is overruled to the extent that Hedgeye must answer with respect to what it knows at this time.  To the extent an expert identifies additional responsive material at a later time, then Hedgeye can supplement or amend its interrogatory response accordingly.  To the extent Hedgeye's concern about the improper use of contention interrogatories was asserted as a general objection, it is overruled with respect to this interrogatory.

The Clerk of Court is respectfully requested to terminate the letter motion at Dkt. 463.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2023
        New York, New York

Copies transmitted this date to all counsel of record.