```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,

                      Plaintiff,

           - against -

DARIUS DALE; STEVEN LAMAR; 42 MACRO,
LLC; NADINE TERMAN; and SOLSTEIN
CAPITAL, LLC,

                      Defendants.
-------------------------------------------------------------X

21-CV-3687 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves several discovery issues discussed during the conference held via Microsoft Teams on May 11, 2023.

      **1. Defendants' Concerns re Plaintiff's Document Production (Dkt. 512):** The parties shall meet and confer to discuss concerns about Hedgeye's document collection, review and production process, including whether any quality review or re-review may be warranted. Any concrete issue remaining regarding the collection, review, and production process as of May 25, 2023 may be brought to the Court's attention.

      **2. Matching Sierpinski Trades To Real Time Alerts ("RTAs") (Dkt. 516):** The Terman Defendants' request for non-party Sierpinski to re-designate trade records so that client personnel, as distinct from outside counsel personnel (or persons retained by outside counsel), can match trades to RTAs is denied.

      **3. Accuracy And Admissibility Of RTA List (Dkt. 516):** As it already committed to do (*see* Dkt. 524 at 2), Plaintiff shall provide a declaration attesting to the truth and accuracy of information in the RTA List produced to Defendants.

1

**4. Twitter Postings (Dkt. 516):** Plaintiff shall produce internal records reflecting its Twitter posts assessing performance of RTAs, to the extent Plaintiff has possession, custody, or control of those posts. Plaintiff does not need to collect material from the public facing Twitter application.

**5. Records of Trades Made Within 48 Hours of RTAs (Dkt 516):** Plaintiff apparently has produced responsive materials concerning individual stocks only, and not ETFs. The parties shall meet and confer on that issue.

**6. De-Designation of Plaintiff's Expert Reports (Dkt 518):** Plaintiff designated as Attorneys' Eyes Only ("AEO"), in their entirety, two expert reports comparing the parties' financial modeling. Defendants seek to have the reports designated to a lower level of confidentiality so that their clients can provide essential strategic input in addition to whatever experts Defendants may or may not retain.

There are two reports: The Lacalle Report and the Bastick Report, both of which the Court has thoroughly reviewed in camera. There is nothing warranting AEO status in the Lacalle Report. Exhibit A-2 purportedly contains Hedgeye's non-publicly disclosed models and processes, which, in the body of the report, are compared to those of Defendants in Exhibit A-1. But documents largely disclosing the same models and processes are publicly available on the internet. Based on information found and provided by Defendants in real time during the conference, the Court has reviewed an example at the following URL:

https://app.hedgeye.com/mu/he_3q21_macro_themes_update_version?encoded_data=f4vO!KIXoRRr5xgOYx8zsU/ofzcI+Etc=.[1]

During the conference, Plaintiff's counsel did not identify anything specific in the Lacalle Report that warrants AEO status. That is not surprising. The LaCalle Report contains only general descriptions of the models and processes and no formulas or source code. It also bears keeping in mind that Defendant Dale, although a direct competitor accused of theft of trade secrets, worked with the same models and processes for years and therefore already is intimately familiar with them.

The Bastick Report too contains much general, public information, and other information that does not warrant AEO protection. Unlike the LaCalle Report, however, the Bastick Report contains excerpts of Plaintiff's source code for its formulas, and, in some instances, verbal descriptions of the formula's operations. The Court agrees that those limited items are appropriately designated AEO. When asked what in the Bastick Report would warrant AEO protection other than those items, Plaintiff's counsel did not identify anything specific, and even acknowledged that there may not be anything. The Court finds that there is nothing beyond those items for which the AEO designation is warranted.

Accordingly, (1) the LaCalle Report is designated to a lower tier of confidentiality that will permit Defendants' personnel to review the Report; and (2) by May 15, 2023,

---

[1] The Court has identified another example at https://s3.amazonaws.com/docs3.hedgeye.com/macroria/HE_3Q19_MacroThemes_Update_Version.pdf; and yet another, albeit more condensed, at https://woodwarddiversifiedcapital.com/assets/HE_3Q20_Quarterly_Investment_Outlook_6.23.2020.pdf. The Court recognizes that these links may not have been published by or authorized for publication by Plaintiff. If the materials contain highly sensitive competitive information, however, one would expect Plaintiff to have been monitoring the internet for such material.

Plaintiff shall provide to Defendants a redacted version of the Bastick Report in which the only redacted items are source code and verbal descriptions of the formula's operations represented in the source code.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 12, 2023
      New York, New York

Copies transmitted to all counsel of record.