UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEDGEYE RISK MANAGEMENT, LLC,

> Plaintiff,

-against-

21-CV-3687 (ALC)(RWL)

DARIUS DALE, et al.,

**OPINION AND ORDER**

> Defendants.

**ANDREW L. CARTER, JR., United States District Judge:**

Currently pending before the Court are two sets of Plaintiff's objections to several of Magistrate Judge Robert W. Lehrburger's discovery orders. Specifically, Plaintiff has raised objections to two orders issued on July 1, 2022 ("July 1 Orders", ECF Nos. 269, 275), an order issued on July 8, 2022 ("July 8 Order", ECF No. 280), two orders on December 14, 2022 ("First December 14 Order", ECF No. 414; "Second December 14 Order", ECF No. 415), an order issued on December 15, 2022 ("December 15 Order", ECF No. 425) and an order issued on December 20, 2022 ("December 20 Order", ECF No. 428.)

Having carefully reviewed Judge Lehrburger's orders and the parties' arguments, Judge Lehrburger's rulings are **AFFIRMED** in substantial part. This Court sets aside and refers, for reconsideration, the issues of (1) whether Plaintiff's motion to compel deposition testimony from Defendant Lamar about communications made during settlement negotiations under Federal Rule of Civil Procedure 26(b)(1) (the Second December 14 Order) and (2) Plaintiff's proposed third-party subpoena to Longbow (the December 15 Order).

**BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein.

On April 26, 2021, Plaintiff Hedgeye Risk Management, LLC ("Hedgeye" or "Plaintiff") initiated this action asserting causes of action against its former employee Defendant Darius Dale for violation of the Defend Trade Secrets Act ("DTSA"), misappropriation, breach of contract, tortious interference with contract, and unfair competition in relation to Dale's alleged wrongful retention or copying of certain confidential and proprietary information obtained during his employment with Hedgeye. (*See generally* Compl., ECF No. 1.) Plaintiff amended the complaint to include additional defendants: Nadine Terman, Solstein Capital, LLC (collectively, the "Terman Defendants"), Steven Lamar, and 42 Macro LLC. (TAC, ECF No. 325-1.) Defendants Dale, Lamar and 42 Macro are collectively referred to as the "Dale Defendants".

This matter was referred to Judge Lehrburger for general pre-trial management on June 3, 2021. (ECF No. 53.)

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 72(a), "the district judge ... must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13-CV-1041 (LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013). A discovery order is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A discovery order is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case

2

law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333 (RA), 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019). A magistrate judge has broad discretion to manage discovery disputes. *See Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11-CV-6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015). "Thus, the party seeking to overturn a magistrate judge's decision ... carries a heavy burden." *Anwar v. Fairfield Greenwich Ltd.*, 982 F.Supp.2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).

## DISCUSSION

Plaintiff filed its objections to the July 1 and July 8 Orders on July 15, 2022. (ECF No. 299.) Defendants filed their response in opposition on July 18, 2022. (ECF No. 306.) Plaintiff filed a reply on July 20, 2022. (ECF No. 314.)

On December 28, 2022, Plaintiff subsequently filed a second group of objections to Judge Lehrburger's First and Second December 14 Orders, the December 15 Order and the December 20, 2022 Order. (ECF No. 435.) Defendants filed an opposition brief on January 13, 2023. (ECF No. 450.) Plaintiff filed a reply memorandum in further support of its objections on January 23, 2023. (ECF No. 457.)

The Court will first address the pending motions to seal various documents filed in connection with Plaintiff's objections and then address each of Plaintiff's objections to Judge Lehrburger's discovery orders in turn.

## I.  Motions to Seal

The parties have both filed motions to seal in connection with this briefing.  Defendants move to seal portions of Defendants' opposition to Hedgeye's objections because "they concern communications both parties have previously deemed confidential" and advises the Court that the reason for the sealing should be "self-evident".  (ECF No. 449.)  Plaintiff seeks to seal (1) portions of its motion at ECF No. 435 and the exhibits attached thereto, (2) portions of its letter renewing its objections and the deposition transcript attached thereto at ECF No. 444, and (3) its memorandum of law filed in further support of its objections at ECF No. 457.  (ECF Nos. 432, 443, 455.)  Plaintiff's request for sealing is based solely on the parties' confidentiality agreement. (*Id.*)

As the parties are surely aware, a presumption of public access to judicial documents exists under both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal."  *Church Ins. Co. v. ACE Prop. & Casualty Ins. Co.*, No. 10-CV-698 (RJS), 2010 WL 3958791 (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 CV 10367 (PGG), 2009 WL 1025965, at \*4 (S.D.N.Y. Apr. 15, 2009)).[1]

---

[1] First, a court must determine whether the presumption of access attaches.  A presumption of access attaches to any item that constitutes a "judicial document"—i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process."  Second, if the court determines that the item to be sealed is a "judicial document," the court must then determine the weight of the presumption of access.  "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  "Generally, the

"[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]." *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012).

Neither party has addressed this standard in their motions for sealing. First, the Court finds that Defendants have not satisfied their burden of demonstrating that sealing is appropriate. Although Defendants' proposed redactions reference settlement negotiations between the parties, the memorandum does not go into any detail about the content of those discussions. In fact, the majority of the proposed redactions relate to the legal standard for when statements made during settlement negotiations may be admitted at trial and Defendants have articulated no basis for why this content would need to be sealed. Likewise, Plaintiff's sealing requests fail to overcome the presumption of public access given that "[t]he mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary." *Church Ins. Co.*, 2010 WL 3958791, at *3 (quoting *Mut. Marine Office*, 2009 WL 1025965, at *5). Thus, having articulated no basis for sealing beyond the parties' confidentiality agreement and protective order, the Court finds that Plaintiff's motions do not meet the burden for sealing.

Accordingly, the parties' motions to seal are **DENIED**. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-655 (LTS)(MHD), 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

---

information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quoting *Lugosch*, 435 F.3d at 119, 120) (citations omitted).

II.      **Objections to the July 1 Orders**

A.  Background

The Court granted Plaintiff's motion for a temporary restraining order ("TRO") on April

27, 2021.  (ECF No. 13.)  The TRO directed Dale to deliver to Plaintiff  certain computer files as

outlined in Plaintiff's order.  (ECF No. 13.)  Believing that Dale was failing to comply with the

TRO, Plaintiff filed a motion for civil contempt and expedited discovery on April 30, 2021.  (ECF

No. 21.)  On May 24, 2021, the Court denied Plaintiff's motion for a preliminary injunction and

order of contempt, but granted Plaintiff's request for expedited discovery to review Dale's source

models and to take a limited deposition of Dale, noting that

> "…Defendant's assertions that he has not used any of the derived
> and/or subject files while also claiming that the TRO is ambiguous
> gives the Court some concern. As Plaintiff points out, Defendant's
> claims that the definitions of the subject files and/or derived files
> still needs to be agreed upon while also denying that he is using them
> presents some friction. Additionally, Defendant's affidavit concedes
> that he did copy some files in anticipation of litigation."

(May 24, 2021 Tr., ECF No. 55 at 6:2–13.)  This deposition took place on June 15, 2021.  (ECF

No. 65 ¶ 2.)

On July 16, 2021, Plaintiff renewed its motion for a preliminary injunction on the basis of

an admission from Dale during his deposition that he had looked at Hedgeye's source files when

creating 42 Macro's source files.  (ECF Nos. 61, 62.)  On July 28, 2021, the Court granted the

preliminary injunction such that Dale was enjoined from further accessing Hedgeye's trade secrets

and confidential information, but the Court declined to enjoin Dale's use of 42 Macro's  source

files.  (ECF No. 90.)

On September 21, 2021, Plaintiff filed another motion for preliminary injunction,

sanctions, and contempt, based on Dale's admissions that he had copied formulas and "Bloomberg

Ticker symbols" from Hedgeye files into his own files. (ECF No. 107.)  At this time, Dale's new counsel also disclosed to Plaintiff that previous productions conducted by Dale's original counsel were incomplete and that the missing documents included Hedgeye files.  (Nov. 10 2021 Tr., ECF No. 165 at 3:16–20.)  At a November 10, 2021 hearing, the Court declined to impose sanctions at that early stage of the litigation, noting that Dale had retained new counsel, but cautioned Dale that lack of candor during litigation proceedings could have serious consequences. (*Id.* at 6:1–6.)  The Court partially granted Plaintiff's request for expedited discovery and permitted Plaintiff to take an additional limited deposition of Dale on the topic of Dale's copying of Bloomberg ticker symbols and formulas. (*Id.* at 6:7–12.)  The Court directed that this deposition could take no longer than two hours. (*Id.*)  This limited two-hour deposition did not take place immediately following the Court's ruling, and the parties instead proceeded with discovery.

Several months later, on June 21, 2022, Plaintiff filed a motion to compel, asking Judge Lehrburger to order Defendants to schedule a Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant 42 Macro and to schedule a second seven-hour deposition of Defendant Dale. (ECF No. 264.)  Plaintiff argued that Dale's first deposition occurred prior to the majority of document production and was only conducted pursuant to Plaintiff's request for expedited discovery. (*Id.*)  Plaintiff maintained that it should not "be precluded from conducting standard deposition discovery of the key Defendant merely because his admitted wrongdoing justified limited expedited discovery in the early days of the case…" (*Id.*)

On July 1, 2022, Judge Lehrburger issued the first July 1 Order, ordering that Plaintiff could depose Dale for a total of four hours on the limited topics that had been designated by the Court at the November 10, 2021 conference "as well as the documents (and subject matter addressed therein) [that had been] produced by Dale" since his first limited subject deposition.

(ECF No. 269.)  Judge Lehrburger further directed that Plaintiff could not repeat any questioning that had been previously asked of Dale at the June 2021 deposition.  (*Id*.)  In response to a clarifying inquiry from Defendants, Judge Lehrburger issued the second July 1 Order, stating that Plaintiff could use up to two hours of deposition time on the topics designated by this Court at the November 2021 hearing and the remaining two hours on the documents and subjects related to the subsequent document productions.  (ECF No. 275).  While Plaintiff's objections were pending, Defendant Dale and 42 Macro were deposed on December 9, 2022, adhering to the restrictions delineated by this Court and Judge Lehrburger.  (*See* ECF No. 444.)

    B.  Analysis

    First, Plaintiff objects to Judge Lehrburger's July 1 Orders on the basis that they improperly limited any additional deposition of Dale to two hours.  (ECF No. 299.)  Plaintiff argues that depositions are presumptively seven hours and that courts frequently grant additional depositions where new information comes to light.  (*Id.* at 4.)  Second, Plaintiff also argues that the July 1 Orders are vague and do not adequately delineate what questions may be considered duplicative of earlier questions.  (*Id.* at 6.)  Additionally, Plaintiff argues that it is entitled to a new deposition of Dale because he admitted that he lied at his prior deposition.  (*Id.* at 7.)  As support for its assertion that the July Orders impermissibly limit the bounds of Dale's deposition testimony, Plaintiff filed a letter attaching the transcript from Dale's December 2022 deposition to show that "Dale refused to answer numerous questions that literally could not be more relevant."  (ECF No. 444.)

    Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), leave of the court is required to conduct a deposition of a witness that has previously been deposed in the case.  Although courts have the discretion "to make a determination that is fair and equitable under all the relevant

8

circumstances," Rule 26(b)(2) identifies the following factors as those that should be considered: "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017) (internal quotation marks and citations omitted).

On review of Judge Lehrburger's July 1 Orders, they are neither clearly erroneous nor contrary to law.  In making his decision, Judge Lehrburger considered that Dale had previously been deposed in connection with this litigation for seven hours and determined that an additional two hours of deposition time—in addition to the two-hour limited deposition ordered by this Court—was warranted in light of the additional document productions that had occurred in November and December of 2021.  (ECF No. 269.)  Judge Lehrburger also considered the extent to which an additional deposition of Dale would be cumulative of his prior deposition, and determined that the second deposition could "not repeat questioning previously asked at Dale's earlier deposition" such that the additional two hours of deposition should be cabined to "the [new] documents (and subject matter therein) produced by Dale."  (*Id.*)

This Court granted Plaintiff leave to take a limited deposition for purposes of the TRO in May 2021.  Plaintiff proceeded to take a seven-hour deposition of Dale, knowing that this would bring Plaintiff up to the presumptive seven-hour limit imposed by Federal Rule of Civil Procedure 30.  Fed. R. Civ. P. 30(d).  That was a strategic choice.  Plaintiff has pointed to no authority indicating that it is entitled to take an additional seven-hour deposition because (1) Dale allegedly lied during his first deposition, (2) the first deposition was for the limited purpose of questions relevant to the then-pending TRO or preliminary injunction, or (3) the first deposition was taken

before substantial document production or before other parties had been added to the case. These issues were all clearly outlined in Plaintiff's initial motion to compel. Judge Lehrburger considered these factors and determined that an additional two hours of deposition was warranted. Plaintiff has shown no error in Judge Lehrburger's exercise of discretion in this decision.

Plaintiff's additional arguments are equally without merit. Plaintiff argues that the "delineations [in the Orders] all conflict and are impossible to make in practice" and posits that it is unclear whether Plaintiff must reference a document for each and every question it asks during its deposition. (ECF No. 299 at 6.) This Court disagrees. The July 1 Orders clearly cabin the additional deposition time period to the new documents produced in November and December 2021 "and [the] subject matter addressed therein". (ECF No. 269.) As this Court reads the order, Plaintiff is not obligated to reference a document for each and every question, but instead must ensure that it is not unnecessarily asking questions on topics that were covered at Dale's first deposition. Plaintiff also argues that deposition transcript from Dale's December 2022 deposition demonstrates that Judge Lehrburger's Orders were unclear because counsel for Defendant frequently objected to questioning as "beyond the scope". If Plaintiff was concerned that counsel for Defendants made improper objections based on Judge Lehrburger's orders, those should have been raised with Judge Lehrburger in the first instance.

Accordingly, the Court **AFFIRMS** the July 1 Orders and Plaintiff's objections are overruled.

### III. Objections to the July 8 Order

A. Background

On July 1, 2022, Defendant 42 Marco moved for a protective order limiting the scope of 42 Macro's deposition. (ECF No. 274.) On July 8, 2022, Judge Lehrburger issued the July 8

Order, finding that some of Plaintiff's intended deposition topics were unduly broad or burdensome, while determining that others were not off limits. (ECF No. 280.) Judge Lehrburger also determined that 42 Macro could designate the prior deposition testimony of Defendants Dale or Lamar as binding on 42 Macro and that Plaintiff would not be able to cover the same topics independently with a 42 Marco 30(b)(6) witness. (*Id.*)

B. Analysis

Plaintiff argues that the portion of the July 8 Order which allows Defendants to designate deposition testimony from Dale and Lamar for Defendant 42 Marco's 30(b)(6) witness was erroneous because it effectively allows 42 Macro to avoid any deposition altogether. Defendants maintain that because 42 Macro is a closely held company, consisting of only two principals (Defendants Dale and Lamar), both of whom have also been deposed, it intends to use designations in the place of a second, duplicative deposition of a 30(b)(6) witness.

Again, in raising these objections, Plaintiff points to no clear abuse of discretion or error in the law. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotation marks omitted. Thus, where a magistrate judge is afforded broad discretion, courts only find that an order is contrary to law where the magistrate judge exceeds this discretion. *See, e.g., Martinez v. N.Y. Police Dep't*, No. 19 Civ. 9885 (AJN), 2021 WL 4206944, at *2 (S.D.N.Y. Aug. 9, 2021) ("[The Magistrate Judge] did not exceed her wide discretion in managing discovery in this case by allowing the noticed Rule 30(b)(6) deposition to proceed.").

Plaintiff's main quarrel with the July 8 Order is that it "essentially deprives Hedgeye of any deposition of party Defendant 42 Macro" (ECF No. 299 at 9), but this interpretation of Judge Lehrburger's order is incorrect. Plaintiff is not being deprived of a party deposition. Rather, the

11

July 8 Order allows Plaintiff to take a deposition of 42 Macro on the topics delineated in the order. It also allows Defendants to use prior deposition testimony in order to avoid costly and duplicative re-examination of the same witness on the same topics. Judge Lehrburger's decision is completely within his discretion to ensure the efficient management of discovery.

Accordingly, the Court **AFFIRMS** the July 8 Order and Plaintiff's objections are overruled.

### IV. Objections to the First December14 Order and the December 20 Order

#### A. Background

On December 5, 2022, Plaintiff filed a motion to extend fact discovery from January 9, 2023 to February 28, 2023. (ECF No. 397.) The Terman Defendants also moved for sanctions against Plaintiff for its failure to timely provide a 30(b)(6) witness for deposition. (ECF No. 400.) Judge Lehrburger issued the First December 14 Order which extended the discovery deadline to February 28, 2023. (ECF No. 414.) Judge Lehrburger declined to issue sanctions against Plaintiff, but admonished Plaintiff's counsel for its failure to timely provide a witness for deposition, noting that he found "Plaintiff's refusal – due to unspecified 'travel and a number of personal commitments'" "unreasonable". (ECF No. 414.) On December 20, 2022, Judge Lehrburger issued a clarifying order specifying that the discovery extension applied only to discovery related to the Terman Defendants' counterclaims and did not apply to discovery between Hedgeye and the Dale Defendants. (ECF No. 428.)

#### B. Analysis

First, Plaintiff objects to Judge Lehrburger's finding that "Plaintiff's refusal – due to unspecified 'travel and a number of personal commitments" was "unreasonable" (ECF No. 414), arguing that Judge Lehrburger abused his discretion by making a finding about the procedural

history of the litigation.  These arguments are without merit.  As the magistrate judge presiding over discovery in this case, Judge Lehrburger "is well acquainted with the entire course of discovery in this case…"  *Connectivity Sys., LLC v. Town of Ramapo*, No. 20-CV-5251(CS)(AEK), 2022 WL 203181, at *2 (S.D.N.Y. Jan. 24, 2022).  Additionally, while noting that he thought Plaintiff's failure to make it witnesses available was "unreasonable", Judge Lehrburger also *denied* Defendants' request to sanction Plaintiff for its failure to make its witnesses unavailable.  (*Id.*)  Although Plaintiff may disagree with whether or not its counsel's dilatory conduct was unreasonable, Plaintiff has articulated no abuse of discretion or error of law in the First December 14 Order.  Judge Lehrburger's finding is well within his "'broad discretion in resolving' discovery disputes."  *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).

Likewise, Plaintiff's contention that Judge Lehrburger abused his discretion by extending the discovery deadline for discovery related to the Terman Defendants' counterclaims (and not the Dale Defendants' deadline) is equally baseless.  It is entirely within Judge Lehrburger's discretion to manage the discovery schedule based on his understanding of the parties and the claims and counterclaims in this action.  *See Williams*, 236 F. Supp. 3d at 804.

Accordingly, the Court **AFFIRMS** the First December 14 Order and the December 20 Order and Plaintiff's objections are overruled.

## V.    Objections to the Second December 14 Order

### A.  Background

On December 7, 2022, Plaintiff filed a motion to compel Defendants to provide discovery regarding communications between Defendant Lamar and Hedgeye's CEO and President Keith

McCullough and Michael Blum.  (ECF No. 399.)  Defendants filed a letter in opposition, arguing that Plaintiff's motion asks Defendant Lamar to be deposed about statements made during confidential settlement negotiations in contravention of Federal Rule of Evidence 408 and Federal Rules of Civil Procedure 26(b).  (ECF No. 407.)  Defendants also noted that because Plaintiff was a party to these discussions, it would have copies of the relevant communications.  (*Id.*)  Defendants further underscored that the confidential nature of these settlement negotiations would mean that they would not be admissible at trial and thus cannot be the subject of proper discovery. (*Id.*)  To resolve this dispute, Judge Lehrburger issued the Second December 14 Order, denying Plaintiff's motion to compel "for substantially the reasons set forth in Defendants' letter at Dkt. 407."  (ECF No. 415.)

   B.  Analysis

Plaintiff argues that in issuing the Second December 14 Order, Judge Lehrburger committed legal error by creating a "settlement privilege" to curtail Plaintiff's ability to ask Defendant Lamar about the veracity of statements made during settlement negotiations. Defendants argue that Judge Lehrburger's order was legally sound because he agreed with Defendants' arguments that (1) Plaintiff's questions were not reasonably calculated to lead to any admissible evidence and (2) Plaintiff violated Federal Rule of Civil Procedure 37(a)(1)'s meet and confer requirement.  (ECF No. 450 at 12.)  Because Judge Lehrburger did not state a reason, independent of what was stated in Defendant's letter, for his decision in the Second December 14 Order, the Court will evaluate Defendants' arguments as stated in their original letter in opposition to Plaintiff's motion to compel and their opposition to the current motion.

First, Defendants argue that Judge Lehrburger's denial of Plaintiff's motion to compel was legally sufficient because Plaintiff's failed to comply with the meet and confer requirement

contained in the federal rules or the S.D.N.Y. local rules.  Fed. R. Civ. P. 37(a)(1); Local Rules of

the U.S. Dist. Courts for the Southern and Eastern Districts of N.Y. 37.2.  Defendants characterize

counsel for Plaintiff's conduct as a "bait-and-switch" because Plaintiff's counsel purportedly filed

the motion to compel to preempt a possible defense motion for a protective order on the same issue

without first conferring with counsel for defense.  Plaintiffs appear to concede that they did not

meet and confer with Defendants before filing their motion, stating that "Defendants' opposition

makes clear that further meeting and conferring was futile."  (ECF No. 457 at 4.)

"[I]t is well established that the failure to meet and confer prior to filing a discovery motion

can be fatal to a party's application."  *Baez Duran v. E L G Parking Inc.*, No. 18-CV-

6685(GBD)(SLC), 2021 WL 1338982, at \*2 (S.D.N.Y. Apr. 9, 2021) (citing *Olin Corp. v.

Lamorak Ins. Co.*, No. 84-CV-1968 (JSR), 2021 WL 396781, at \*10 (S.D.N.Y. Feb. 4, 2021)).

"Courts have excused the meet-and-confer requirement 'where temporal exigencies required

speedy action and where efforts at informal compromise would have been clearly futile.'"  *Veleron

Holding, B.V. v. BNP Paribas SA*, No. 12-CV-5966 (CM)(RLE), 2014 WL 4184806, at \*2

(S.D.N.Y. Aug. 22, 2014) (quoting by *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96-

CV-7590 (DAB) (JCF), 1998 WL 67672, at \*1 (S.D.N.Y. Feb. 18, 1998)).  However, given what

appears to be a complete inability of the parties to meet and confer in good faith to ensure the

efficient management of discovery, this Court is forced to agree with Plaintiff that further conferral

on this issue would have been futile, especially where Defendants indicated they intended to seek

a protective order on the same issue.  For this reason, this Court will excuse Plaintiff's compliance

with the meet and confer requirement as to this issue only.  However, the parties are urged to meet

and confer in good faith on any further discovery disputes that may arise in this action.

Next, Defendants argue that Judge Lehrburger properly denied Plaintiff's motion to compel because the motion sought discovery not reasonably calculated to lead to admissible evidence. However, Defendants misstate the relevant law for relevance under Rule 26(b).

Defendants are correct that settlement communications are not admissible under Federal Rule of Evidence 408(a) "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction", but such evidence may be offered at trial "for another purpose, such as proving a witness's bias or prejudice…" Fed. R. Evid. 408(b). However, this rule is distinct from the rules governing discovery. Federal Rule of Civil Procedure 26(b)(1) provides that "unless otherwise limited by court order, …[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Crucially, "[i]nformation within [the scope of Rule 26(b)(1)] need not need be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

In their briefing, Defendants rely on an earlier formulation of Rule 26 which permitted discovery only to the extent that such evidence was "reasonably calculated" to lead to admissible evidence. This limitation has been removed from the current iteration of the rules. *See* Fed. R. Civ. P. 26 Notes of Advisory Committee on Rules; *see also La Belle v. Barclays Cap. Inc.*, No. 19-CV-3800 (JPO)(GWG), 2020 WL 1879115, at *1 (S.D.N.Y. Apr. 15, 2020) ("[A] party's ability to obtain discovery of material that is merely "reasonably calculated" to lead to admissible evidence was eliminated in the 2015 amendments to Rule 26 because it had been used by some, incorrectly, to define the scope of discovery.") (internal citations omitted). Accordingly, denial of Plaintiff's motion to compel on the basis that it was not reasonably calculated to lead to admissible

16

evidence would be legal error.  Because Judge Lehrburger's order stated that the motion to compel was denied for "substantially" the same reasons set forth in Defendants' letter, this Court cannot determine whether the order was based on an error of law.

For these reasons, Plaintiff's objection to Judge Lehrburger's Second December 14 Order is **SUSTAINED**.  The issue of whether Plaintiff's motion to compel deposition testimony from Defendant Lamar about communications made during settlement negotiations is set aside and referred, for reconsideration, to Judge Lehrburger for evaluation under the correct standard under Federal Rule of Evidence 26(b)(1).

### VI.     Objections to the December 15 Order

A. Background

On December 8, 2022, Defendants filed a motion for a protective order to quash Plaintiff's subpoenas to certain third parties: Dropbox, Twitter, Longbow, Eric Berman, and Leonardo Cardoso.  (ECF No. 403.)  Defendants argued, in relevant part, that "Longbow is not a party to this case and has limited relevance to any issue at stake."  (ECF No. 403.)  Defendants also maintained that "[a]lthough it was briefly contemplated that Dale could play a role in Longbow, he never did."  (*Id.*)  In response, Plaintiff argued that "Longbow is of core relevance to Hedgeye's claims", alleging that it is a "partnership between Dale, Lamar, and Terman, and is a competing business founded on Hedgeye's trade secrets…" (ECF No. 413.)  On December 15, 2022, Judge Lehrburger granted Defendants' motion to quash, adopting the arguments made in Defendants' letters in support of their motion and noting that that "the requests to Longbow [were] exceedingly overbroad and disproportionate (all the more so in light of the fact that Dale never joined Longbow)…." (ECF No. 425.)

B. Analysis

Plaintiff contends that Judge Lehrburger committed legal error by making the "factual finding" that "Dale never joined Longbow" and that reversal of Judge Lehrburger's order is warranted on that basis. Specifically, Plaintiff argues that "Longbow is a partnership between Dale, Lamar, and Terman, and is a competing business founded on Hedgeye's trade secrets" and that Judge Lehrburger erred in granting the motion to quash the subpoena based on Dale purportedly never joining the company.

Based on the Court's review of the December 15, Order, Judge Lehrburger's decision does not seem to rest on the purported "factual finding" of whether Dale joined Longbow. Rather, the decision appears to have been primarily based on the fact that the "the requests to Longbow are exceedingly overbroad and disproportionate." However, out of an abundance of caution, given that there appears to be a factual dispute at this juncture regarding whether Defendant Dale did join the Longbow company, the Court **SUSTAINS** Plaintiff's objection and sets aside and refers, for reconsideration, this issue to Judge Lehrburger.

## CONCLUSION

For the reasons stated above, Judge Lehrburger's orders are **AFFIRMED** in substantial part; however, the Court sets aside and refers, for reconsideration, to Judge Lehrburger the issues of: (1) Plaintiff's motion to compel deposition testimony from Defendant Lamar on communications made during settlement negotiations and (2) Plaintiff's proposed third-party subpoena to Longbow.

The Clerk of Court is respectfully requested to terminate the pending motions ECF Nos. 432, 443, 449 and 455 and to unseal the documents filed at ECF Nos. 435, 436, 444, 450 and 457.

**SO ORDERED.**

**Dated: June 28, 2023**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**