```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,                    :
                                                 :
                              Plaintiff,         :          21-CV-3687 (ALC) (RWL)
                                                 :
               - against -                       :          **ORDER**
                                                 :
DARIUS DALE; STEVEN LAMAR; 42 MACRO,             :
LLC; NADINE TERMAN; and SOLSTEIN                 :
CAPITAL, LLC,                                    :
                                                 :
                              Defendants.        :
-------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Defendants' letter motion at Dkt. 587 seeking sanctions for

Plaintiff Hedgeye's failure to comply with its discovery obligations, failure to obey this

Court's order of April 22, 2022 requiring Hedgeye to produce "all communications from

Hedgeye executives to third parties concerning Defendant Dale or the instant litigation,"

and repeated misrepresentations that Hedgeye had produced all such communications.

## Background

The procedural history and facts in Defendants' letter motion are largely accurate,

and Plaintiff's opposition at Dkt. 590 does nothing to undermine them.   In brief, on

February 18, 2022, the Dale Defendants moved to compel production of responsive

communications, including text messages, from Hedgeye's executives.   (Dkt. 183.)   In

response, Hedgeye represented to the Court that it had "investigated and collected and

produced" responsive messages and was working "diligently" to produce the rest.   (Dkt.

189.)   Based on those representations, the Court denied Defendants' motion without

prejudice.   (Dkt. 192.)

1

On April 18, 2022, Defendants again moved to compel on the basis that Hedgeye had not produced communications in which its CEO, Keith McCullough, made comments about the Dale Defendants.  (Dkt. 222.)  In response, Hedgeye assured the Court that Hedgeye had remedied the deficiency.  (Dkt. 223.)  And, at a hearing held on April 28, 2022, Hedgeye's counsel confirmed that Hedgeye had produced "all communications between Mr. Bl[u]m, Mr. Jones and other top Hedgeye executives and any third party concerning Mr. Dale or this litigation." ("April 28, 2022 Tr.," Dkt. 231 at 66.)  Again based on Hedgeye's representations, the Court issued an order directing that Hedgeye "shall produce to Defendant all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation.  At the hearing, Plaintiff represented that it had done so."  (Dkt. 230.)

Almost a year later, on April 17, 2023, Hedgeye's counsel again represented to defense counsel that "Hedgeye has produced all communications with third parties relating to the Lawsuit that it has located after a reasonable search."  (Dkt. 512-1 at ECF 2.)  Production of documents by a third-party (Sierpinski Capital Management), however, revealed the existence of text messages that had not been produced by Hedgeye.  (*See* Dkt. 512 at 2-3.)  Once again, Defendants filed a motion to compel.  (Dkt. 512.)  And, once again, Hedgeye responded that it had fully complied with its obligation by having undertaken "a carefully considered, reasonably diligent text message collection process to locate responsive text messages," while at the same time stating that it was "undertaking yet another search of its executives' text messages."  (Dkt. 517.)

At a hearing held on May 11, 2023, addressing the motion, Hedgeye's counsel similarly represented that Hedgeye "did an extensive search of the top … seven

executives who might have had interactions with [Defendant Dale] and might have had things to say about him.  We've produced everything."  ("May 11, 2023 Tr.," Dkt. 546, at 10-11.)  But upon questioning of Hedgeye's counsel by the Court, it came to light that Hedgeye itself, not its outside counsel, had conducted searches (*id.* at 13-14), notwithstanding that Hedgeye's in-house counsel is a witness in this case and reports to McCullough and Blum, who have a direct interest in the case.  When the Court asked about quality control performed on Hedgeye's self-collection efforts, outside counsel could not represent that it had exercised quality control over the collection of texts of all but one of Hedgeye's executives.  (*Id.* at 25-26.)  The Court concluded by directing the parties to meet and confer to identify and remedy any further issues.  (*Id.*)

The parties proceeded to do so, which led to a further motion by Defendants to compel a thorough search of Hedgeye executives' laptop computers, which Hedgeye apparently had not done at all.  (Dkt. 568.)  Hedgeye agreed to conduct the search but only if Defendants paid for the related costs.  (Dkt. 570.)  On June 21, 2023, the Court issued an order requiring the search to be conducted at Hedgeye's expense with the potential to recoup costs depending on whether the search yielded duplicative documents.  (Dkt. 574.)

According to Defendants, Hedgeye has in recent weeks produced "thousands of new documents, including hundreds of text and Slack messages Defendants had never seen before."  (Dkt. 587 at 2.)  Hedgeye offers several examples of messages in which McCullough and other Hedgeye personnel referenced either Dale, this litigation, or both, precisely the type of messages that Hedgeye had been ordered to produce in April 2022 and that Hedgeye repeatedly represented had been produced.  (*Id.* at 2-3 and Exs. A-G.)

**Discussion**

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions for conduct in discovery, including when a party fails to make required disclosures, Fed. R. Civ. P. 37(a)(5), and when a party violates a discovery order, Fed. R. Civ. P. 37(b)(2). Although Defendants invoked only the latter in asking for sanctions, both provisions are applicable as discussed below.

**A.    Governing Sanctions Rules**

Rule 37(a)(5)(A) provides that, if either (1) a district court grants a Rule 37(a) motion to compel discovery, or (2) the requested discovery is provided after the motion was filed, the "court must, after giving an opportunity to be heard, require the ... [opposing] … party or attorney ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court "must not" order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

A sanction under Rule 37(a)(5) does not require violation of a court order; "[r]ather, a court must order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel discovery or the requested discovery is provided after such a motion was filed." *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345, 2021 WL 4846366, at *5 (S.D.N.Y. Oct. 18, 2021) (stating that whether a party violated a court order is "irrelevant" to imposition of sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A)). As courts have recognized, "[m]onetary

4

sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled."  *Seena International, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016); *accord Shnyra v. State Street Bank and Trust Co., Inc.*, No. 19-CV-2420, 2020 WL 6892078, at *10 (S.D.N.Y. Nov. 24, 2020) (quoting *Seena*, 2016 WL 2865350, at *11).

Whereas sanctions pursuant to Rule 37(a)(5) may be imposed irrespective of a court order, Rule 37(b)(2) governs sanctions that may be imposed when a party violates a court order.  Rule 37(b)(2) thus provides that a party who "fails to obey an order to provide or permit discovery" may be subject to sanctions including, for example, "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A).  In all such cases, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court finds that, pursuant to either Rule 37(a)(5)(A) or 37(b)(2) or both, Hedgeye's conduct warrants, indeed requires, reimbursement of Defendants' reasonable expenses in moving to compel complete disclosure of all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation.

**B.     Sanctions Pursuant to Rule 37(a)(5)(A)**

To obtain the discovery sought, Defendants had to file multiple letter motions to compel.  Hedgeye only finally fulfilled its obligations after multiple conferences with the Court and by taking steps to rectify inadequate collection efforts by Hedgeye personnel and inadequate quality control by outside counsel.

No circumstances are present that would vitiate imposing reimbursement.  As of April 28, 2022, Hedgeye represented that it had produced "all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation." (Dkt. 230.)  A year later, Hedgeye repeated that representation, asserting that "Hedgeye has produced all communications with third parties relating to the Lawsuit that it has located after a reasonable search."  (Dkt. 512-1 at ECF 2.)  And when Defendants filed yet another motion to compel concerning the same material, Hedgeye represented that it had fully complied with its obligation by having undertaken "a carefully considered, reasonably diligent text message collection process to locate responsive text messages." (Dkt. 517.)  Those representations proved to be inaccurate, however, as production by third-party Sierpinski revealed.  (Dkt. 512 at 2-3.)  And, at the May 11, 2023 hearing, it became apparent that Hedgeye had not exercised sufficient quality control over the collection process.  (May 11, 2023 Tr. at 13-14, 25-26.)

Given this series of events, Defendants did not prematurely move to compel; Hedgeye's faulty discovery and inaccurate representations were not substantially justified, and no other circumstances make an award of expenses unjust.  Accordingly, the court "must" order Hedgeye to pay Defendants' reasonable expenses, including

attorney's fees, in moving to compel production of all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation.

## C.     Sanctions Pursuant to Rule 37(b)(2)

Payment of Defendants' expenses also is warranted due to Hedgeye's failure to comply with the Court's order dated April 28, 2022 providing that Hedgeye "shall produce to Defendant all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation."  (Dkt. 230.)

When considering sanctions pursuant to Rule 37 for violation of a court order, the court weighs the following non-exclusive factors:  "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of … noncompliance."  *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009).

Here, there is no direct evidence of willful misconduct.  But Hedgeye's conduct was hardly innocent and was more than negligent.  Hedgeye repeatedly misrepresented the extent of its compliance with the Court's April 28, 2022 order.  (Dkt. 230; *see also* Dkts. 512-1; 517; 546 at 13-14, 25-26; 568.)  And, counsel failed to exercise sufficient quality control over collection by Hedgeye's personnel.  *See Herman v. City of New York*, 334 F.R.D. 377, 386 (2020) ("It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist").

As for lesser sanctions, there are none.  Indeed, "the mildest sanction under Rule 37(b) is an order to reimburse the opposing party for expenses caused by the failure to

cooperate." *Best Payphones, Inc. v. Dobrin*, 409 F. Supp.3d 130, 236 (E.D.N.Y. 2018) (internal quotation marks omitted).   Moreover, payment of reasonable expenses, including attorney's fees, "must" be imposed because, as explained above in connection with Rule 37(a)(5)(A), Hedgeye's lapses were not substantially justified, and there are no other circumstances that would make an award of expenses unjust.   Fed. R. Civ. P. 37(b)(2)(C).

The remaining two factors also weigh in favor of sanctions.  Hedgeye's failure to fully comply with its discovery obligation with respect to the communications at issue persisted from at least April of 2022 through and after April of 2023.  Hedgeye's repeated representations that it had sufficiently complied unduly lengthened the period of time, and the number of times, that Defendants had to seek the Court's intervention to bring about compliance.

Finally, the Court's April 28, 2022 Order did not contain an express warning that failure to comply would result in sanctions.  But that is of no moment in this instance because the Court is not imposing any sanction other than the reasonable expenses that Defendants were forced to incur to gain full compliance and which the Federal Rules require be imposed.  Moreover, Hedgeye is represented by sophisticated counsel who well know the consequences of failing to abide by court orders.

In opposition, among other arguments, Hedgeye contends that Defendants have not been prejudiced as a result of Hedgeye's inadequate discovery efforts.  (Dkt. 590 at 2.)  But "a showing of prejudice is not necessary to support the entry of sanctions under Rule 37 resulting from Plaintiffs' failure to comply with the Court's discovery order. Moreover, Plaintiffs' position is clearly untrue.  Apart from the other consequences of

Plaintiffs' nonfeasance, Defendant has spent unnecessary legal fees chasing down information that should have been forthcoming." *Shnyra*, 2020 WL 6892078 at *12 (internal citations omitted).

Finally, Hedgeye asks the Court to resist Defendants' "attempt to flip the narrative on discovery conduct," reminding the Court that Defendant Dale previously has admitted to spoliating evidence (among other misconduct). (Dkt. 590 at 2.) As Hedgeye's counsel surely knows, however, that is no basis to give Hedgeye a free pass on its own discovery lapses. *See City of Almaty, Kazakhstan*, 2021 WL 4846366 at *5 ("courts in imposing discovery sanctions follow the maxim that 'two wrongs don't make a right'") (citing *Jeter v. N.Y.C. Department of Education*, No. 06-CV-3687, 2012 WL 2885140, at *2 (E.D.N.Y. July 13, 2012)).

Accordingly, requiring Hedgeye to pay the reasonable expenses incurred by Defendants to obtain Hedgeye's compliance is warranted under Rule 37(b).

### Conclusion

Hedgeye is required to pay Defendants the reasonable expenses, including attorney's fees, incurred by Defendants in moving to compel Hedgeye to produce all communications from Hedgeye executives to third parties concerning Defendant Dale or the instant litigation. Defendants have requested that they be allowed to submit support for the expenses incurred. The Court agrees that will be necessary. But in light of the case's current posture, any such submission shall await determination of the merits and any damages and attorney's fees that may thereby be owed to either party.

To the extent not discussed above, the Court has considered Hedgeye's arguments and determined them to be without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 587.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2023
       New York, New York

Copies transmitted to all counsel of record.