

**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

August 15, 2023

Jessie F. Beeber

t 212.808.5677
f 212.307.5598
JBeeber@Venable.com

**BY ECF**

The Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2023

In light of Defendants' agreement to produce at Dkt. 605, the instant motion to compel is denied as moot without prejudice.

SO ORDERED:

8/18/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:   *Hedgeye Risk Management, LLC v. Dale et al.*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Lehrburger:

We write on behalf of Plaintiff Hedgeye Risk Management, LLC ("Hedgeye"). Hedgeye deposed Francesco Bianchi, Defendants' macroeconomics expert, on August 7, 2023. The following day, Hedgeye wrote to Defendants regarding issues that arose during Prof. Bianchi's deposition. Defendants did not respond, and on August 14, 2023, Hedgeye followed up with Defendants and advised that it would seek relief from the Court absent a response today. Defendants still have not substantively responded. True and accurate copies of this correspondence are attached as Exhibit A.

Hedgeye seeks an order compelling Defendants to produce documents in response to Hedgeye's expert discovery demands. On May 9, 2023, Hedgeye issued document requests in accordance with the then-existing expert discovery scheduling, including a request for "[a]ll communications between Francesco Bianchi and Michael Barbera," another testifying expert for Defendants. On June 8, 2023, the Dale Defendants responded to this request by stating in part: "Subject to and without waiving their objections, and outside of some introductory emails which we do not agree to produce because they contain nothing of substance, [Dale] Defendants have no non-privileged documents in their own possession, custody or control responsive to this request." *See* Exhibit B at Request No. 6, pp. 4-5 (attached hereto).

Michael Barbera was engaged by Defendants to create a document that Prof. Bianchi relied upon in his initial expert report. Then, Mr. Barbera issued his own rebuttal report. Prof. Bianchi revealed in his deposition that there may have been a closer relationship between the two experts than was indicated by Defendants' discovery responses or the experts' disclosures. The documents sought in the attached correspondence are relevant to potential bias. Even assuming Defendants believe the emails "contain nothing of substance," that determination is not theirs to make. For instance, even if not substantive, those documents may indicate when Mr. Barbera and Prof.



The Hon. Robert W. Lehrburger
August 15, 2023
Page 2

Bianchi began corresponding regarding this litigation, and the nature of their prior relationship. And if Defendants believe the communications are not substantive, they should have no issue producing them to satisfy Hedgeye's request.

Defendants wrote to Hedgeye today that they were considering this document request but would only agree (if at all) under the condition that Hedgeye produce communications between Hedgeye's expert witnesses, Liam Bastick and Daniel Lacalle, and their direct employees, Tim Heng and Daniel Garcia, respectively. This demand of a *quid pro quo* is highly improper. First, Defendants *never requested these communications* in their document requests. Second, Mr. Barbera and Prof. Bianchi are not employed by the same company and have no relationship that would warrant any protection over their direct communications. Conversely, Tim Heng works for Liam Bastick, and Daniel Garcia works for Daniel Lacalle. Any communications made in the production of their work product are protected by Rule 26 and are in no way analogous to Prof. Bianchi's communications with unaffiliated third parties. Finally, Mr. Barbera issued an independent rebuttal report in this case; Tim Heng and Daniel Garcia did not.

For the foregoing reasons, Hedgeye respectfully requests that the Court order Defendants to produce all communications between Mr. Bianchi and Mr. Barbera. This is a matter of some urgency, as Mr. Barbera's deposition is scheduled to commence on Monday, August 21, 2023 at 9:00 a.m., and Hedgeye would like to have the communications between Mr. Barbera and Prof. Bianchi produced prior to that deposition, so that Mr. Barbera can be examined on them if warranted.

Respectfully submitted,

*/s/ Jessie F. Beeber*

Jessie F. Beeber

cc:     All counsel via ECF