USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,

                  Plaintiff,

      - against -

DARIUS DALE, et al.

                  Defendants.
-------------------------------------------------------------X

21-CV-3687 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves the discovery issue raised by the Dale Defendants at Dkt. 629 and to which Plaintiff responded at Dkt. 633. Defendants have articulated a valid reason why the documents sought may be relevant to the defense of Plaintiff's trade secret claim, notwithstanding that it is a new justification than that previously offered and that, at least according to Plaintiff, Defendants did not explore the issue at deposition of the laptop custodians. Plaintiff complains about burden to produce "only the duplicates" of the responsive documents. (Dkt. 633 at 3.) But that misses the point. Defendants seek production of all responsive documents from the laptops, regardless if they are "duplicates" of documents previously produced. By Plaintiff's own concession, documents on the laptops contain their own unique MD5 hash values, which, to the extent they indicate that the documents came from the executives' laptops, would be relevant to determining the extent to which the executives kept documents and information on their laptops that they otherwise claim as trade secret. To be sure, the mere fact that the executives downloaded documents containing alleged trade secrets to their work laptops is not necessarily indicative of insufficient protection of those trade secrets. But, the fact nonetheless is at least relevant to Defendants' case. As Plaintiff need not undertake a

1

review for duplicates, the burden associated with that task is avoided. Accordingly, Plaintiff shall produce the responsive documents found from search of the laptop computers. To be clear, however, Plaintiff maintains its right to seek costs of the search for and production of those materials based on the criteria set forth in the Court's order at Dkt. 574.

The Clerk of Court is respectfully requested to terminate the letter motion at Dkt. 629.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 1, 2023
       New York, New York

Copies transmitted this date to all counsel of record.