**MEMO ENDORSED**

# VENABLE LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

November 26, 2024

Eric A. Prager
T 212.503.9813
F 212.307.5598
EAPrager@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Centre Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/12/2024

Re:   *Hedgeye Risk Management, LLC v. Dale*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

    This firm represents Plaintiff Hedgeye Risk Management, LLC in this matter. We write to request a briefing schedule for early motions in limine, specifically *Daubert* motions, in connection with the parties' cross-motions for summary judgment.

    We recognize that Your Honor's Individual Rules specify that motions in limine should be filed 21 days before the commencement of trial. Individual Rule 4(B)(iii). However, *Daubert* motions can be appropriate to challenge the admissibility of evidence at summary judgment. Defendants served *Daubert* motions with their opening summary judgment briefs, challenging the propriety of opinions advanced by certain Hedgeye expert witnesses. Defendants did not seek leave of Court to depart from Your Honor's Individual Rules and did not discuss the matter with Hedgeye's counsel in advance of serving their motions. Hedgeye plans to oppose those motions, and Hedgeye wishes to make its own *Daubert* motions, challenging certain of Defendants' experts.

    The parties are in the midst of summary judgment briefing. Opening briefs have been served; opposition briefs are due to be served December 6, 2024; and reply briefs are due to be served January 10, 2025. It seems unnecessarily burdensome for the parties to brief *Daubert* motions while also briefing summary judgment, and accordingly, Hedgeye proposes the following schedule for *Daubert* motions directed at expert testimony used by the parties in their summary judgment briefing: Opening briefs due on February 3, 2025; opposition briefs due on February 17, 2025; and reply briefs due on February 24, 2025. This tracks the timing established in Local Rule 6.1.

    We have sought Defendants' consent to this proposed departure from Your Honor's Individual Rules and this briefing schedule, and they have indicated that they oppose and believe the motions they served were permitted under the Court's rules. They assert that "having a separate briefing cycle in February is contrary to standard practice and makes it impossible for the parties to address any salient issues during the summary judgment briefing, including in their respective Rule 56.1 Statements and Counter-Statements of Facts." It is not clear to which "standard practice" Defendants refer or how they reconcile the departure from Your Honor's clear rules.

VENABLE LLP

The Honorable Andrew L. Carter, Jr.
November 26, 2024
Page 2

Arguments challenging the propriety of experts and/or their testimony do not belong in Rule 56.1 statements; they belong in *Daubert* motions, which the Court has not yet authorized. Defendants could have sought leave of Court earlier if they believed that it would be useful or important to exchange *Daubert* motions at the same time as summary judgment briefs. They did not.

Hedgeye respectfully requests that the Court authorize early *Daubert* motions in accordance with the proposed schedule.

Respectfully submitted,

*/s/ Eric A. Prager*

Eric A. Prager

cc: All counsel via ECF

The Court agrees with the Plaintiff's proposal. The Parties are ordered to submit their *Daubert* motions in February, on the schedule proposed by Plaintiff.

SO ORDERED:

[signature]

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

December 12, 2024
New York, NY