```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/06/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,

                          Plaintiff,

       - against -

DARIUS DALE; STEVEN LAMAR; 42 MACRO,
LLC; NADINE TERMAN; and SOLSTEIN
CAPITAL, LLC,

                         Defendants.
------------------------------------------------------------------X

21-CV-3687 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       The parties recently filed extensive documentation for summary judgment motions and in limine motions concerning expert reports and declarations. In conjunction with those motions, the three sets of parties each have made requests to seal numerous briefs, reports, declarations, and exhibits, either in part or in their entirety. The parties dispute, however, the extent to which sealing is appropriate. Principally, Defendants assert that Plaintiff Hedgeye is seeking to maintain under seal extensive material that should not remain under seal. The parties have set forth their disputes over the course of many letters. *See* Dkts. 723-24, 731, 735, 750, 773, 776, 788, 868, 870, 872-73.

       At the moment, however, with a few exceptions, the parties have not sufficiently specified the material at issue. Nor does it seem that the parties have sufficiently met and conferred to determine which proposed redactions they agree upon and those that they do not. The Court believes that the parties' dispute – and the quantity of material sought to be maintained under seal – can be narrowed substantially by doing so. The

1

Court provides some general, non-exclusive guidelines for the parties to consider during their discussions:

1. The parties should not request to seal material – or material similar in kind – that the Court previously has found may not be maintained under seal.

2. As the current motions concern summary judgment and related expert evidentiary matters, the weight given to disclosure of judicial documents is even greater than at previous junctures.

3. Just because material has been designated by a party as confidential or attorneys-eyes-only under the protective order governing the case does not mean that the information warrants or continues to warrant sealing under Second Circuit standards.

4. Information that has been made publicly or widely available, including but not limited to material filed on the public docket in this case, may not be sealed.

5. High-level discussion of Plaintiff's alleged trade secrets, and of basic concepts or processes, that does not disclose the content of alleged trade secrets does not warrant sealing. Similarly, file names are not likely to warrant sealing.

6. Material may not be redacted on the basis that it considered unhelpful to a party's case or that it may reflect negatively on a party.

7. Complete bank account numbers, recent pricing information, and private and confidential information of third parties are all likely to be appropriate for redaction.

In order to isolate the parties' disputes, if any remain after further meeting and conferring, the parties shall adhere to the following procedures:

1. The parties shall meet and confer to (a) narrow the material for which sealing is requested by any party, and (b) narrow and isolate (i) the material the parties do not agree should be sealed, and (ii) the material which the parties concur should be sealed.

2. By **April 7, 2025**, the parties shall submit to the Court:

    a. A spreadsheet with the following columns (a) a row number (i.e., 1, 2, 3, etc.); (b) identification of the document and page number(s) for

      which sealing is requested; (c) the basis for the sealing request (e.g., trade secret; 3d party privacy; etc.); (d) for each of the three sets of parties, a column with each cell containing either a checkmark (or other symbol) if the respective party agrees the material in the corresponding row should be sealed, or no symbol at all if the respective party does not agree the material should be sealed; and (e) a final column with empty cells to be used by the Court; and

  b. For all documents for which any party requests sealing, a copy of the document keyed to the spreadsheet that highlights by color-coding (such as by highlighting) which party or parties request sealing and whether the request is opposed or not; i.e.,

      Color 1: Hedgeye requests sealing but there is opposition;
      Color 2: Dale requests sealing but there is opposition.
      Color 3: Terman requests sealing but there is opposition.
      Color 4: Any party requests sealing and there is no opposition.

  c. If the parties agree that a different format would better facilitate the Court's resolution of the sealing determinations, they may jointly propose it to the Court.

Regarding Hedgeye's request to place under seal the documents listed in Exhibit A to its February 20, 2025 letter due to inadvertently omitted redactions of material (Dkt. 872), the Court will order that those documents be temporarily placed under seal. By **March 10, 2025**, Hedgeye shall file revised public versions of those documents containing the omitted redactions. The extent to which any of that material will remain under seal, however, will be determined in conjunction with the procedures set forth above.

The Clerk of Court is directed to **place under seal**: Dkts. 786, 787, 836, 838-39, 847, 866. The Clerk of Court also is directed to **terminate** the letter motions at Dkts. 731, 735, 750, 773, 776, and 788.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 6, 2025
       New York, New York

Copies transmitted to all counsel of record.