UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HEDGEYE RISK MANAGEMENT, LLC,

                         Plaintiff,                      21-CV-3687 (ALC) (RWL)

      - against -

                                                 **ORDER: SEALING**

DARIUS DALE; STEVEN LAMAR; 42 MACRO,
LLC; NADINE TERMAN; and SOLSTEIN
CAPITAL, LLC,

                        Defendants.
------------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      On July 29, 2025, this Court issued sealing orders in regard to hundreds of individual sealing requests by the parties. (See Dkt. 955-958.) The Court noted therein that given the vast quantity of sealing requests, it was possible that some of the Court rulings could be inconsistent and therefore invited the parties to submit comments in that regard. On August 7, 2025, Plaintiff Hedgeye filed a letter for that purpose. (Dkt. 960.) This order addresses the items raised there.

      1. The Court confirms that it did not intend to seal any item that the parties agreed need not be sealed. Individual Determinations Spreadsheet at Dkt. 956-1 (the "Spreadsheet") at 56, row 21 should be changed to "N/A".

      2. The Court confirms that in instances where Hedgeye requested that an item be sealed, Defendants raised no objection, and the Court's decision column on the sates "N/A", the proper entry is "GRANTED." Accordingly, Spreadsheet at 91, rows 43-46 should be changed from N/A to "GRANTED."

      3. "Alpha Variable Weighting": Spreadsheet at 3, row 4 should not be changed. With the benefit of more information and context provided by the parties' comprehensive

1

sealing requests and the Court's review of the full swath of summary judgment and motion in limine materials addressed thereby, the Court made more precise redactions.

4. "Non-Use of a File":  The examples provided were intentional and do not require change.  The Court granted sealing in some instances due to the specific descriptions of the functions of the particular file names but did not seal file names in instances that were more general.

5. "Use of a File":  There is nothing inherently sealable about the term "double-check."  The Court did intend to grant the request, however, where the use of the term identified the particular matter to which it was applied.  Spreadsheet at 3, row 30 should be changed to GRANTED.

6. "Substance of Hedgeye's GMRM Model":  The Court agrees that in context, Spreadsheet at 88, row 13 should be changed to "GRANTED."  Spreadsheet at 88, row 15:  the words "nine data points" should not be included in the sealed portion. Spreadsheet at 88, rows 16-19 are correct and should not be changed.

7. "Institutional Subscriber Identities":  The Court intended to seal subscriber names.  Accordingly Spreadsheet at 80, row 28 should be changed to "Granted only as to subscriber names."

8. "Consensus Estimates":  The Court apologizes for the inconsistencies with respect to this item.  They were not intentional.  References to the words "consensus estimates" generally should be "GRANTED."

The Court will issue an amended Spreadsheet making the appropriate changes. Before doing so, however, the Court will provide the parties with an opportunity to identify

any additional instances meriting change in light of items numbered 1, 2, 5, and 7 above. Any letter identifying such instances shall be filed by **August 21, 2025**.

The Court agrees that it is appropriate to defer objections to the Court's determinations – with respect to all parties' sealing requests – at least until after the Court provides the parties with an amended Spreadsheet.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2025
         New York, New York

Copies transmitted to all counsel of record.