

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

September 10, 2025

Via ECF
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

  Defendants Dale, Steven Lamar, and 42 Macro respectfully oppose Hedgeye's request to postpone the deadline to object to Judge Lehrburger's sealing determinations until after summary judgment motions have been resolved.  (Dkt. 984).

  Hedgeye cites no authority to support such postponement, because there is none.  Second Circuit law is clear that determinations regarding sealing must be made promptly, and that the public's right to access to should not be delayed.  Indeed, this Circuit routinely "emphasize[s] the importance of immediate [public] access where a right to access is found."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006); *see also id.* ("each passing day may constitute a separate and cognizable infringement of the First Amendment").  In light of the important rights at issue, "the district court must make its findings quickly."  *Lugosch* at 126. "For the right of access to justify its purpose, it must be a right of timely access."  *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025).

  The Second Circuit permits the public's access to be delayed only where the "reason for doing so is essential to preserve higher values and is narrowly tailored to serve that interest, a conclusion that must be justified by specific on the record findings."  *Courthouse News Serv.*, 131 F.4th at 67 (cleaned up).  Defendants are not aware of any "higher value" that counsels against holding Hedgeye to the ordinary 14-day deadline for filing an objection to a Magistrate Judge's ruling, nor are they aware of any on-the-record findings that would support one. Hedgeye's letter refers to the "efficient use of time and resources" (Dkt. 984 at 2), but not to any higher value that would stand above the public's First Amendment right to access judicial documents.  Hedgeye's requested postponement would improperly "maintain [documents] under seal" through a putatively "passive act" that is in reality "an active decision requiring justification under the First Amendment" – justification that does not exist here.  *Lugosch*, 435 F.3d at 126.

  Hedgeye's excessive requests for sealing have already denied the public access to large swaths of the summary judgment briefing for months.  Judge Lehrburger's July 29 ruling

The Honorable Andrew L. Carter, Jr.
September 10, 2025

rejected the clear majority of them – literally hundreds of requests.  (Dkt. 956).  Contrary to Hedgeye's assertions, Judge Lehrburger's ruling does not come close to requiring the disclosure of any alleged trade secrets, nor did Defendants seek any such disclosure.  Indeed, much of what Judge Lehrburger directed to be unsealed has little to do with anything that could even conceivably be called a trade secret.  It includes media presentations Hedgeye made to its thousands of subscribers, customer complaints Hedgeye received, and snide comments its executives made about Mr. Dale during his employment there.  To the extent documents discuss Hedgeye's Excel spreadsheets, Judge Lehrburger unsealed high-level descriptions that speak in generalities rather than disclosing any specific content or proprietary details.  Indeed, Judge Lehrburger engaged in a detailed, painstaking analysis to avoid any improper disclosure.  To the extent he may have erred, he offered Hedgeye an opportunity to point to any inconsistency and then adjusted his rulings after they did so.  There is no reason not to have confidence in the process he followed or in the determinations he made.

For the foregoing reasons, Hedgeye should be held to the standard 14 -day deadline for any objection it plans to file.

Respectfully submitted,

*/s/ Jonathan P. Bach*

Jonathan P. Bach