

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

September 10, 2025

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

      We write on behalf of Defendants Dale, Lamar, and 42 Macro, pursuant to Federal Rule of Civil Procedure 72(a), to object to one narrow aspect of Judge Lehrburger's ruling regarding the sealing of summary judgment materials. (Dkts. 955, 956, 981). While we defer to all of Judge Lehrburger's substantive determinations, we are constrained to object to his procedural determination, set forth in a footnote, that Hedgeye can wait until the end of this case before filing appropriately unredacted materials. (Dkt. 955 at 5 n.1). We are constrained to object because that practice – which would delay public access to judicial documents – is contrary to Second Circuit law.

      By way of background, the parties have long disputed whether Hedgeye's extensive redactions and proposed sealing requests are appropriate. Defendants raised numerous objections, repeatedly cautioning Hedgeye about the high bar for sealing materials at the summary judgment stage. This Court referred the dispute to Judge Lehrburger. On July 29, 2025, after a careful and painstaking review of the entire record, Judge Lehrburger issued a ruling rejecting the clear majority of Hedgeye's sealing requests—literally hundreds of them. (Dkt. 956). Out of an abundance of caution, Judge Lehrburger offered the parties an opportunity to review his ruling and identify any inconsistencies. Hedgeye took him up on this offer, and, after further review, by final Order dated September 2, 2025, Judge Lehrburger granted certain Hedgeye requests for reconsideration but not others. (Dkts. 956, 981). Judge Lehrburger's process was thorough and meticulous in every respect.

      As part of his ruling, Judge Lehrburger directed the parties to defer the refiling of appropriately unredacted summary judgment materials until the end of the case. (Dkt. 955 at 5 n.1). This limited aspect of his ruling is the subject of the present objection. Defendants respectfully submit that aspect of the ruling is inconsistent with well-established Second Circuit law, which requires immediate unsealing where no justification to keep materials off the public record is found. Pursuant to Fed. R. Civ. P. 72(a), this Court "must…set aside [that] part of the order" because it is "contrary to law."

The Honorable Andrew L. Carter, Jr.  
September 10, 2025

Page 2

    Second Circuit law "emphasize[s] the importance of immediate [public] access where a right to access is found." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006). Indeed, this Circuit has warned that, when judicial materials deemed unworthy of sealing remain unavailable, "each passing day may constitute a separate and cognizable infringement of the First Amendment," and "long delays in adjudication based on secret documents" impede "the public's ability to properly monitor the work of the courts." *Id.* "For the right of access to justify its purpose, it must be a right of timely access." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025).

    The Second Circuit permits a delay in un-sealing only where the "reason for doing so is essential to preserve higher values and is narrowly tailored to serve that interest, a conclusion that must be justified by specific on the record findings." *Courthouse News Serv.*, 131 F.4th at 67 (cleaned up). Defendants are not aware of any "higher value" that counsels against immediate public access to materials that have been ordered unsealed, nor are they aware of any record findings that would support one. Judge Lehrburger's direction that the parties postpone the refiling of summary judgment materials appears to be based on the administrative concern that additional unsealing may be called for at a later procedural stage (for example, if this Court determines that Hedgeye's trade secret claims are unfounded). (*See* Dkt. 955 at 4-5 ("It is certainly possible that the Court may have approved information for sealing that ultimately turns out not to be granted trade secret protection. In that event, adjustments to what has been sealed may be appropriate.")). Defendants respectfully submit that such administrative convenience does not rise to the level of a "higher value" of sufficient magnitude to outweigh important First Amendment concerns.

    Defendants presented this issue to Judge Lehrburger, asking him to reconsider this one limited aspect of his ruling. (Dkt. 966). Judge Lehrburger denied Defendants' application without stating any reasons. (Dkt. 971).

    Defendants anticipate Hedgeye will argue in favor of further delay of its obligation to file appropriately unredacted materials, claiming that delay is necessary to protect the secrecy of its claimed trade secrets. But this issue does not come close to implicating any claimed trade secrets. Judge Lehrburger did not order the disclosure of any specific proprietary information or details, nor did Defendants seek such disclosure. At most, Judge Lehrbuger unsealed only high-level descriptions as opposed to particular data or designs. Defendants do not object to a stay of Judge Lehrburger's ruling pending this Court's review of any objection submitted by Hedgeye, but Defendants remain skeptical that, in seeking such review, Hedgeye will be able to point to even a single instance in which Judge Lehrburger ordered the unsealing of anything that might come close to resembling a trade secret.

The Honorable Andrew L. Carter, Jr.  Page 3
September 10, 2025

      For the foregoing reasons, Defendants respectfully submit that the portion of Judge Lehrburger's Order that postpones the filing of unredacted materials until the end of the case is in error and should be stricken. Defendants further urge this Court to assign Hedgeye the burden of filing all unredacted materials, so that Defendants may be spared further time and expense in accommodating Hedgeye's patently overbroad sealing requests.

      Respectfully submitted,

      /s/ Jonathan P. Bach

      Jonathan P. Bach