**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

**MEMO ENDORSED**

September 9, 2025

Jessie F. Beeber

T 212.808.5677
F 212.307.5598
JBeeber@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 09/15/2025

Re:   *Hedgeye Risk Management, LLC v. Dale, et al.*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

We represent plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in the above captioned matter. We write to renew our request that the date to object to Magistrate Judge Lehrburger's sealing determinations be stayed until this Court has ruled on the parties' summary judgment motions.

On July 29, 2025, Magistrate Judge Lehrburger issued his orders on the parties' requests to seal certain portions of the Summary Judgment and Daubert briefings in this matter. For each party, Magistrate Judge Lehrburger issued the same order setting forth his general findings (*see, e.g.*, Dkt. 956 (the "First Hedgeye Sealing Order")) and a spreadsheet containing his determinations for each item that party sought to seal. *See, e.g.*, Dkt. No. 956-1 (the "First Hedgeye Individual Determinations Spreadsheet"). On August 7, 2025, Hedgeye submitted a letter to Judge Lehrburger identifying certain potential inconsistencies within the Individual Determinations Spreadsheet. *See* Dkt. Nos. 960 & 961. On that same day, Hedgeye submitted a letter to this Court, requesting a stay of the deadline to object to Magistrate Judge Lehrburger's sealing determinations, pursuant to Fed. R. Civ. P. 72, until there has been an adjudication on the merits of this case. *See* Dkt. Nos. 963 & 964. On August 8, 2025, Magistrate Judge Lehrburger issued an Order clarifying the inconsistencies raised by Hedgeye and inviting the parties to identify any additional instances that might merit change in light of his Order. *See* Dkt. 965 (the "Clarification Order"). Because of the Clarification Order, this Court denied as moot Hedgeye's request to stay the deadline to object to Magistrate Judge Lehrburger's sealing determinations, and instead stated that "the parties shall be permitted to file objections following further input [from Judge Lehrburger] and the issuance of an amended spreadsheet." Dkt. 967.  On August 21, 2025, Hedgeye submitted around 50 additional instances of potential inconsistencies for Magistrate Judge Lehrburger's consideration.

On September 2, 2025, Magistrate Judge Lehrburger issued an order on Hedgeye's August 21, 2025 submission (*see* Dkt. 981 (the "Additional Clarification Order")) and a spreadsheet containing his determination of each additional request (*see* Dkt. 981-1 (the "Amended Individual

Hon. Andrew L. Carter, Jr.
September 9, 2025
Page 2

Determinations Spreadsheet")), which are to supersede certain of the rulings in the First Hedgeye Individual Determinations Spreadsheet. Hedgeye is now in the process of reviewing and reconciling Magistrate Judge Lehrburger's sealing orders to prepare a redacted version of the First Hedgeye Individual Determinations Spreadsheet and the Amended Individual Determinations Spreadsheet for filing on the public docket by September 11, 2025.

By our calculation, Hedgeye has until September 16, 2025 to file objections pursuant to Fed. R. Civ. P. 72, to Magistrate Judge Lehrburger's sealing determinations with this Court (the "Objection Date"). We write to request a stay of that deadline until after this Court has decided the parties' summary judgment motions, for the reasons outlined below.

First, the First Hedgeye Sealing Order recognizes that "[e]xactly what, if anything, is a trade secret in this case is a hotly disputed issue and will be determined either on summary judgment or at trial," (First Hedgeye Sealing Order at 4) and that "[d]ue to the possibility that one or more of the Court's individual sealing rulings could be revisited in the future, the parties should not refile at this time any materials to reflect the Court's ruling. Rather, they should do so at the end of the case." *Id.* at 5, n.1. Since Magistrate Judge Lehrburger's current determinations are likely to be revisited based on this Court's determination of what is or is not a trade secret, we submit that the Court should not expend judicial resources reviewing Hedgeye's objections at this juncture.

Moreover, the sheer volume of the determinations that must be reviewed supports a stay of the Objection Date until after there has been an adjudication of the merits. Magistrate Judge Lehrburger has ruled on over 2,000 of Hedgeye's redaction proposals, and this volume understandably resulted in certain inconsistencies within Magistrate Judge Lehrburger's determinations that Hedgeye has spent the last month identifying and reconciling. To lodge objections at this juncture, Hedgeye would have to review roughly 1,000 redaction proposals that Magistrate Judge Lehrburger ordered to be unsealed.

Although Hedgeye is ready and willing to do this work, we submit that again it is inefficient to undertake this burdensome review while these determinations still hinge on the adjudication of the merits of Hedgeye's trade secret claims. Without a stay, Hedgeye has no choice but to do that work, because of the Dale Defendants' repeated attempts to obtain back-door adjudications on the merits of whether particular items are trade secrets, by urging Judge Lehrburger to compel Hedgeye to disclose them on the public docket.

Hedgeye respectfully submits that it would be a more efficient use of time and resources to stay the Objection Date until after there has been an adjudication on the parties' summary judgment motions.

Defendants Darius Dale, Steven Lamar, 42 Macro LLC, Nadine Terman, and Solstein Capital LLC have noted that they object to the relief Hedgeye is seeking.

Hon. Andrew L. Carter, Jr.
September 9, 2025
Page 3

                                        Respectfully submitted,

                                        /s/ *Jessie F. Beeber*

                                        Jessie F. Beeber

cc:   All counsel via ECF

Jgfig{g's request is **I TCPVGF**. The deadline to object to Judge Lehrburger's sealing order is extended until ten days following thku Eqwtvu fgekukqp qp vjg rgpfkpi oqvkqpu hqt uwooct{ lwfiogpv.

Ikxgp vjcv vjg Fcng Fghgpfcpvu fq pqvqdlgevvq c uvc{ through the resolution of cp{ qdlgevkqpu, *ugg* GEHP q0;:8 cv4. vjgkt qdlgevkqpu ctg fgpkgf ykjqw rtglwfkeg cpf oc{ dg tgpgyged cpf lqt com gpfgf chvgt vjgo qvkqpu hqt uwoo ct{ lwfio gpvj cxg dggp decided.

SO ORDERED:
[signature]
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
September 15, 2025
New York, NY