**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

MEMO ENDORSED

March 12, 2025

Sarika Andavolu

T 212.370.6260
F 212.307.5598
SAndavolu@Venable.com

<u>VIA ECF</u>

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 09/30/2025

Re:   *Hedgeye Risk Management, LLC v. Dale, et al.*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

I represent plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in the above captioned matter. I write regarding the Declarations of Sarika Andavolu dated October 25, 2024 (the "Andavolu Decl. I") (Dkt. 818) and January 17, 2025 (the "Andavolu Decl. III") (Dkt. 861) filed in support of Hedgeye's Motions for Summary Judgment. As detailed further below, Hedgeye requests leave of the Court to file a supplemental declaration from me that corrects my previous declarations, provides the appropriate deposition transcript excerpts and indexes, and includes additional excerpts of deposition transcripts that were referenced in Hedgeye's Memorandum of Law in Support of its Motion *in limine* to Preclude Expert Testimony of Defendants-Counterclaimants' Proffered Expert Kristopher Boushie (the "Motion to Preclude Kristopher Boushie") (Dkt. Nos. 742, 743).

For the purposes of the Summary Judgment briefing, Hedgeye intended to file excerpts of the deposition transcripts cited in Hedgeye's papers on the public record and to file copies of the full deposition transcripts under seal with the Court, for the Court's reference. Accordingly, both the Andavolu Decl. I and Andavolu Decl. III state that "a true and accurate copy" of the full deposition transcripts cited were provided to the Court.

However, Hedgeye inadvertently filed with the Court, both on the public docket and under seal, only excerpts of the deposition transcripts. Accordingly, I seek to clarify for the Court that the deposition transcripts accompanying my declarations are in fact only excerpts, and not true and correct copies of the full deposition transcripts.

Further, on February 10, 2025, Hedgeye filed Motions to Preclude certain experts submitted by Defendants Darius Dale, Steven Lamar, and 42 Macro, LLC (the "Dale Defendants") and Nadine Terman and Solstein Capital LLC (the "Terman Defendants"). Specifically in its Motion to Preclude Kristopher Boushie, Hedgeye referred to certain deposition transcripts, referencing exhibits to the Andavolu Decl. I, but the cited portions of these transcripts were not

VENABLE LLP

Hon. Andrew L. Carter, Jr.
March 12, 2025
Page 2

filed on the public docket or provided under seal to the Court in Hedgeye's Summary Judgment briefing.

Rather than inundate the Court with copies of the full deposition transcripts under seal now, Hedgeye respectfully requests that the Court grant Hedgeye leave to file a Supplemental Declaration of Sarika Andavolu dated March 12, 2025, clarifying the portions of the Andavolu Decl. I and Andavolu Decl. III that reference the deposition transcripts, and attaching the relevant deposition excerpts, including those cited in the Motion to Preclude Kristopher A. Boushie, and their respective indexes. The proposed Declaration of Sarika Andavolu dated March 12, 2025 (the "Supplemental Andavolu Declaration"), along with its exhibits is attached hereto as **Exhibit A**.

If the Court instead prefers full copies of these deposition transcripts under seal, Hedgeye will be happy to provide them.

Respectfully submitted,

/s/ Sarika Andavolu

Sarika Andavolu

cc:   All counsel via ECF

ECF Nos. 885 and 886 are hereby **GRANTED**.

SO ORDERED:

*[signature]*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
September 30, 2025
New York, NY