**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

October 10, 2025

Jessie F. Beeber

**T** 212.808.5677
**F** 212.307.5598
JBeeber@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Hedgeye Risk Management, LLC v. Dale, et al.*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

We represent plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in the above captioned matter. This Court previously set the deadline to object to Judge Lehrburger's sealing orders (Dkt. Nos. 956, 965, and 981-1, the "Sealing Orders") as "ten days following this Court's decision on the pending motions for summary judgment." Dkt. No. 992. We therefore write to provide the Court with Hedgeye's objections to the Sealing Orders. Given that Judge Lehrburger's individual rulings were provided to the parties as a pdf of an Excel spreadsheet, Hedgeye submits to the Court a pdf spreadsheet that includes Hedgeye's individual sealing proposals, Judge Lehrburger's individual determinations as to those proposals, and Hedgeye's objections to those determinations, where applicable ("Hedgeye's Objections"), attached as Exhibit A. Should the Court prefer Hedgeye to submit the native Excel spreadsheet, or to provide its objections to the Court in some other manner, Hedgeye is happy to do so.

Hedgeye also requests that the spreadsheet pdf containing Hedgeye's Objections be filed under seal as it contains content that is designated by Hedgeye as Confidential and Attorneys Eyes Only.

Hedgeye objects to the unsealing of any of the material that it has designated as confidential at this time. Hedgeye takes this position in order to preserve the confidentiality of its proprietary business information (regardless of whether Hedgeye's position is that such information is a trade secret, or confidential information protected by Hedgeye's employment agreement with Darius Dale that is the subject of this litigation) until a final, unappealable adjudication is obtained. Given the nature of the claims in this action, premature disclosure of Hedgeye's confidential and proprietary information on the public docket would remove Hedgeye's ability to seek appellate review of these issues.

In issuing his sealing determinations, Judge Lehrburger recognized the impact that disclosure of information on the public docket would have on Hedgeye's rights, and held that

Hon. Andrew L. Carter, Jr.
October 10, 2025
Page 2

"[d]ue to the possibility that one or more of the Court's individual sealing rulings could be revisited in the future, the parties should not refile at this time any materials to reflect the Court's ruling. Rather, they should do so at the end of the case." *Id.* at 5 n.1. In line with that ruling, Hedgeye requests that no unsealing of its documents and information should occur until a final unappealable adjudication on the merits of those designations has been obtained.

                          Respectfully submitted,

                          /s/ *Jessie F. Beeber*

                          Jessie F. Beeber


cc:    All counsel via ECF; Hedgeye's Objections via email