**Shapiro Arato Bach** LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

October 28, 2025

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

  The parties jointly submit this letter in response to the Court's instruction to set forth their respective positions on the extent to which any portions of the Court's summary judgment ruling in this case should be sealed. (Dkt. 998 at 124). The parties have met and conferred and respectfully state their positions below. A highlighted version of the summary judgment ruling showing the parties' proposed redactions will be emailed to chambers in connection with this filing.

<u>Defendants' Position:</u>  Defendants collectively propose limited redactions, highlighted in yellow in the accompanying submission. These proposed redactions are consistent with Judge Lehrburger's prior orders and the three-step test for evaluating the propriety of sealing set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). They include:

- p. 3: the percentage equity share various parties hold in 42 Macro
- p. 6-7, 97: the capital investment and ownership share Solstein made into Longbow, and the percentage of a proposed equity share to Dale
- p. 13, 113: the name of a former Solstein client
- p. 108: the amount of payment Terman received for work with CNBC

Counsel for Hedgeye has advised that it does not object to these proposed redactions. Judge Lehrburger specifically held much of this information could be redacted. *See* Dkt. 957-1 at p. 1, ln. 4 (sealing customer name); Dkt. 958-1 at p. 1 ln. 2, p. 9-10 lns. 21-23 (sealing 42 Macro and Longbow equity figures and investment amounts). His ruling was entirely consistent with *Lugosch*, which directs courts to balance the presumption of public access against "competing considerations" such as "the privacy interests of those resisting disclosure." 435 F.3d at 120.

This information proposed for redactions is sensitive and confidential business information, and disclosing it could cause 42 Macro, Solstein, and non-parties such as Longbow, CNBC, and Solstein's former client business harm, including competitive harm. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming

The Honorable Andrew L. Carter, Jr.
October 28, 2025

protective order sealing "judicial documents" that, if disclosed, might expose a party of "financial harm" or otherwise cause "significant competitive disadvantage"). Moreover, the requests are narrowly tailored such that they will not impede the public's ability to understand the primary evidence and issues in dispute on summary judgment. *Cf. Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (finding good cause to seal information that pertained to party's "privacy, proprietary, and business interests" that was only "minimally relevant to the summary judgment motions").

As to Hedgeye's redaction requests, Defendants strongly object. Hedgeye primarily seeks to redact references to its use of a subjectively determined "alpha" variable and the effect that variable may have on Hedgeye's model forecasts. Saying that Hedgeye employs a discretionary "alpha" variable does not reveal anything of competitive value. Indeed, given the non-descript nature of the term, Hedgeye's use of a so-called "alpha" variable was disclosed on the public docket of this case years ago and has remained there ever since. (*See* Dkt. 463-1 at 4-6). Although Judge Lehrburger provisionally permitted Hedgeye to seal references to the impact that variable had on its outputs, Judge Lehrbuger did so before any summary judgment ruling—in deference to Hedgeye's position that such matters might be adjudged trade secrets. Now that the Court's summary judgment ruling has made clear that Hedgeye has failed to demonstrate the existence of a protectable trade secret, such sealing is no longer appropriate. The public has a right to access important judicial documents. The Court's analysis of the alpha variable's impact on Hedgeye's outputs was an important component of this Court's trade secret ruling (*see, e.g.*, Dkt. 998 at 33, 80), thereby placing even more weight on the presumption of public access. *See Lugosch*, 435 F.3d at 119 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.").

Hedgeye's Position: Hedgeye proposes limited redactions, highlighted in red to signify Attorneys' Eyes Only ("AEO") designations, and blue to signify "Confidential" designations. Hedgeye proposes the following redactions to preserve its right to seek appellate review of these issues once a final, unappealable adjudication is obtained in this Action.

- p. 25: reference to Hedgeye and 42 Macro model calculations;
- p. 33: reference to function of alpha variables to generate Hedgeye's outputs
- p. 68: references to specific variables in Hedgeye's GMRM file
- p. 80: references to the inner working of Hedgeye's models, including specific citations to the contents of Attachment A, which outlines Hedgeye's methodology

While Hedgeye understands the presumption of access afforded to judicial documents in the Second Circuit, it also respectfully submits that in a claim involving trade secrets or the type of confidential information at issue in this Action, there is a legitimate interest that counsels *against* public access, because such strict adherence to the presumption of access risks disclosure of the trade secrets or confidential information that underlie the litigation. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, Civ. No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *9, 26 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal certain documents on summary judgment because "[c]ourts commonly find that documents that contain trade secrets . . . satisfy the sealing

The Honorable Andrew L. Carter, Jr.
October 28, 2025

Page 3

standard" and "risk of competitive harm that would result from disclosure outweigh[s] the strong presumption of public access to the documents at issue" (internal quotations omitted)).

The Defendants mischaracterize the nature of Hedgeye's sealing requests by arguing that Hedgeye is trying to seal references to its use of "alpha variables," which the Dale Defendants claim was previously disclosed on the public docket by their filing of Hedgeye's responses to the Dale Defendants' Requests for Admissions. Dkt. 463-1 (the "Hedgeye RFAs"). As Hedgeye's requests make clear, this is false. Hedgeye does not seek to redact references to the existence of the alpha variable. *See, e.g.*, 998 at 81. Instead, Hedgeye seeks to redact references to the inner workings of its models, and references to the specific function of the variables used by Hedgeye in generating its outputs.

Hedgeye acknowledges that this Court has held that Hedgeye's source models and customer lists do not meet the definition of trade secrets (see Dkt. 998 at 81-82), but, respectfully, Hedgeye intends to appeal this ruling after a final judgment is entered. Accordingly, in order to maintain Hedgeye's right to seek appellate review of that ruling, the confidentiality of those materials must be observed in the meantime. If they are instead disclosed, Hedgeye's right to appellate review will be eviscerated. Indeed, "[c]ourts have . . . frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access, as the right of access to the courts would be compromised if, as a condition of that access, a party was forced to disclose the very secrets that it was trying to protect." *Adstra, LLC v. Kinesso*, LLC, 2025 U.S. Dist. LEXIS 61701, *2-3 (S.D.N.Y. Mar. 31, 2025) (collecting cases).

Moreover, Hedgeye still has an active claim for breach of contract against Defendant Darius Dale for violating the confidentiality provisions of his Hedgeye employment agreement, and this Court has found that Hedgeye's source models and customer lists constitute confidential material. Dkt. 998 at 84-85 ("It is undisputed that Dale kept copies of Hedgeye source models and customer lists after his termination . . . . Such information clearly falls within the provision's definition of confidential.") (internal citations omitted). Accordingly, Hedgeye has the right to maintain the confidentiality of those materials, regardless of this Court's ruling on Hedgeye's trade secret claims under the DTSA.

Respectfully submitted,

/s/ *Jessie F. Beeber*
Jessie F. Beeber
VENABLE LLP

/s/ *Jonathan P. Bach*
Jonathan P. Bach
SHAPIRO ARATO BACH LLP

*Attorneys for Plaintiff Hedgeye*
*Risk Management, LLC*

*Attorneys for Defendants Darius Dale and*
*42 Macro, and Steven Lamar*

The Honorable Andrew L. Carter, Jr.
October 28, 2025

Page 4

_/s/ Jason M. Koral_
Jason M. Koral
PRESS KORAL LLP

*Attorneys for Defendants Nadine
Terman and Solstein Capital, LLC*