

**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

October 28, 2025

Via ECF
The Honorable Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

> The Court has reviewed the testimony in question. The Court agrees with Defendants that the testimony is generalized and high-level, does not reveal any trade secrets, and does not meet the standards for sealing in the Second Circuit. The Court also notes that Hedgeye did not file a response. Accordingly, the motion to seal is denied.
>
> SO ORDERED:
>
> 11/6/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Lehrburger:

    We write on behalf of Defendant Darius Dale to request leave to file portions of Exhibit A to Defendant's motion for Rule 11 sanctions and references thereto under seal. We do so only in deference to Hedgeye's request.

    Dale does not believe there is any basis to seal or redact these materials. Exhibit A consists of excerpts from the July 30, 2024 deposition of Hedgeye CEO Keith McCullough, on the limited topic of Hedgeye's claim for breach of the assignment-of-rights provision in Dale's Hedgeye employment contract. That claim does not address any alleged trade secrets, nor does it concern any sensitive or proprietary business information. It simply concerns the option of calculating and providing economic information on a monthly as opposed to quarterly basis.

    Hedgeye's proposed redactions fail to meet the strict standards for sealing under Second Circuit law. The excerpted materials "directly affect [the] adjudication" of this motion and are thus a key part of important "judicial documents" to which a strong presumption of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Hedgeye cannot articulate any meaningful "privacy interest" sufficient to outweigh that presumption. *Id.* at 120. McCullough's testimony is generalized and high-level. It does not disclose the inner workings of Hedgeye's excel models.

    Accordingly, Hedgeye's requests for sealing should be denied.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach