

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

November 10, 2025

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

  Defendants respectfully submit this letter in opposition to Plaintiff Hedgeye's request to adjourn the November 20, 2025 conference. (Dkt. 1037). That conference was set to review Hedgeye's Objection to Judge Lehrburger's ruling on the sealing of summary judgment materials. There is no legitimate reason for it to be adjourned.

  Hedgeye has made an art of avoiding the unsealing of hundreds of redacted portions of important summary materials, seeking to delay at every turn. It petitioned the Court to defer the filing of its Objection, and any consideration thereof, until after the summary judgment ruling, and the Court acceded to that request. It now petitions the Court to further defer consideration pending a mediation proceeding that has not even been scheduled and will likely not take place until December or sometime next year. As a result of Hedgeye's dilatory tactics, many summary judgment documents remain substantially redacted despite having been filed months ago, and despite a ruling by Judge Lehrburger, also months ago, ordering that substantial portions be unsealed. This runs contrary to clear Second Circuit law, which requires that sealing issues be addressed promptly, particularly at the summary judgment stage. The Second Circuit "emphasize[s] the importance of immediate [public] access where a right to access is found." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006). Judge Lehrburger found that such a right of access exists after a very careful consideration of the record and a long, painstaking process. The Second Circuit has warned that "each passing day may constitute a separate and cognizable infringement of the First Amendment," and "long delays in adjudication based on secret documents" impede "the public's ability to properly monitor the work of the courts." *Id.* "For the right of access to justify its purpose, it must be a right of timely access." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025).

  Hedgeye's latest excuse for delay—a contemplated mediation between the parties, the details of which have yet to be arranged—should be rejected out of hand. Mediation has no bearing on the issue of sealing. Regardless of the outcome of any mediation, the Court will still have to determine which summary judgment materials should be sealed and which should be part

The Honorable Andrew L. Carter, Jr.  
November 10, 2025

Page 2

of the public record. Judge Lehrburger has made that determination, and Hedgeye has yet to offer any compelling grounds to suggest his rulings were clearly erroneous.

Hedgeye's stated concern that the sealed materials reflect alleged trade secrets has no basis. Defendants did not object to the sealing of any alleged trade secret materials or to portions of briefs that might reveal them. Moreover, Judge Lehrburger expressly noted in his ruling that he was erring on the side of not requiring the disclosure of alleged trade secret materials. (Dkt. 956 at 4-5). Upon review, this Court will see that the disclosures Judge Lehrburger so ordered do not come close to approaching anything that might be alleged to be a trade secret.

Hedgeye has yet to put forward any evidence to the contrary. Its Objection to Judge Lehrburger's ruling was remarkable for its lack of argument or factual demonstration. (Dkts. 1007, 1017). Indeed, Hedgeye takes the astounding position that Judge Lehrburger was wrong across the board, in every single one of hundreds of rulings requiring the disclosure of previously sealed materials.

At the conference on October 28, 2025, this Court stated that Hedgeye had failed to meet its burden in challenging Judge Lehrburger's ruling, and it then directed Hedgeye to promptly arrange for the required unsealing. When Hedgeye protested—again without any factual demonstration to meet its burden in showing Judge Lehrburger's rulings to be clearly erroneous—this Court set a conference on November 20 at which Hedgeye would be afforded one last opportunity to make its case that Judge Lehrburger was wrong. Hedgeye now seeks to delay that conference and hence to delay the unsealing of important summary judgment materials once again.

Defendants respectfully submit that the November 20 conference should go forward, consistent with Second Circuit law requiring prompt attention to sealing. Defendants also respectfully submit that a single conference will have no effect on the parties' ability to discuss potential mediators and a possible schedule for a mediation proceeding.

Respectfully submitted,

*/s/ Jonathan P. Bach*

Jonathan P. Bach  
On Behalf Of All Defense Counsel