

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

November 14, 2025

Jessie F. Beeber

t 212.808.5677
f 212.307.5598
JBeeber@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Hedgeye Risk Mgmt., LLC v. Dale, et al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Carter:

      We represent Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in this action. We write regarding this Court's Minute Order dated November 10, 2025, adjourning the November 20, 2025 hearing on Hedgeye's objections to Judge Lehrburger's summary judgment sealing orders, and ordering that the parties "meet and confer to come up with a representative group of objections, not to exceed a total of 25" and file a joint letter by November 25, 2025. As further detailed below, Hedgeye requests the opportunity to include, in that representative group of twenty-five objections, Hedgeye's objections to Magistrate Judge Lehrburger's November 6, 2025 denial of its requests to seal portions of the Motion for Sanctions and accompanying Exhibit A filed by Defendants Darius Dale, Steven Lamar, and 42 Macro LLC (the "Dale Defendants") (Dkt. 1036, the "Sanctions Sealing Order").

      By way of brief background, on October 28, 2025, the Dale Defendants filed a Motion for Sanctions against Hedgeye. *See* Dkt. Nos. 1023-28 (the "Sanctions Motion"). Prior to the filing, the Dale Defendants sought Hedgeye's position regarding sealing the Sanctions Motion and accompanying Exhibit A, which contained excerpts of the July 30, 2024 deposition transcript of Hedgeye's CEO Keith McCullough (the "McCullough Transcript"). Hedgeye proposed redactions to the McCullough Transcript limited to discussion of Hedgeye's proprietary monthly quad models and its inner workings. The Dale Defendants filed the Sanctions Motion and the McCullough Transcript with redactions per Hedgeye's sealing proposals and noted in their motion to seal that their redactions comported with Hedgeye's sealing positions, with which they disagreed. On November 6, 2025, Magistrate Judge Lehrburger issued the Sanctions Sealing Order, denying Hedgeye's requests to seal.

      Pursuant to Fed. R. Civ. P. 72, by our calculation, Hedgeye has until November 20, 2025 to file objections to the Sanctions Sealing Order with this Court.

**VENABLE** LLP

The Hon. Andrew L. Carter
November 14, 2025
Page 2

As this Court is aware, Hedgeye's objections to Judge Lehrburger's sealing decisions related to the parties' summary judgment and motions *in limine* briefings are also currently pending. As to those objections, this Court ordered the parties to meet and confer on a representative group of twenty-five objections and to file a joint letter by November 25, 2025.

Hedgeye proposes to include its objections to the Sanctions Sealing Order in the representative objections the parties will submit to the Court on November 25. Hedgeye believes this will serve to consolidate the issues and preserve judicial resources. Among other things, some of Hedgeye's objections to the Sanctions Motion and the McCullough Transcript overlap with its objections to the unsealing of certain portions of the parties' summary judgment briefing, and are in service of the same goal: protecting the inner workings of Hedgeye's proprietary source models from public disclosure.

Furthermore, Hedgeye's objections to the Sanctions Sealing Order follow the same logic of the sealing objections currently pending before this Court, and which will be the subject of the parties' joint letter submitted on November 25. Specifically, Hedgeye maintains that the redacted material in the Sanctions Motion and the McCullough Transcript should remain under seal because they contain reference to Hedgeye's proprietary models and their methodology. As Hedgeye has previously stated to this Court, Hedgeye intends to appeal this Court's Order that its source models and customer lists do not meet the definition of trade secrets (*see* Dkt. 998 at 81-82), and to maintain Hedgeye's right to seek appellate review of that ruling, the confidentiality of those materials must be observed in the meantime. Moreover, because this Court has found that Hedgeye's source models and customer lists constitute confidential material, and that Defendant Darius Dale breached the confidentiality obligations of his employment agreement and Hedgeye's code of ethics, Hedgeye has the right to maintain the confidentiality of those materials, regardless of this Court's ruling on Hedgeye's trade secret claims under the DTSA.

Given the inevitable overlap of the objections before this Court, Hedgeye respectfully submits that it would be a more efficient use of judicial resources to include its objections to the Sanctions Sealing Order in the representative group of objections the parties will bring to this Court's attention on November 25. Consolidating Hedgeye's objections will obviate the need to commence a separate briefing on overlapping issues.

VENABLE LLP

The Hon. Andrew L. Carter
November 14, 2025
Page 3

      Hedgeye has consulted with the defendants regarding this proposal and notes that they do not consent to Hedgeye's request.

                                                  Respectfully submitted,

                                                  */s/ Jessie F. Beeber*

                                                  Jessie F. Beeber

cc:     All counsel via ECF