

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

November 17, 2025

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

  Defendant Dale opposes Hedgeye's request to keep yet another set of judicial documents—this time, Dale's motion for Rule 11 sanctions—under seal without justification. (Dkt. 1039). This time Hedgeye really pushes the envelope, even for Hedgeye.

  Neither the pleading at issue, nor the limited deposition testimony of Hedgeye's CEO attached thereto, concerns any alleged trade secrets—the bogeyman Hedgeye cites every time a sealing issue is raised. (*See* Dkts. 1027-28 (showing Hedgeye's redaction requests)). Nor do they relate to the "confidentiality" provision in Dale's Hedgeye employment contract. They relate to Hedgeye's now-rejected breach of contract claim concerning an "assignment of rights" provision, discussion of which does not come close to requiring the disclosure any alleged trade secret or confidential information. Judge Lehrburger correctly ruled that the testimony Hedgeye seeks to seal "is generalized and high-level, does not reveal any trade secrets, and does not meet the standards for sealing in the Second Circuit." (Dkt. 1036).

  Hedgeye knows there are no legitimate grounds for sealing, because—as Judge Lehrbuger noted when the matter was before him—Hedgeye did not even bother to oppose Dale's letter requesting that the materials be unsealed. (Dkt. 1036). Hedgeye has thus waived any ability to object to Judge Lehrburger's ruling on sealing at all. "[A] party waives any arguments *not* presented to the magistrate judge." *Denver v. Berryhill*, 2020 WL 2832752, at *1 (S.D.N.Y. June 1, 2020)). By virtue of its waiver, Hedgeye is now precluded from seeking any relief.

  Hedgeye has already been sanctioned for Rule 37 discovery violations relating to its failed assignment of rights claims. (*See* Dkt. 671, 679). Moreover, immediately after the CEO's deposition, and before summary judgment briefs were filed, Defendants provided notice that they would seek Rule 11 sanctions based on Hedgeye's fabrication of a factually baseless claim. (Dkt. 692). Defendants continue to reserve all rights, including the right to seek additional sanctions for all of the work and expense necessitated by Hedgeye's interminable, frivolous sealing requests, including with respect to this motion.

The Honorable Andrew L. Carter, Jr. Page 2
November 17, 2025

                                              Respectfully submitted,

                                              */s/ Jonathan P. Bach*

                                              Jonathan P. Bach