**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

November 19, 2025

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

      I write on behalf of Defendants Dale, Lamar, and 42 Macro to advise that, unfortunately, Hedgeye has now made it impossible for defense counsel to timely comply with the Court's Order of November 10 directing the parties to jointly select 25 representative samples from the materials that form the basis of Hedgeye's objection to Judge Lehrburger's ruling on sealing.

      Upon receipt of the Court's November 10 Order, defense counsel promptly undertook to identify representative samples and reached out to Hedgeye's counsel to set a date to meet and confer. Defendants made clear they were ready to proceed and to identify selected samples. Hedgeye asked for more time, and Defendants agreed to give Hedgeye more time, noting, however, that any meet and confer would have to take place before this Friday, when defense counsel are unavailable.

      Today, Hedgeye advised defense counsel—for the first time—that it has revisited the numerous sealing requests that underlie its objection and is planning to remove a "sizable" number of them. That is progress and a good thing, as Defendants have been urging Hedgeye for months to reconsider its plainly non-meritorious requests. But Hedgeye has yet to identify for defendants which sealing requests it plans to remove, and has advised that it will not be in a position to do so until the "end of the day" on Thursday, November 20.

      Defendants will need to start over, picking new representative samples, once Defendants know which samples remain on the table and have not been removed by Hedgeye. As noted, Defendants will not have that information until very late Thursday and are unavailable on Friday. Defense counsel also have an all-day mediation in a separate matter scheduled for Monday.

      Accordingly, Defendants request that the Court issue an order as follows:

  (1) Hedgeye is directed to advise the Court and defense counsel of the sealing requests it is no longer pursuing as soon as possible and, in any event, by no later than 6:00 pm on

The Honorable Andrew L. Carter, Jr.  Page 2
November 19, 2025

Thursday November 20;

(2) Hedgeye is directed to identify its selected representative samples to defense counsel as soon as possible and, in any event, by no later than 6:00 pm on Thursday November 20;

(3) The parties will meet and confer by no later than 12 noon on Wednesday, November 26; and

(4) The parties will jointly submit no more than 25 representative samples by no later than December 2, 2025.

Defense counsel make this proposal reluctantly: having pressed for prompt unsealing at every stage, the last thing defendants want to do is countenance further delay. But Hedgeye's last minute notification of its change in plans has left defense counsel with no choice.

Needless to say, defense counsel were quite surprised to learn that now, after months of taking a different tack, Hedgeye is finally admitting that at least a sizable number of its sealing requests cannot be meaningfully defended. Defendants advised the Court months ago that Hedgeye's sealing requests were overbroad and indefensible. Judge Lehrburger's ruling confirmed the same. Hedgeye's rigid insistence on its position caused Defendants to spend time and expense in opposing Hedgeye's requests and in redacting numerous filed submissions. It also required Judge Lehrburger to spend countless hours in what now turns out to have been an entirely unnecessary exercise for a sizable portion of the materials. Such tactics should not be tolerated. Defendants reserve the right to seek appropriate sanctions.

For the foregoing reasons, defense counsel respectfully request that the Court issue an order in accordance with the terms proposed above.

Respectfully submitted,

/s/ *Jonathan P. Bach*
Jonathan P. Bach
SHAPIRO ARATO BACH LLP

*Attorneys for Defendants Darius Dale and 42 Macro, and Steven Lamar*