Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

November 20, 2025

<u>Via ECF</u>
The Honorable Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

   Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Lehrburger:

  We write on behalf of Defendant Dale to oppose Hedgeye's request to retain parts of its Rule 11 opposition motion under seal. (Dkt. 1041).

  A strong presumption of public access attaches to judicial documents in the context of sanctions motions, like this one, that "determine litigants' substantive rights." *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022); *see, e.g.*, *42West LLC v. Gould*, 2024 WL 4263235, at *3 (S.D.N.Y. Sept. 20, 2024) (finding the presumption at its "zenith" where the materials related to a pending motion for sanctions); *White v. County of Suffolk*, 2024 WL 3986643, at *2 & n.2 (E.D.N.Y. Aug. 29, 2024) (affording strong presumption of public access to documents related to sanction proceeding). Hedgeye's request for sealing is the latest chapter in its ongoing campaign to circumvent the Second Circuit's strict standards for overcoming that presumption.

  For instance, Hedgeye seeks to seal an unflattering quotation from Judge Carter's summary judgment ruling, even though the parties submitted their proposed redactions to that ruling nearly a month ago (*see* Dkt. 1031), and neither party sought to seal that language. Additionally, Hedgeye claims that emails Dale exchanged more than five years ago in April 2020 and a research note he published to Hedgeye's hundreds of subscribers around the same time should be kept confidential. These materials are utterly stale and, even if they were not, they disclose nothing of any significance about the inner workings of Hedgeye's models or business. Indeed, this Court has already correctly held that "information that has been made publicly or widely available"—as Hedgeye's research notes indisputably have—"may not be sealed." (Dkt. 956).

  Separately, Dale does not oppose unsealing the portion of his deposition testimony that Hedgeye appended to its motion, which portion only further confirms the emptiness of Hedgeye's "monthly quads" claim.

  For the foregoing reasons, Hedgeye's latest requests for sealing should be rejected.

The Honorable Robert W. Lehrburger  Page 2
November 20, 2025

Respectfully submitted,

/s/ *Jonathan P. Bach*

Jonathan P. Bach