**VENABLE** LLP

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500   F 212.307.5598   www.Venable.com

November 20, 2025

Jessie F. Beeber

T 212.808.5677
F 212.307.5598
JBeeber@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Hedgeye Risk Management, LLC v. Dale, et al.*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

    We represent plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in this action. We write in response to the Dale Defendants' letter application to adjourn the date by which the parties were ordered to file a joint status report on the status of Hedgeye's objections to Magistrate Judge Lehrburger's individual sealing determinations (including 25 representative objections) from November 25, 2025 to December 2, 2025 (Dkt. 1047 (the "Application")), and this Court's corresponding order that was issued earlier today. Dkt. 1049.

    As an initial matter, we note that, in violation of Your Honor's Individual Practices, the Application did not state whether Hedgeye consents to the requested adjournment. That is because counsel for the Dale Defendants did not inform us that they were seeking an adjournment of the November 25 date, they did not consult with us regarding their adjournment request, and they did not ask us in advance about any of the proposed dates contained in the Application before they filed it with the Court. Had counsel consulted with us, as required, we would have informed them that we did not object to extending the time to file a joint status report with the Court to December 2, 2025, but we did object to all of the other relief they are seeking.

    Due to the subject matter of this litigation (trade secrets and confidential information), the parties submitted approximately 2,800 individual sealing requests to Judge Lehrburger. Judge Lehrburger granted approximately 1,400 of Hedgeye's requests, and Hedgeye initially objected to all of its sealing requests that Judge Lehrburger denied (approximately 1,400 requests). Dkt. 1006-1008. After appearing before Your Honor on October 28, 2025, Hedgeye undertook to review each of its objections again, and to consider whether some of the objections could be withdrawn. While it is Hedgeye's steadfast position that all of the sealing requests it made were proper and justified under the circumstances, Hedgeye has now reconsidered, for example, whether the passage of time has made some of those sealing requests unnecessary. Similarly, in the wake of this Court's decision on the parties' summary judgment motions, Hedgeye is scrutinizing the requests in an effort to identify those that seek to protect information that, if unsealed, will vitiate Hedgeye's rights to appeal.

Hon. Andrew L. Carter
November 20, 2025
Page 2

      Hedgeye undertook this exercise with the goal of streamlining and narrowing the sealing issues to be presented to this Court, to conserve judicial resources as well as those of the parties. Rather than supporting Hedgeye's efforts, the Dale Defendants instead filed the Application, expressing their outrage, accusing Hedgeye of all manner of evil things, and reserving their rights to move for sanctions against us.

      Hedgeye vehemently objects to the Dale Defendants' characterizations of Hedgeye's efforts over the past few weeks. Hedgeye has been working diligently and in good faith to reconsider its position on each one of the approximately 1,400 individual determinations it objected to. We are confident that Hedgeye's reassessment will materially reduce the scope of the dispute and will make the joint submission more efficient for the parties and this Court.

      Although the parties originally agreed to exchange their proposals by 5:00 P.M. on Wednesday, November 19 and to meet and confer about them on 1:00 P.M. on Thursday, November 20, by yesterday morning it became clear to us that Hedgeye would need additional time to complete its review. I made a simple and polite request to defense counsel: I emailed them that we were still working through the individual determinations with Hedgeye, and that we were planning to withdraw our objections to a sizeable number of them, but that we would not be done by the end of that day. I said that we needed an extra day to finish working through everything, and asked if there was any flexibility in their unavailability on Friday November 21 for a meet and confer. Defendants responded with outrage and then filed the Application, never raising with us their request for an adjournment. In sum, Hedgeye is attempting in good faith to narrow the sealing dispute to be presented to the Court. The Dale Defendants' accusations and threats of sanctions are completely unjustified.

      In response to this Court's order directing Hedgeye to inform the Court and defense counsel of the sealing requests it is withdrawing "as soon as possible," I can represent that we will provide them by close of business on Friday, November 21. That timing will give the parties more than enough time to meet and confer and make their joint submission by December 2.

      Respectfully submitted,

      */s/ Jessie F. Beeber*

      Jessie F. Beeber

cc:    All counsel via ECF