

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598   www.Venable.com

December 15, 2025

**Jessie F. Beeber**

**t** 212.808.5677
**f** 212.307.5598
JBeeber@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Hedgeye Risk Mgmt., LLC v. Dale, et al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Carter:

We represent Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in this action. We write to object, pursuant to Fed. R. Civ. P. 72(a), to Judge Lehrburger's Order dated December 1, 2025 (Dkt. 1051, the "Sanctions Opposition Sealing Order"). The Sanctions Opposition Sealing Order denied Hedgeye's requests to seal portions of Hedgeye's opposition brief and accompanying exhibits to the Motion for Sanctions (Dkt. Nos. 1023-28) filed by Defendant Darius Dale. Dkt. Nos. 1042-45 (the "Sanctions Opposition"). As further detailed below and in the excel spreadsheet provided to this Court via email, Hedgeye objects to only one of Judge Lehrburger's rulings: the denial of Hedgeye's request to seal Exhibit B-3 to the Sanctions Opposition. Exhibit B-3 is a document that was produced by non-party Sierpinski Capital Management, LP ("Sierpinski") in response to a subpoena served by  defendants Nadine Terman and Solstein Capital, LLC (the "Terman Defendants"), and was designated by Sierpinski as Attorneys' Eyes Only. Hedgeye does not have standing or permission to de-designate this document, and believes it should be maintained under seal for that reason.

By way of brief background, on October 10, 2025, Hedgeye filed its objections to Judge Lehrburger's sealing decisions related to the parties' briefings on summary judgment and motions *in limine*. *See* Dkt. Nos. 1007-08. Given the volume of objections, on November 10, 2025, this Court issued a Minute Order stating that the parties should "meet and confer to come up with a representative group of objections, not to exceed a total of 25" and file a joint letter including their respective positions on the sealing disputes related to the briefings on summary judgment and motions *in limine*. However, by the time this Court issued its November 10 Minute Order, the Dale Defendants had also filed a Motion for Sanctions against Hedgeye, containing redactions, per Hedgeye's requests, limited to discussion of Hedgeye's proprietary Monthly Quad models and its inner workings. On November 6, 2025, Magistrate Judge Lehrburger denied Hedgeye's requests to seal related to the Motion for Sanctions. Dkt. 1036 (the "Sanctions Sealing Order"). Given the



The Hon. Andrew L. Carter
December 15, 2025
Page 2

overlap with the objections already then-pending before this Court, Hedgeye proposed a consolidation of the issues, and on November 19, 2025, this Court permitted Hedgeye to include its objections to the Sanctions Sealing Order in the representative objections the parties would submit to the Court in their joint letter. *See* Dkt. 1046. The parties filed a joint letter detailing the 25 representative objections with this Court on December 2, 2025. *See* Dkt. Nos. 1053-54 (the "Joint Letter"). In order to provide this Court with a complete organizational framework and allow it to resolve the issues efficiently and consistently, Hedgeye grouped its objections into twelve categories, listed in the Joint Letter, that cover the universe of Hedgeye's bases for sealing. Within each category, the objections share a consistent sealing rationale. *See* Joint Letter at 1-3.

On November 18, 2025, Hedgeye filed the Sanctions Opposition. Hedgeye made requests to redact and seal exhibits limited to discussion of this Court's opinion on the parties' briefings on summary judgment and motions *in limine*, which is still under filed under seal, and exhibits that specifically disclose or reference Hedgeye's proprietary methodology related to its Monthly Quad model. On December 1, 2025, Judge Lehrburger denied all of Hedgeye's requests. *See* Sanctions Opposition Sealing Order at 1.

Pursuant to Fed. R. Civ. P. 72(a), Hedgeye now brings this objection to the portion of the Sanctions Opposition Sealing Order that denies sealing of Exhibit B-3.

It remains Hedgeye's position that the category-based structure outlined by Hedgeye in the parties' Joint Letter is the best way to meaningfully narrow the sealing issues for this Court to resolve. To that end, Hedgeye respectfully submits an excel spreadsheet listing Hedgeye's original sealing requests related to the Sanctions Opposition, and its objection to only the denial of sealing with respect to Exhibit B-3. As indicated on the spreadsheet, Hedgeye believes that this objection should be added to its objections in the category labeled "Records belonging to Sierpinski – Hedgeye has no standing to de-designate," and should be ruled on in conjunction with the other items in that category. Briefly (and as stated on the spreadsheet) this email was previously produced by non-party and Hedgeye subscriber Sierpinski in response to a subpoena from the Terman Defendants and was designated as Attorneys' Eyes Only by Sierpinski. Hedgeye does not have standing or permission to de-designate the materials produced by this non-party.

# VENABLE LLP

The Hon. Andrew L. Carter
December 15, 2025
Page 3


　　　　Accordingly, Hedgeye objects to the portion of the Sanctions Opposition Sealing Order that denies sealing of Exhibit B-3.


　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Jessie F. Beeber*

　　　　　　　　　　　　　　　　　　Jessie F. Beeber

cc:　　All counsel via ECF