

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

June 22, 2026

Via ECF
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

       Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

       Hedgeye's proposed reply brief on the issue of sanctions (Dkt. 1080, Ex. A) misstates facts and misleads the Court and thereby compounds the Rule 11 violation that Hedgeye and its outside counsel at Venable are already facing. Without having been shown a draft, Dale previously objected to Hedgeye's filing of any reply, on procedural grounds, citing case law that reply briefs are generally not permitted when a party objects to an R&R. (Dkt. 1080 (reciting Dale's objection in final paragraph)). Having now reviewed the content of Hedgeye's proposed reply, Dale further objects to its submission on substantive grounds, because it profoundly distorts the record.

       Should the Court grant Hedgeye leave to file its reply over Dale's objection, Dale respectfully requests that the Court accept and treat the remainder of this letter as Dale's sur-reply:

       1. In its proposed reply, Hedgeye argues that Dale's April 30, 2020 "Rise & Grind" email provides "a good faith basis for" Hedgeye's claim, as set forth in its fourth and fifth amended complaints, that in or around April 2020 Dale invented and presented the outline of new monthly quad model to Hedgeye CEO Keith McCullough. (Reply at 1-2). That document, however, fails to provide any basis for Hedgeye's claim. It does not describe or refer to any new model, nor provide any outline of one. As Hedgeye observes, the document does publish certain monthly quad data. But McCullough explained countless times at his deposition that Hedgeye had long had the capacity to produce monthly quad data and had embedded it in its existing models, that he and not Dale invented that capacity, and that all that was new in April 2020 was the decision to publish such monthly data to subscribers as opposed to using it solely for Hedgeye's own internal purposes. (Dkt. 1072: Opp. at 7-9, 14). No new technology was necessary to present or publish such data, given Hedgeye's existing capacity. Had Hedgeye and Venable consulted with McCullough before pleading their baseless claim, he would have explained this factual background to them, just as he did at his deposition.

The Honorable Andrew L. Carter, Jr.
June 22, 2026

Page 2

2.   Hedgeye now argues, for the first time, that McCullough's deposition testimony supports the idea that a new technology was invented because McCullough referred to an "updated iteration." (Reply at 2).  Hedgeye suggests this phrase refers to an upgrade or "improvement" (*id.*), much like one sees on an Apple iPhone from time to time.  But McCullough was referring to nothing of the sort.  He was simply testifying that Dale used Hedgeye's already existing and unimproved technology to make a new calculation—one that used economic data available as of April 2020.  A new calculation was necessary because earlier calculations had presumably relied on earlier economic data that was by then obsolete.  The same calculator can make a new calculation without any improvement in its technology, just as the same thermometer, without any improvement, can offer different readings in February and April.  Consider McCullough's full testimony in context:  "I already presented this calculation.  Whatever happened in April was just an updated iteration of the calculation."  (Dkt. 1075-5: McCullough Dep. Tr. at 10).  He was not talking about any new innovation, but quite the contrary.

3.   Hedgeye notes, as it has in the past, that when confronted with Hedgeye's verbatim allegation as set forth in its fourth and fifth amended complaints, McCullough gave lip service to the proposition that the statement was accurate.  (Reply at 2).  As Judge Lehrburger observed— despite this limited and perfunctory testimony, which received no elaboration—McCullough's "testimony both before and after that assertion . . . repeatedly showed otherwise."  (Dkt. 1064: R&R at 16).  Hedgeye and Venable simply ignore McCullough's many deposition statements that undermine their position, even though such testimony was fully spelled out for them in Dale's Rule 11 notice, to which they chose not to respond.

For these reasons and those set forth in Dale's prior opposition, Judge Lehrburger's R&R should be approved.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach