**Shapiro Arato Bach** LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

June 22, 2026

Via ECF
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

Defendant Darius Dale respectfully submits this letter pursuant to Section 2(A) of the Court's individual practice rules to request a pre-motion conference. In particular, Dale intends to submit a brief addressing whether Hedgeye has any viable claim for damages in connection with its remaining breach of contract claims against Dale. For reasons that follow, Dale will contend Hedgeye does not. The Court's summary judgment ruling flagged this issue as unresolved and subject to further consideration. A briefing schedule is proposed at the end of this letter.

In its summary judgment ruling, the Court dismissed all claims against Dale, except for certain contract claims. As to those claims, the Court noted that "it is unclear how Hedgeye will be able to prove damages" and thus questioned the "viability" of such claims. It deferred "formally reach[ing] any conclusion" until a later stage. (*See* SJ Op. at 92 & n.14; *see also* SJ Op. at 49). The time is now ripe for adjudication of that question.

As Dale will elaborate in his forthcoming motion, Hedgeye has failed to set forth or quantify any cognizable damages. At repeated junctures, throughout years of fact discovery, Hedgeye declined to provide any specific information about its damages, notwithstanding numerous requests for such information, backed by two motions to compel. Each time, Hedgeye responded by reciting only boilerplate categories of damages, insisting that it would make appropriate disclosures at the expert discovery stage. (*E.g.*, Dkt. 120 at 3 (Hedgeye, arguing that it "cannot yet describe its damages 'in numerical detail'"); Dkt. 465 at 2 (Hedgeye, arguing that it was not "required to provide information regarding its damages calculations before its damages experts submit their report")). When the time came, Hedgeye proffered a sole expert on damages, who opined solely about "unjust enrichment" damages, rather than about any damages befitting a breach of contract claim. (*See* SJ Op. at 92 & n.14 ("Thomas Britven, Hedgeye's damages expert, only provides a damages analysis for 42 Macro's unjust enrichment.")).

The Honorable Andrew L. Carter, Jr.
June 22, 2026

Page 2

The Court rejected large parts of Hedgeye's expert Thomas Britven's opinion on other grounds (SJ Op. 47-49), but left open the question of whether Britven's opinion about "avoided development costs"—costs Defendants were allegedly spared and thus a benefit Defendants allegedly obtained, as opposed to any loss actually incurred by Hedgeye—had any relevance in the context of breach of contract claim (*id.* at 49).  Defendants had argued that such damages were inapplicable to contract claims, and that, accordingly, Hedgeye's contract claims should be dismissed.  (Dkt. 774: Dale SJ Br. at 32 n. 11; Dkt. 804: Dale SJ Opp'n at 35-36).  The Court noted its own reservations as well.  It summarized the issue plainly:  "While several of its breach of contract claims survive, it is unclear how Hedgeye will be able to prove damages considering that Britven, its sole damages expert, only testifies to unjust enrichment damages."  (SJ Op. at 92 n.14; *see also id.* at 49, 92).

The Court's reservations were well-founded.  A contract plaintiff is not entitled to recover unjust enrichment damages, *i.e.*, a financial benefit obtained by the contract counterparty.  Rather, the plaintiff's only available monetary relief is for recovery of its own actual losses.  This is hornbook contract law.  As the Connecticut Supreme Court recently reaffirmed, "a party injured by [a] breach of contract is entitled to retain nothing in excess of that sum which compensates him for the loss of his bargain." *McCarter & Eng., LLP v. Jarrow Formulas, Inc.*, 351 Conn. 186, 207 (2025); *accord Whitney v. J.M. Scott Assocs., Inc.*, 137 A.3d 866, 873 (Conn. App. Ct. 2016) (contract plaintiff limited to "damages based on his actual loss"); 24 Williston on Contracts § 64:1 (4th ed. May 2026 Update) (contract damages "generally measure[] the damages according to the pecuniary loss suffered by the promisee, rather than according to the benefits gained by the promisor as a result of the breach").

These basic legal principles preclude Hedgeye from offering Britven's opinion or any theory of "avoided development costs" damages at the trial of this case.  Moreover, having failed to articulate any other theory of damages despite myriad requests from defendants and two motions to compel, including any damages suited to a contract claim or associated with any actual loss, Hedgeye cannot now, at this late stage, return to the drawing board and start afresh by introducing an entirely new theory of damages that has no relation whatsoever to the theory it previously advanced in this Court.  *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F. Supp. 3d 221, 237-39 (S.D.N.Y. 2018) (Koeltl, J.) (finding inherent prejudice and precluding plaintiffs from introducing new damages theory following summary judgment); *Hayden v. International Business Machines Corporation*, 2026 WL 1266014 (S.D.N.Y. May 8, 2026) (Briccetti, J.) (same).

Dale respectfully submits that resolution of this issue before the parties submit their joint pretrial order is the most efficient and practical way to proceed.  If Hedgeye's contract claims are not viable for lack of damages, the scope of the joint pretrial order will be limited accordingly and the parties will be saved the considerable work and expense associated with assembling materials for claims that need not be further adjudicated.

Dale is prepared to discuss these matters, as well as the status of the case and any and all outstanding issues, at a pre-motion conference.  Alternatively, Dale proposes the following briefing schedule to address the issue of damages relating to Hedgeye's remaining breach of contract claims:

The Honorable Andrew L. Carter, Jr.                                  Page 3
June 22, 2026

| | |
|---|---|
| Dale's opening brief: | July 1, 2026 |
| Hedgeye's opposition brief: | July 22, 2026 |
| Dale's reply brief: | August 5, 2026 |

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach