

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598  www.Venable.com

June 25, 2026

**Eric A. Prager**

**t** 212.503.9813
**f** 212.307.5598
EAPrager@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Hedgeye Risk Mgmt., LLC v. Dale, et al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Carter:

Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") respectfully submits this letter in opposition to the June 22, 2026 letter filed by Defendant Darius Dale ("Dale") (Dkt. No. 1082, "Dale's Request"), in which Dale requests a pre-motion conference, or alternatively a briefing schedule, to file a brief on whether Hedgeye has a "viable" breach of contract claim against Dale. Dale's Request at 1, 2. As explained below, Dale's Request is either an untimely attempt to file a new summary judgment motion, or an untimely motion for reconsideration of this Court's holdings on summary judgment. The Federal Rules of Civil Procedure permit neither. Dale's Request should be denied.

As an initial matter, although Dale does somewhat beat around the bush, it is clear that the relief he seeks is a full dismissal of Hedgeye's breach of contract claims against him. Tellingly, Dale does not identify any federal rule pursuant to which he is entitled to that relief at this stage of the proceedings, because there is none.

Both parties moved for summary judgment on Hedgeye's breach of contract claims. In its Sealed Opinion & Order (Dkt. 998, the "Sealed Summary Judgment Order"), this Court unequivocally held that Dale breached the Confidential Information, Non-Solicitation, and Non-Competition Provisions of his Employment Agreement, allowing Hedgeye's breach of contract claims to proceed to trial on the issue of damages. *See* Sealed Summary Judgment Order at 84-85 ("Disclosure is not necessary to establish a breach as the provision also required Dale to return any materials containing or relating to confidential information upon his termination  . . . . It is undisputed that Dale kept copies of Hedgeye source models and customer lists after his termination . . . . Such information clearly falls within the provision's definition of confidential."), 90 ("[T]here is no issue of material fact precluding summary judgment on Dale's breach of the non-solicitation covenant."), 91 ("The Court finds summary judgment in favor of Hedgeye is appropriate on Dale's breach of the non-competition covenant.").

VENABLE LLP

The Hon. Andrew L. Carter
June 25, 2026
Page 2

Importantly, the Court also noted that "because Dale does not challenge Hedgeye's ability to establish damages for its breach of contract claims in his motion for summary judgment, the Court need not formally reach any conclusion as to the viability of these claims at this time." *Id.* at 92, n.14.

Although Dale did not make this challenge on summary judgment, he is asking the Court to allow him to do that now. Dale's Request, at best, asks for permission to make a new motion for summary judgment. But the deadline to file such a motion was October 25, 2024—nearly two years ago. Dale cannot make another dispositive motion now. *See, e.g.*, *NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) (denying summary judgment motion made less than a month after the deadline, finding the "failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment."). Nor is there any other procedural mechanism for Dale to challenge the "viability" of Hedgeye's breach of contract claims in this period between summary judgment and trial. Once a claim survives summary judgment in a jury case, the remaining factual issues, including damages, belong to the jury. Dale seeks to circumvent that process by asking this Court to decide an issue it expressly declined to resolve. The appropriate time to make such a motion, if at all, would be after the evidence has come in at trial, pursuant to Rule 50(a).

Dale evidently recognizes as much, which is why he relies not on any Federal Rule of Civil Procedure, but solely on Section 2(A) of this Court's Individual Practices to support his Request. The problems with such untethered relief are obvious. For instance, Dale does not explain what standard would apply to the "brief" he seeks to file, whether it would be the summary judgment standard, or some other mechanism for judging the sufficiency of Hedgeye's damage claim. Dale also does not say what evidence would be appropriate for Hedgeye to present in opposition to this "brief," or whether Hedgeye could rely on witness testimony, declarations and documents.[1] The reason for this is simple—that is what the trial is for.

If, instead, Dale believes that he did challenge Hedgeye's ability to establish damages for its breach of contract claims in his motion for summary judgment (he points out that, for instance, he "argued that [avoided development costs] were inapplicable to breach of contract claims, and that, accordingly, Hedgeye's contract claims should be dismissed," *see* Dale's Request at 2) then Dale's Request is nothing more than an untimely motion for reconsideration of this Court's decision to allow Hedgeye's breach of contract claims to proceed to trial. The deadline for seeking such relief expired long ago. Local Civil Rule 6.3 requires that a motion for reconsideration be

---

[1] This Court held that Hedgeye's expert, Thomas Britven, could "opine on breach of contract damages," and that "avoided development costs . . . may be used to support Hedgeye's claim for damages on its other causes of action [other than misappropriation] if applicable." *Id.* at 45-46, 49.



The Hon. Andrew L. Carter
June 25, 2026
Page 3

served within fourteen days of the order at issue unless otherwise provided by rule or court order, and the Court need not consider an untimely motion.  *See, e.g.*, *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (denying motion for reconsideration made after the fourteen-day deadline of Local Civil Rule 6.3).  Dale did not seek reconsideration within that period.  Instead, nearly nine months later, Dale attempts to relitigate the same issue without identifying any intervening change in law, newly discovered evidence, changed circumstance, or other basis that could potentially justify revisiting the Court's prior decision.

Dale's sole justification for the relief he is seeking is the conclusory assertion that the issue is now "ripe for adjudication."  Dale's Request at 1.  But that assertion, standing alone, cannot create a new procedural vehicle for obtaining a merits ruling on an issue the Court previously considered and expressly ruled on.

Hedgeye notes that it is ready, willing, and able to offer evidence of the damages caused by Dale's breach of contract at trial, through witness testimony and documents produced during discovery. That evidence will include, among other things, financial records and analyses produced in discovery, including Hedgeye's financial statements and related revenue, cost, and profitability records, as well as testimony and documents concerning Hedgeye's loss of its customer Solstein. But Hedgeye should not have to do so in opposition to a "brief" submitted by Dale, in this interim period between summary judgment and trial.

In sum, Dale's attempt to have Hedgeye's breach of contract claim against him dismissed before trial—but long after the deadlines for summary judgment and reconsideration have passed—is improper and should not be permitted.  Hedgeye respectfully requests that the Court deny Dale's request for a pre-motion conference and proposed briefing schedule, without prejudice to Hedgeye's right to respond to the merits at the appropriate time.

Respectfully submitted,

*/s/ Eric A. Prager*

Eric A. Prager

cc:    All counsel via ECF