

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598   www.Venable.com

June 26, 2026

**Eric A. Prager**

**t** 212.503.9813
**f** 212.307.5598
EAPrager@Venable.com

**VIA ECF**

The Honorable Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Hedgeye Risk Mgmt., LLC v. Dale, et al.*, No. 1:21-cv-03687-ALC-RWL

Dear Judge Carter:

Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") respectfully submits this letter in opposition to the June 23, 2026 letter filed by Defendants Nadine Terman and Solstein Capital LLC (the "Terman Defendants") (Dkt. No. 1084, the "Terman Defendants' Request"), in which they seek leave to file a brief challenging the "viability" of Hedgeye's damages before trial, notwithstanding this Court's determination that those issues should be resolved by the jury. For the reasons set forth below, and those stated in Hedgeye's opposition to Defendant Darius Dale's similar request (Dkt. No. 1085, "Hedgeye's Opposition to Dale's Request"), the Terman Defendants' Request should be denied.

Like Dale, the Terman Defendants do not cite any Federal Rule or authority permitting the relief sought in their request. That is because no procedural mechanism permits them to relitigate the viability of Hedgeye's breach of contract claims after summary judgment and before trial.

Both parties moved for summary judgment on Hedgeye's breach of contract claims against the Terman Defendants, and this Court held that those claims should proceed to trial. The Terman Defendants now attempt to relitigate that ruling by relying on evidence they have possessed since well before summary judgment—the October 27, 2022 Rule 30(b)(6) deposition testimony of Hedgeye President Michael Blum.

But the Terman Defendants had their opportunity to challenge the "viability" of Hedgeye's damages claims on summary judgment and failed to obtain dismissal. Indeed, the Terman Defendants concede that "the Court found sufficient issues of material fact to submit Hedgeye's contract claims against the Terman Defendants for trial . . . ." Terman Defendants' Request at 2. To the extent they now seek permission to make a new motion for summary judgment, that deadline was October 25, 2024—nearly two years ago. They cannot make that motion now, it is plainly untimely. *See, e.g., NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F. Supp. 2d 134, 150

VENABLE LLP

The Hon. Andrew L. Carter
June 26, 2026
Page 2

(S.D.N.Y. 2003) (denying summary judgment motion made less than a month after the deadline, finding the "failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment.").

Moreover, once a claim survives summary judgment in a jury case, the remaining factual issues, including damages, are for the jury to decide. This Court has explicitly recognized as much. As to Hedgeye's claim that Solstein breached the Terms of Service, the Court held that "Hedgeye provides a reasonable basis for a jury to estimate damages." Sealed Opinion & Order (Dkt. No. 998, the "Sealed Summary Judgment Order") at 100. As to Hedgeye's claim that Solstein breached the Hedgeye Services Agreement, the Court held that summary judgment would be appropriate only if there were "no reasonable basis" for a jury to determine damages, and expressly declined to reach such a conclusion. *Id.* at 98, n.19. In fact, the Court found that it "cannot conclude that [Hedgeye Expert Thomas] Britven's analysis provides no reasonable basis for a jury to estimate damages." *Id.* at 98.

In their request, the Terman Defendants now ask this Court to do precisely what it previously declined to do: resolve the issue of damages as a matter of law and remove it from the jury. Even assuming such relief were available at all, the proper vehicle would be a Rule 50(a) motion *after* Hedgeye has presented its evidence at trial, not a pretrial motion asking the Court to revisit its summary judgment ruling.

Even if the Terman Defendants believed that the Court had overlooked their arguments regarding Hedgeye's damages in the summary judgment briefing, and sought to revisit that issue now, the Terman Defendants' Request would be nothing more than an untimely motion for reconsideration of this Court's decision to allow Hedgeye's breach of contract claims to proceed to trial. But the deadline for seeking such relief expired long ago. Local Civil Rule 6.3 requires that a motion for reconsideration be served within fourteen days of the order at issue unless otherwise provided by rule or court order. The Court need not consider an untimely motion. *See, e.g.*, *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (denying motion for reconsideration made after the fourteen-day deadline of Local Civil Rule 6.3). The Terman Defendants did not seek reconsideration within that period and are now attempting to relitigate the same issue nearly nine months later without identifying any intervening change in law, newly discovered evidence, changed circumstance, or other basis that could potentially justify revisiting the Court's prior decision.

Like Dale's Request, the Terman Defendants' Request also fails to identify the standard that would apply to the "brief" they seek to file, whether it would be the summary judgment standard, or some other mechanism for judging the sufficiency of Hedgeye's damage claim. There is no mention of what evidence would be appropriate for Hedgeye to present in opposition to the Terman Defendants' "brief," or whether Hedgeye could rely on fact and/or expert witness testimony.



The Hon. Andrew L. Carter
June 26, 2026
Page 3


As also stated in Hedgeye's Opposition to Dale's Request, Hedgeye is ready, willing, and able to offer evidence of the damages caused by the Terman Defendants' breaches of contract at trial. Hedgeye will demonstrate that it suffered damages as a direct result of the Terman Defendants' breaches. *See Pinda Technology Co. Ltd. v. Greenwich Metals, Inc.*, Civil No. 3:25-cv-258 (AWT), 2026 WL 658351 at *4 (D. Conn. Mar. 9, 2026) (holding that the non-breaching party is entitled to damages that arise "directly from and as a natural consequence of the breach," so long as they are not speculative or remote). That evidence will include financial records and analyses, as well as testimony and documentary evidence showing that the Terman Defendants terminated their relationship with Hedgeye to solicit Dale and fund, establish, and launch 42 Macro as a competing business. Moreover, Hedgeye disagrees with the Terman Defendants' assertion that Mr. Britven's opinion is irrelevant, and the Court did not think so either. But Hedgeye should not have to make such arguments in opposition to a "brief" submitted by the Terman Defendants, in this interim period between summary judgment and trial.[1]

In sum, the Terman Defendants' Request suffers from the same defects Hedgeye identified in opposing Dale's identical request. It is either an untimely attempt to file a new summary judgment motion or an untimely motion for reconsideration of this Court's summary judgment rulings. The Federal Rules of Civil Procedure permit neither. Accordingly, Hedgeye respectfully requests that the Court deny the Terman Defendants' Request for a pre-motion conference and proposed briefing schedule, without prejudice to Hedgeye's right to respond to the merits at the appropriate time.


Respectfully submitted,

*/s/ Eric A. Prager*

Eric A. Prager

cc:    All counsel via ECF

---

[1] Hedgeye also questions whether Terman has sufficient evidence to support her claimed damages on her defamation counterclaim against Hedgeye.