Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

June 26, 2026

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <em>Hedgeye Risk Management, LLC v. Dale</em>, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

Defendant Darius Dale respectfully replies to Hedgeye's letter of yesterday (Dkt. 1085), in which Hedgeye opposes Dale's request for a pre-motion conference and related briefing.

Hedgeye opposes addressing the issue of damages at this stage, suggesting instead that the matter simply be addressed at trial, at which Hedgeye claims it will present various unspecified damages theories and various unspecified evidence, none of which it has identified before, including in response to specific interrogatory requests and motions to compel. (Dkt. 1082 at 1). Hedgeye's sole justification for this inefficient way to proceed—which would require the parties to bear the costs of trial preparation and trial on a threshold issue that may well dispose of its claims—is its contention that Dale has not specified an applicable Federal Rule of Civil Procedure and seems to be replaying his Rule 56 summary judgment hand. As Hedgeye well knows, Dale relies on Federal Rule of Civil Procedure 37, which bars parties who have ignored discovery requests and motions to compel from switching gears and offering new damages theories, supported by newly specified evidence, at trial. Indeed, Dale's pre-motion letter cites two cases in which Southern District judges, acting under Rule 37, have barred plaintiffs who resisted discovery and failed to come forward with appropriate damages disclosures during fact discovery from pursuing new damages theories at trial, just as Hedgeye attempts here. (<em>Id.</em> at 2 (citing <em>Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.</em>, 331 F. Supp. 3d 221, 237-39 (S.D.N.Y. 2018), and <em>Hayden v. International Business Machines Corporation</em>, 2026 WL 1266014 at *4-12 (S.D.N.Y. May 8, 2026))). Hedgeye's argument that Dale waived these issues by not further addressing them on summary judgment is meritless, as Dale raised the issues in his summary judgment briefs (Dkt. 774 at 32 n.11; Dkt. 804 at 35-36), and the Court agreed that the issue required further attention (SJ Op. at 92 & n.14).

Moreover, Hedgeye's letter fails to rebut that its expert Thomas Britven's "avoided development costs" theory is inapplicable to contract claims and provides no reason why this purely legal issue cannot be resolved prior to trial.

The Honorable Andrew L. Carter, Jr.                                             Page 2
June 26, 2026

     Any other issues can be addressed in the proposed briefing, where they can be more suitably considered than in the midst of trial.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach