**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HEDGEYE RISK MANAGEMENT, LLC,**<br>**Plaintiff,**<br>**-against-**<br>**DARIUS DALE, STEVEN LAMAR, 42 MACRO, LLC, NADINE TERMAN, and CAPITAL, LLC,**<br>**Defendants.** | **1:21-cv-03687 (ALC) (RWL)**<br><br>**<u>OPINION & ORDER</u>** |

**ANDREW L. CARTER, JR., District Judge:**

Pending before the Court is Defendant Dale's motion for sanctions against Hedgeye for violation of Federl Rule of Civil Procedure 11. On May 5, 2026, Magistrate Judge Lehrburger issued a Report & Recommendation recommending that Defendant Dale's motion for Rule 11 sanctions be granted in part and denied in part. Specifically, Judge Lehrburger found the motion should be granted to the extent of finding that Hedgeye and its counsel violated Rule 11(b)(3) but should otherwise be denied with respect to imposing sanctions beyond that finding. For the reasons that follow, the Court adopts the Report and Recommendation in full over Hedgeye's objections. Defendant Dale's motion for Rule 11 sanctions is hereby **GRANTED in part and DENIED in part.**

## BACKGROUND

The Court presumes the parties' familiarity with the underlying facts in this case. A more complete summary of the facts can be found in this Court's September 30, 2025 Opinion and Order

on the parties' cross-motions for summary judgment. ECF Nos 997, 998. The procedural history relevant to this motion was documented in Judge Lehrburger's Report and Recommendation, to which the Hedgeye objects. ECF No. 1064 ("Report").

Relevant to the Hedgeye's objections, the Report analyzed whether Hedgeye and its counsel violated Rule 11(b)(3) and 11(b)(1) in connection with the Monthly Quads Claim and whether sanctions should be imposed under Rule 11(c). Judge Lehrburger concluded that Defendant Dale's motion for Rule 11 sanctions "should be granted to the extent of finding that Hedgeye and its counsel violated Rule 11(b)(3)" but "should be denied with respect to imposing sanctions beyond that finding." Report at 22. Hedgeye filed objections to the Report and Recommendation on May 19, 2026. *See* ECF No. 1070 ("Obj."). Defendant Darius Dale submitted an opposition to those objections on June 02, 2022. *See* ECF No. 1072.

## LEGAL STANDARDS

### I. Reviewing a Report and Recommendation

After a magistrate judge issues a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" in the district court. 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination to those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) ("If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made.'" (quoting 28 U.S.C. § 636(b)(1))). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2

(S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)).

If, however, "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [their] original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (internal citation omitted); *see also Colliton v. Donnelly*, No. 07 Civ. 1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) ("The vast majority of plaintiff's objections are patently frivolous and require no discussion."); *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) ("[W]here the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." (quoting *Gardine v. McGinnis*, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006))).

## DISCUSSION

In the Report, Magistrate Judge Robert W. Lehrburger analyzed whether Hedgeye had evidentiary support for an allegation made in Hedgeye's Fourth and Fifth Amended Complaints, specifically that Dale created, for Hedgeye's use, the "outline" for a model that would calculate quads on a monthly, rather than quarterly, basis. *See* Report at 11-17. This allegation arises from what an Assignment of Rights claim that Hedgeye brought for the first time in its fourth and fifth amended complaints following the completion of discovery and this Court's dismissal of Hedgeye Assignment of Rights claim as stated in its third amended complaint which did not include the allegations that Dale failed to return a monthly quad model (referred to as Hedgeye's "Monthly

Quads Claim").[1] Judge Lehrburger concluded that "Hedgeye violated Rule 11(b)(3) by alleging and maintaining the allegation that Dale breached his employment agreement by failing to assign a monthly quad model." *See* Report at 12. Relevant to his finding, Judge Lehrburger noted that Hedgeye brought this claim for the first time in its Fourth and Fifth Amended Complaints after the completion of fact discovery, that there was little factual or evidentiary support for this claim, and that Hedgeye's CEO McCullough's testimony completely undermined such a claim. *See* Report at 11-17. Nonetheless, Hedgeye persisted with this claim and refused to withdraw the claim when served with such a request and notice of a Rule 11 motion by Dale. *See* Report at 14.

Hedgeye objects to the finding that Hedgeye and its counsel violated Rule 11(b)(3), arguing such finding is contrary to the record evidence. *See* Obj. at 1. Hedgeye's objections argue that the Report was erroneous in multiple respects. First, Hedgeye argues the Monthly Quads Claim had evidentiary support when filed. *See* Obj. at 4-5. Second, Hedgeye argues the Report improperly finds a violation without considering all of McCullough's testimony. *See* Obj. at 5-10. Third, Hedgeye argues the Report misapplies the "utterly lacking in support" standard, applying a far more lenient threshold. *See* Obj. at 10. Last, Hedgeye argues the Report's own analysis of the sanctions factors undermines its finding of a violation. *See* Obj. at 10-11. The Court will discuss each of these arguments in turn.

---

[1] The Monthly Quads Claim in its entirety consists of a single paragraph, premised on CEO McCullough's knowledge, that reads as follows:

> ***In or about April 2020, while Dale was employed by Hedgeye, Dale presented Keith McCullough with the outline for a model that would provide monthly quad calculations, rather than the quarterly quad calculations Hedgeye provided to its subscribers at that time.*** 42 Macro now offers its subscribers monthly quad calculations, which upon information and belief are based on the monthly model Dale created while he was at Hedgeye and offered to Keith McCullough. Dale never returned any model capable of calculating quads on a monthly basis. Dale's failure to return this model to Hedgeye, a model created while Dale was employed by Hedgeye, is a violation of the Assignment of Rights provision of his Employment Agreement. Fifth Amended Complaint ¶ 150 (emphasis added).

## I. Whether the Monthly Quads Claim Had Evidentiary Support When Filed

Hedgeye argues that the Report "acknowledges that Hedgeye's claim was based on documentary evidence" and that Hedgeye objects because the Report "recognizes that the documentary evidence provided" the evidentiary support required by Rule 11(b)(3). *See* Obj. at 4. Hedgeye mischaracterizes Judge Lehrburger's reasoning and finding. The Report acknowledged what Hedgeye references to support the Monthly Quads Claim: (1) an email from Dale to McCullough dated April 30, 2020, including a roman-numerated list of quad outputs by month for twelve months; (2) an email from Dale to a third party dated April 29, 2020 with similar information; (3) an April 29, 2020, Hedgeye post authored by Dale providing the same or similar information; and (4) Dale's own deposition testimony stating that Hedgeye "did not have the technical expertise to create a monthly quad product." Report at 13. Judge Lehrburger then provided that "[e]ven if Hedgeye reasonably believe that those evidentiary touch-points justified assertion of its Monthly Quds Claim in the Fourth and Fifth Amended Complaints, no reasonable attorney or party could have maintained such a belief in the face of McCullough's subsequent deposition testimony" which "thoroughly belied Hedgeye's Monthly Quads Claim." Report at 13. This does not concede that there was sufficient documentary evidence at to the Monthly Quads Claim. Indeed, the Report notes "the Monthly Quads Claim was based on the thinnest of reeds." *Id*.

Other than incorrectly arguing Judge Lehrburger stated the Monthly Quads Claim had evidentiary support, Hedgeye's provides no other reasoning as to how the documentary evidence supporting this claim was sufficient. For the reasons discussed in the Report regarding the lack of evidentiary support for the factual contentions in the Monthly Quads Claim and for reasons

discussed further below in regards to McCullough's testimony, the Court comes to the same conclusions in the Report. As such, Hedgeye's objection is overruled.

### II. Whether the Report Improperly Finds a Violation Without Considering All of McCullough's Testimony

Hedgeye next objects to the Report's conclusion that "no reasonable attorney or party could have maintained such a belief in the fact of McCullough's subsequent deposition testimony," arguing this finding is incorrect. Obj. at 5 (citing Report at 13 (internal quotations omitted)). Hedgeye provides that Rule 11 "does not require counsel to abandon a claim every time a witness's testimony could be read as inconsistent with a pleading" and argues that the Report "mischaracterizes McCullough's testimony as an unambiguous repudiation of the Monthly Quads Claim." Obj. at 5.

As relevant here, the Report acknowledges McCullough's testimony that he "could not recall any specific encounter with Dale in April 2020, or any specific outline presented by Dale." Report at 5. But, as noted in the Report, "McCullough testified that it was ***McCullough*** who invented the idea of the monthly quads, as well as a method for calculating them, years prior to April 2020, and that whatever Dale presented to McCullough in April 2020 was nothing new." *See id*. (emphases in original). Hedgeye claims that the Report failed to consider all of McCullough's testimony and that Judge Lehrburger's finding rests on an ambiguity arising from the difference between "outline" and a "calculator" for the model. Obj. at 6-8. Hedgeye argues that the correct interpretation of McCullough's testimony should be that McCullough may have come up with the idea but that Dale created the methodology to implement that idea and make the monthly calculations. Report at 7. However, as Defendants provide, "McCullough repeatedly testified that Hedgeye always had the ability to make monthly quad calculations, even before Dale was

employed." ECF No. 1072 at 14. The testimony Hedgeye points to, arguing Judge Lehrburger overlooked, is McCullough testifying that Dale "updated this monthly quad projection." Obj. at 9. This testimony is not sufficient documentary evidence supporting the inference that Dale created an outline or calculator. This is especially so following testimony from Hedgeye's own CEO "controverting the allegation that Dale had presented him with a monthly quad model that Hedgeye did not already have." Report at 14.

The Court also rejects Hedgeye's characterization of McCullough's testimony as being misperceived as inconsistent because of a semantic distinction between "outline" and "calculator." Contrary to Hedgeye's assertion that the Report "does not take into account what McCullough meant" by the word "outline," *see* Obj. at 6, Judge Lehrburger expressly addressed Hedgeye's argument about the "semantic distinction" about "Dale presenting McCullough with an 'outline' of a monthly quad model, as compared to McCullough's use of the term 'calculator.'" Report at 15, n. 9. As Judge Lehrburger provided, McCullough "repeatedly rejected [the] notion" that he and Dale "had conversations regarding publishing monthly quad outputs that Dale was able to formulate while using a different calculator than the one for the quarterly quad model." (internal quotations and citations omitted).

As Judge Lehrburger noted, "any suggestions that Dale may have created a monthly quad calculator that differed from what was already embedded within Hedgeye's model was purely speculative—McCullough had never seen such a model and simply assumed it might exist because 'Darius Dale would never present any data without a model.'" Report at 6 (citing McCullough Dep. Tr. at 28)). Following McCullough's testimony, "[w]hatever inference Hedgeye or its lawyers had previously drawn could no longer be advanced in good faith." Report at 14. This Court made similar findings regarding the Monthly Quads Claim in its summary judgment decision issued on

September 30, 2025. *See* ECF No. 997 ("SJ Order"). Regarding the Monthly Quads Claim, this Court found that "Hedgeye solely cites to the conclusory statement that 42 Macro's model is a 'a model Dale created while he was employed by Hedgeye' with no additional support." SJ Order at 87 (internal citations omitted). Further, this Court provided that in Hedgeye's opposition to Defendant Dale's motion for summary judgment, "Hedgeye misrepresent[ed] the factual situation, stating that Dale 'showed the model he had developed' to McCullough without any support for such." *Id*. (internal citations omitted). As such, the Court reaches the same conclusions as Judge Lehrburger regarding the impact of McCullough's testimony on Hedgeye's Monthly Quds Claim. Hedgeye violated Rule 11(b)(3) by continuing to advance factual contentions with no evidentiary support. *See* Report at 14-16 (citing and discussing string of cases finding Rule 11 violations where counsel persisted in allegations contracted by their own clients' admissions or who refused to withdraw such claims after learning they were false). Hedgeye's objection is overruled[2].

## III. Whether the Report Applies a Standard Lower Than "Utterly Lacking in Support"

Hedgeye's third objection is that the Report "applies a far more lenient threshold" than required by Rule 11. *See* Obj. at 10. Hedgeye argues that "the Monthly Quads Claim was supported by contemporaneous documentary evidence," and that "[t]he dispute concerned the interpretation of testimony—whether McCullough's references to existing 'calculators' negated the claim that Dale had presented an 'outline' for a monthly quad model." *See id*. Hedgeye's objects on the basis that this "semantic disagreement" is "not the kind of baseless fabrication that Rule 11 is designed

[2] The Court also declines Hedgeye's request that this Court consider additional evidence. *See* Obj. at 8-9. Such consideration is discretionary. *See* 28 U.S.C. § 636(b)(1)(C) (the Court "may" receive further evidence). In any event, the additional testimony is unpersuasive and does not alter the Court's analysis.

to prevent and punish." For reasons already discussed above, Hedgeye's objection is unpersuasive and overruled.

## IV. Whether the Report's Analysis of the Sanctions Factors Undermines its Finding of a Violation

Hedgeye's last objection is that the Report's "analysis of whether sanctions should be imposed is notably favorable to Hedgeye" and "undercuts the propriety of finding a violation at all." Obj. at 10. Hedgeye's objection is unpersuasive. Althoguh Judge Lehrburger found that Hedgeye did not violate 11(b)(1), he found that Hegdeye violated 1(b)(3). A Rule 11(b) finding is separate from a imposition of sanctions under Rule 11(c). As Judge Lehrburger noted, "[i]f a court determines that Rule 11(b) has been violated, Rule 11(c) authorizes, but does not require, the court to 'impose an appropriate sanction.'" Report at 20 (citing Fed. R. Civ. P. 11(c)(1)). Judge Lehrburger's analysis of the sanctions factors is thus separate from the finding of whether a violation occurs first. A Rule 11(b) violation is appropriate here for reasons discussed above and detailed further in Judge Lehrburger's Report. Accordingly, Hedgeye's objection is overruled.

## CONCLUSION

The Court has reviewed Magistrate Judge Lehrburger's Report and Recommendation and comes to same conclusions. Accordingly, the Court adopts Judge Lehrburger's Report and Recommendation in its entirety. Hedgeye's objections are hereby **OVERRULED**. Defendant Dale's motion for Rule 11 sanctions is **GRANTED in part and DENIED in part**. The Court adopts Judge Lehrburger's finding that Hedgeye and its counsel violated Rule 11(b)(3) but declines to extend sanctions beyond that finding. The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 1023 and 1070.

**SO ORDERED.**

**Dated**: **September 29, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**