VENABLE LLP

151 WEST 42ND STREET 49TH FLOOR NEW YORK, NY 10036
T 212.307.5500 F 212.307.5598 www.Venable.com

October 30, 2026

Eric A. Prager

**T 212.503.9813**
**F 212.307.5598**
**EAPrager@Venable.com**

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Hedgeye Risk Management, LLC v. Dale, et al.*, No. 1:21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

We represent Plaintiff Hedgeye Risk Management, LLC ("Hedgeye") in the above-captioned matter. We write in response to the October 16, 2026 letter filed by Defendants Darius Dale, Steven Lamar, and 42 Macro (the "Dale Defendants") requesting that the Court unseal its September 30, 2025 summary judgment Opinion and Order (Dkt. 998, the "Sealed Summary Judgment Opinion and Order"). *See* Dkt. 1110 (the "Dale Defendants' Request").

By way of brief background, on September 29, 2026, this Court issued its Opinion and Order (Dkt. 1108, the "Sealing Order") regarding the parties' representative objections to Judge Lehrburger's sealing determinations as they related to the parties' summary judgment and *Daubert* motions. On October 16, 2026, the Dale Defendants asked the Court to unseal its Sealed Summary Judgment Opinion and Order, stating that "[t]he Court's recent ruling on Hedgeye's objections to Judge Lehrburger's sealing orders appears to resolve any contested issues." Dale Defendants' Request at 1.

Hedgeye disagrees with the Dale Defendants' position. As this Court is aware, the parties in this action have filed a large volume of papers briefing their summary judgment and *Daubert* motions, much of which has been filed under seal or redacted due to the confidential and proprietary nature of the content disclosed in the briefing and related exhibits. Indeed, given the confidential nature of the parties' filings, as well as the potential dispositive impact unsealing the contents of the papers would have, Magistrate Judge Lehrburger ruled that the parties may wait to re-file those papers in accordance with the Court's sealing determinations "at the end of the case." Dkt. 955 at 5 n.1. Last month, this Court also overruled the Dale Defendants' objection to Judge Lehrburger's decision as to the timing of re-filing. *See* Sealing Order at 17-19.

Nevertheless, on October 16, 2026, the Dale Defendants filed a letter with this Court requesting that the Sealed Summary Judgment Opinion and Order be filed publicly on the docket, even though it contains the same redacted confidential and proprietary information that is disclosed

VENABLE LLP



in the parties' summary judgment and *Daubert* briefs, which this Court has agreed may be re-filed at the end of the case. In their request, the Dale Defendants referenced the parties' October 28, 2025 letter detailing their proposals for redacting the Sealed Summary Judgment Opinion and Order should it be filed on the public docket. *See* Dkt. 1031 (the "Joint Sealing Proposal").

Hedgeye has since advised the Dale Defendants that although Hedgeye believes that no public interest is harmed in waiting until the end of the case to unseal the Sealed Summary Judgment Opinion and Order, Hedgeye does not oppose its public filing, subject to the limited redactions reflected on pages 33 and 80 of the version of the Sealed Summary Judgment Opinion and Order submitted simultaneously to this Court via e-mail. Hedgeye believes that its requested redactions on pages 33 and 80 of the Sealed Summary Judgment Opinion and Order comport with this Court's Sealing Order, as they reference terms that this Court has agreed Hedgeye may redact. Hedgeye otherwise withdraws its previously proposed redactions on pages 25 and 68.

Hedgeye notes for the Court that its proposed redactions on page 80 of the Sealed Summary Judgment Opinion and Order include an additional proposal not included in its original proposal for sealing as noted in the Joint Sealing Proposal. However, the additional redaction proposed references a quote in the Dale Defendants' motion for summary judgment that is currently redacted on the public docket, and Hedgeye has maintained its position that it should remain under seal because it references Hedgeye's confidential information, including the impact of Hedgeye's methodological processes, which this Court has permitted to remain under seal. Moreover, Hedgeye's proposed redactions concern confidential and proprietary information, the unsealing of which would be dispositive of Hedgeye's trade secret and contractual confidentiality claims as to that information, and would eliminate Hedgeye's ability to appeal this Court's ruling on those claims .

Accordingly, Hedgeye respectfully requests that to the extent the Court decides to publicly file the Sealed Summary Judgment Opinion and Order at this time, it does so with Hedgeye's limited redactions proposed on pages 33 and 80.

Respectfully submitted,

/s/ *Eric A. Prager*

Eric A. Prager

cc: All counsel via ECF