Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

November 2, 2026

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Hedgeye Risk Management, LLC v. Dale*, No. 21-cv-3687 (ALC) (RWL)

Dear Judge Carter:

The Dale Defendants respectfully submit this response to Hedgeye's October 30, 2026 letter (Dkt. 1115), concerning the unsealing of the Court's summary judgment opinion.

No purpose is served in delaying the unsealing of the summary judgment opinion, and Hedgeye has provided no good reason to justify any further delay. The parties have reached agreement on all appropriate redactions, with the exception of only a tiny few: a few discrete fragments of text on two pages of the opinion (pages 33 and 80). Unsealing with due haste is required by Second Circuit law, which regards summary judgment rulings as trial equivalents and thus as carrying a heightened right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122-27 (2d Cir. 2006) ("each passing day" "may constitute a separate and cognizable infringement of the First Amendment," and "long delays in adjudication based on secret documents" impede "the public's ability to properly monitor the work of the courts.").

Even Hedgeye recognizes that its request for prolonged and indefinite sealing until the end of this case may be a bridge too far. It thus proposes, as an alternative, unsealing the opinion without further delay, subject to redactions the parties have already agreed upon, in addition to the limited redactions Hedgeye now proposes on pages 33 and 80.

The Dale Defendants object to the redactions Hedgeye proposes on pages 33 and 80 because they do not pertain to any formulas, detailed or proprietary information, or trade secrets. None justifies sealing. Indeed, one sentence on page 80 that Hedgeye now seeks to redact and seal was not even included among Hedgeye's redaction requests submitted over a year ago, when Hedgeye was insisting upon numerous overly broad redactions and the Court had yet to limit what Hedgeye could do. That the Dale Defendants redacted certain language in one of their prior submissions (Hedgeye Ltr. at 2) is of no significance, since the Dale Defendants were required to do so at Hedgeye's request and over their objection.

In connection with this letter, Defendants will email the Court a copy of the summary judgment opinion indicating Hedgeye's proposed redactions on page 33 and 80 *in red*, and the

Dale Defendant's proposed narrowing of those redactions *in green*. The parties have otherwise agreed on all appropriate redactions, which are indicated in yellow throughout the document. Thus, upon resolution of the limited remaining dispute, the Court can publish its summary judgment opinion.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach